1   Bret A. Stone (State Bar No. 190161)
    John R. Till (State Bar No. 178763)
2   PALADIN LAW GROUP® LLP
    3757 State Street, Suite 201
3   Santa Barbara, California 93105
    Telephone: (805) 898-9700
4   Facsimile: (805) 880-0499

5   *Counsel for Plaintiffs*

FILED

JAN 2 8 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

6                  **IN THE UNITED STATES DISTRICT COURT**

7              **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

8

9   ESTATE OF VIOLA B. SPAULDING;     Case No.
    FLORENCE SPAULDING, trustee;
    LYNN SPAULDING, doing business as  **COMPLAINT FOR:    0672**
10  Spaulding Enterprises; and TINA
    SPAULDING WARD, doing business as       1. Abatement of an Imminent and
11  Spaulding Enterprises, THE          Substantial Endangerment;
    CONSERVATORSHIP OF EILEEN               2. Cost Recovery CERCLA § 107(a);
12  SPAULDING,                              3. Contribution CERCLA § 113(f);
                                            4. Abatement of a Public Nuisance;
13                          *Plaintiffs,*   5. Abatement of a Public Nuisance
                                        *Per Se*;
14              *v.*                        6. Abatement of a Private Nuisance;
                                            7. Abatement of a Private Nuisance
15  YORK CLEANERS, INC., a dissolved    *Per Se*;
    California Corporation; ESTATE OF       8. Continuing Trespass;
16  BARNARD LEWIS, DECEASED;            9. Negligence;
    DAVID VICTOR LEWIS, an             10. Negligence *Per Se*;
17  individual; ONE-HOUR               11. Ultrahazardous Activity
    MARTINIZING, an Ohio corporation;  12. Contribution;
18  SETH R. DOLE, an individual; and   13. Contribution Under the
    RUTH DOLE, an individual; and DOES Hazardous Substance Account Act;
19  1 through 100,                     14. Equitable Indemnity;
                                        15. Breach of Contract;
20                          *Defendants.*  16. Waste;
                                        17. Intentional Infliction of
21                                      Emotional Distress;
                                            18. Negligent Infliction of Emotional
22                                      Distress;
                                            19. Fraud and Concealment
23                                          20. Declaratory Relief
24

25

26                                      Jury Trial Demanded

27

28

-1-
COMPLAINT BY SPAULDING

Plaintiffs Estate of Viola B. Spaulding, Florence Spaulding, Lynn Spaulding doing business as Spaulding Enterprises, Tina Spaulding Ward doing business as Spaulding Enterprises, and the Conservatorship of Eileen Spaulding (collectively, "Spaulding") bring this action against Defendants York Cleaners, Inc., Estate of Barnard Lewis, Deceased, David Victor Lewis, One Hour Martinizing, Seth R. Dole, and Ruth Dole (collectively, "Defendants"), and DOES 1-100, inclusive, allege upon knowledge as to their own acts, and upon information and belief as to the acts of all others, as follows:

## NATURE OF THE ACTION

1.    Spaulding files this third party action in defense of claims against it made by the California Regional Water Quality Control Board – San Francisco Bay Region ("RWQCB") in order to avoid or minimize its alleged liability associated with responding to soil and groundwater contamination.

2.    The area of contamination for which Spaulding seeks relief is in and around 31 Miller Avenue, Mill Valley, Marin County, California (the "Site").

3.    The RWQCB directed Spaulding to conduct an investigation of soil and groundwater. Spaulding contests the allegations that it is liable for the alleged soil and groundwater contamination.

## PARTIES

### *Plaintiffs*

4.    Estate of Viola B. Spaulding is the former owner of 25-37 Miller Avenue, Mill Valley, Marin County, California (the "Property").

5.    Florence Spaulding is a trustee of the Estate of Viola B. Spaulding.

6.    Lynn Spaulding, doing business as Spaulding Enterprises, is one of the current owners of the Property and the successor in interest to Estate of Viola B. Spaulding Trust.

7.    Tina Spaulding Ward, doing business as Spaulding Enterprises, is one of the current owners of the Property and the successor in interest to Estate of Viola B. Spaulding Trust.

1    8.    The Conservatorship of Eileen Spaulding (also known as The Eileen

2    Spaulding 2000 Revocable Trust dated February 2, 2001) is one of the current owners

3    of the Property and the successor in interest to Estate of Viola B. Spaulding Trust.

4                                   ***Defendants***

5    9.    York Cleaners, Inc., is a dissolved California corporation that operated a

6    dry-cleaning business at the Property from approximately 1977 until it dissolved in

7    1987.

8    10.    Estate of Barnard Lewis, Deceased, is named as a defendant herein pursuant

9    California Code of Civil Procedure section 377.40 to the extent of the estate's assets and

10   pursuant to California Probate Code sections 550 through 555 to establish the decedent's

11   liability for which he was protected by certain liability insurance policies.  Barnard

12   Lewis first operated a dry-cleaning business at the Property under the One Hour

13   Martinizing franchise in or around the 1960s and then independently operated the dry-

14   cleaning business as "York Cleaners."  Barnard Lewis died on December 30, 2007.

15   11.    David Victor Lewis is an individual who operated a dry-cleaning business

16   at the Property known as "York Cleaners."  On information and belief, David Victor

17   Lewis is his father's, Barnard Lewis, personal representative or successor in interest.

18   12.    One Hour Martinizing is an Ohio corporation, which franchised its dry-

19   cleaning operations at the Property to Barnard Lewis, Seth R. Dole, and Ruth Dole in or

20   around the 1960s.

21   13.    Seth R. Dole is an individual who operated a dry-cleaning business at the

22   Property under the One Hour Martinizing franchise in or around the 1960s.

23   14.    Ruth Dole is an individual who operated a dry-cleaning business at the

24   Property under the One Hour Martinizing franchise in or around the 1960s.

25   15.    The true names and capacities, whether individual, corporate, associate, or

26   otherwise, of defendants Does 1 through 100 are unknown to Spaulding at this time, and

27   Spaulding's claims are asserted against such defendants using fictitious names, pursuant

28   to Section 474 of the California Code of Civil Procedure.  When the true names and

-3-
COMPLAINT BY SPAULDING

1 capacities of said Doe defendants have been ascertained, Spaulding will amend this

2 Complaint accordingly.

3 **JURISDICTION, VENUE, AND NOTICE**

4     16.    This Court has jurisdiction over the subject matter of Spaulding's First

5 Cause of Action pursuant to Section 7002(a) of the Resource Conservation and Recovery

6 Act ("RCRA"), 42 U.S.C. § 6972(a), Second and Third Causes of Action pursuant to

7 sections 107 and 113 of the Comprehensive Environmental Response, Compensation and

8 Liability Act ("CERCLA"), 42 U.S.C. §§ 9607 and 9613. In addition, this Court has

9 jurisdiction over Spaulding's Nineteenth Cause of Action under the federal Declaratory

10 Judgment Act, 28 U.S.C. § 2201; and 28 U.S.C. § 1331.

11     17.    This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over the

12 Fourth through Eighteenth Causes of Action because those claims are so related to the

13 federal claim in this action that they form the same case and controversy under Article

14 III of the U.S. Constitution.

15     18.    Venue is proper in this Court pursuant to Section CERCLA § 113(b)

16 because the release and damage occurred in this district. Furthermore, venue is proper

17 in this Court pursuant to Section 7002(a) of RCRA, 42 U.S.C. § 6972(a), and 28 U.S.C.

18 § 1391(b) because the actual and threatened endangerment, injury and damage at issue

19 are taking place and have taken place in this district.

20     19.    Plaintiffs provided notice of the actual and threatened endangerment, injury

21 and damage alleged herein in their Notices of Endangerment to: (a) the Administrator

22 of the United States Environmental Protection Agency ("U.S. EPA"); (b) the State of

23 California; and (c) each of the Defendants.

24     20.    Plaintiffs waited at least ninety (90) days after receipt of the Notices of

25 Endangerment by each of the Defendants before filing this action.

26     21.    Plaintiffs have satisfied all jurisdictional prerequisites to filing this

27 Complaint.

28 ///

**GENERAL ALLEGATIONS**

22.    Tetrachloroethylene ("PCE") is an industrial solvent that is used in dry-cleaning processes.    Common synonyms for PCE include perc, perchlor, carbon bichloride, carbon dichloride, ethylene tetrachloride, perchloroethylene, perclene, perk, 1,1,2,2-tetrachloroethylene, and tetrachloroethene.

23.    Over time, under anaerobic conditions present in the groundwater, reductive dechlorination of chlorinated solvents naturally occurs according to the following sequence:    PCE degrades to trichloroethylene, which in turn degrades to 1,2 dichloroethene, which in turn degrades to vinyl chloride, which finally degrades to ethene.

24.    PCE is a "hazardous substance" as that term is defined in federal law, 42 U.S.C. § 9601(14), and state law, Cal. Health & Safety Code § 25281(g).    PCE is also a "solid waste" and "hazardous waste" as those terms are defined in federal law, 42 U.S.C. § 6903(5), (27).

25.    The RWQCB directed that Spaulding prepare a work plan for soil gas, soil and groundwater investigation to fully delineate the alleged contamination.

26.    Preliminary soil vapor tests indicate elevated levels of PCE are present in the vicinity of the Site.

27.    Defendants negligently, suddenly, or accidentally caused or contributed to the presence of PCE in the environment in, at, and around the Site, including the waters of the State of California, because each Defendant released or otherwise discarded PCE, or controlled the property from which PCE was released or otherwise discarded, but failed to prevent or abate this alleged contamination.

28.    As a result of Defendants' releases of "hazardous substances," "solid waste," and "hazardous waste," Spaulding has incurred and will continue to incur response costs in order to investigate and remediate the contamination.

29.    On information and belief, all surface water and groundwater within the State of California, including the surface water and groundwater in, at, and around the

Site, and all surface water and groundwater that has been, and that may be, adversely impacted by contamination at and emanating the Site is "water of the state" pursuant to California Water Code § 13050(e).

## FIRST CAUSE OF ACTION
### (Abatement of an Imminent and Substantial Endangerment – RCRA § 7002(a)(1)(B))
### (Against All Defendants)

30.    Spaulding realleges and incorporates by reference the allegations set forth above in paragraphs 1 through 29, inclusive, as though set forth in full herein.

31.    Section 7002(a)(1)(B) of RCRA, 42 U.S.C. § 6972(a)(1)(B), under which Spaulding Plaintiff brings this action, is RCRA's citizen enforcement provision.

32.    Any person may bring a lawsuit under RCRA § 7002(a)(1)(B) when: (a) a "solid or hazardous waste" (b) "may present an imminent and substantial endangerment to health or the environment" and (c) the defendant falls within one of the categories of entities that Congress declared liable for taking abatement action or "such other action as [this Court determines] may be necessary."

33.    The persons declared liable by Congress for abatement of potential endangerments under RCRA § 7002(a)(1)(B) are entities that contributed to "past or present handling, storage, treatment, transportation, or disposal" of the "hazardous wastes" and "solid wastes" at issue.    Pursuant to the express terms of RCRA § 7002(a)(1)(B), these entities specifically include "any past or present generator, past or present transporter, or past or present owner or operator of a treatment, storage, or disposal facility."

34.    Under RCRA § 1004(27), 42 U.S.C. § 6903(27), "solid waste" is "discarded material, including solid, liquid, semisolid, or contained gaseous material resulting from industrial, commercial, mining, and agricultural operations, and from community activities." The term, however, does not include "solid or dissolved material in domestic sewage, or solid or dissolved materials in irrigation return flows or industrial discharges which are point sources subject to permits under Section 1342 of Title 33. . . ."

1   35.   None of the discharges from any of the Defendants is solid or dissolved

2   material in domestic sewage, or solid or dissolved materials in irrigation return flows or

3   industrial discharges which are point sources subject to permits under Section 1342 of

4   Title 33.

5   36.   Under Section 1004(5) of RCRA, 42 U.S.C. § 6903(5), "hazardous waste"

6   is "a solid waste, or combination of solid wastes, which because of its quantity,

7   concentration, or physical, chemical, or infectious characteristics may . . . pose a

8   substantial present or potential hazard to human health or the environment when

9   improperly treated, stored, transported or disposed of, or otherwise managed."

10   37.   Under Section 1004(3) of RCRA, 42 U.S.C. § 6903(3), "disposal" means

11   "the discharge, deposit, injection, dumping, spilling, leaking, or placing of any solid

12   waste or hazardous waste into or on any land or water so that such solid waste or

13   hazardous waste or any constituent thereof may enter the environment or be emitted into

14   the air or discharged into any waters, including ground waters."

15   38.   Pursuant to authority under Section 3001 of RCRA, 42 U.S.C. § 6921, the

16   Administrator of the U.S. E.P.A. promulgated regulations at 40 C.F.R., Part 261 listing

17   or identifying certain hazardous wastes that the Administrator elects to subject to the

18   strict regulatory program established in Subtitle III of RCRA, 42 U.S.C. §§ 6921-6931.

19   Pursuant to RCRA § 7006(a)(1), 42 U.S.C. § 6976(a)(1), any RCRA hazardous waste

20   finally so "listed or identified" by the Administrator following formal, "notice and

21   comment" rule-making as being subject to the hazardous waste regulatory program set

22   forth in Subtitle III of RCRA, has been finally and conclusively determined for all

23   purposes of any RCRA enforcement action, including the instant one, to be a "hazardous

24   waste"   as   defined   by   RCRA   §   1004(5).      However,   for   purposes   of

25   RCRA § 7002(a)(1)(B) citizen suits, substances also qualify as "hazardous wastes" and

26   "solid wastes" when the above statutory definitions (*i.e.*, those set forth in RCRA §§

27   1004(5) and (27)) are met.  (40 C.F.R. § 261.1(b)(2).)

28   39.   Spaulding and each Defendant are each a "person" within the meaning of

1  RCRA § 1004(15), 42 U.S.C. § 6903(15).

2      40.    PCE released into the environment by Defendants is a solid waste because

3  it is a discarded material resulting from commercial operations.

4      41.    PCE released into the environment by Defendants is a "hazardous waste"

5  because of its concentration, or physical or chemical characteristics, its poses a

6  substantial present or potential hazard to human health or the environment when

7  improperly treated, stored, transported, disposed of, or otherwise managed.

8      42.    Each of the Defendants caused or contributed to the past or present

9  handling, storage, treatment, transportation, or disposal of "solid wastes," "hazardous

10  wastes," "wastes," and "hazardous substances" in the environment in, at, and around the

11  Site, including the waters of the State of California, because each Defendant released or

12  otherwise discarded PCE or controlled the property from which PCE was released or

13  otherwise discarded, but failed to prevent or abate this "solid waste," "hazardous waste,"

14  "waste," and "hazardous substance" contamination.

15      43.    The presence of PCE in the soil, saturated subsurface zone, and in the

16  groundwater in, at, and around the Site may present an imminent and substantial

17  endangerment to human health or the environment.

18      44.    The Defendants' liability for such relief as the Court may determine

19  appropriate and necessary under RCRA § 7002(a)(1)(B), 42 U.S.C. § 6972(a)(1)(B), is

20  strict, joint and several.

21      45.    Spaulding is entitled to relief under RCRA § 7002(a), 42 U.S.C. § 6972(a),

22  restraining the Defendants and requiring each of them, jointly and severally, to take such

23  action, including a complete, timely and appropriate investigation and abatement of all

24  actual and potential endangerments arising from the released solid wastes and hazardous

25  wastes at and emanating from the Site.

26

27

28  / / /

-8-

## SECOND CAUSE OF ACTION
### (Cost Recovery – CERCLA § 107(a)
### (Against All Defendants)

46.     Spaulding realleges and incorporates by reference the allegations set forth above in paragraphs 1 through 45, inclusive, as though set forth in full herein.

47.     Defendants used, processed, produced, stored, treated, and/or generated hazardous substances in the course of their dry-cleaning operations at the Site.

48.     Defendants caused or contributed to the spilling, leaking, disposal, and release of hazardous substances during their dry-cleaning operation at the Site thereby creating a condition of hazardous substance contamination at the Site.

49.     As a result of the condition of hazardous substance contamination at the Site, Spaulding undertook various response actions and have incurred various response costs in connection with the hazardous substances at the Site.

50.     Defendants transported or arranged for transport of hazardous substances which it owned or possessed to the Site, and stored, treated, and disposed of hazardous substances at the Site, and otherwise owned, handled, operated the Site during the time that hazardous substances were disposed of at the Site. Defendants are thereby jointly and severally liable under section 107(a) of CERCLA § 107(a), 42 U.S.C. § 9607(a).

51.     The Site is a "facility," as that term is defined in CERCLA § 101(9), 42 U.S.C. § 9601(9).

52.     A "release" or threatened release of a "hazardous substance," as those terms are defined in CERCLA §§ 101(22), (14), 42 U.S.C. §§ 9601(22), (14), has occurred at the Site.

53.     Spaulding did not cause or contribute to the environmental contamination at the Site and denies that it is liable for costs incurred as the result of the alleged release or threatened release of hazardous substances at the Site. However, in the interest of an expeditious cleanup and acting in good faith, Spaulding has incurred and continues to incur response costs to investigate, remove, and remediate the environmental contamination at the Site consistent with the National Contingency Plan.

1    54.    Defendants are strictly liable to Spaulding for the costs referred to above

2    and for interest on those costs pursuant to CERCLA § 107(a), 42 U.S.C. § 9607(a).

3                          **THIRD CAUSE OF ACTION**
                    **(Contribution – CERCLA § 113 (f)**
4                        **(Against All Defendants)**

5    55.    Spaulding realleges and incorporates by reference the allegations set forth

6    above in paragraphs 1 through 54, inclusive, as though set forth in full herein.

7    56.    Spaulding did not cause or contribute to the environmental contamination

8    at the Site and denies that it is liable for costs incurred as the result of the alleged release

9    or threatened release of hazardous substances at the Site. However, in the interest of an

10   expeditious cleanup and acting in good faith, Spaulding has incurred and continues to

11   incur response costs to investigate, remove, and remediate the environmental

12   contamination at the Site consistent with the National Contingency Plan.

13   57.    Defendants are liable to Spaulding for contribution under CERCLA §

14   113(f), 42 U.S.C. § 9613(f), for some or all amounts that Spaulding has incurred and

15   may in the future incur, as the result of the release or threatened release of hazardous

16   substances from the Site, in that Defendants are liable for response costs under CERCLA

17   § 107(a), 42 U.S.C. § 9607(a).

18                         **FOURTH CAUSE OF ACTION**
                      **(Abatement of a Public Nuisance)**
19                        **(Against All Defendants)**

20   58.    Spaulding realleges and incorporates by reference the allegations set forth

21   above in paragraphs 1 through 57, inclusive, as though set forth in full herein.

22   59.    Section 3479 of the Civil Code defines a "nuisance," in relevant part, as

23   "[a]nything which is injurious to health, . . . or is indecent or offensive to the senses, or

24   an obstruction to the free use of the property, so as to interfere with the comfortable

25   enjoyment of life or property, or unlawfully obstructs the free passage or use, in the

26   customary manner, of any navigable lake, or river, bay, stream, canal or basin."

27   60.    Section 3480 of the Civil Code defines a "public nuisance" as: "[o]ne

28   which affects at the same time an entire community or neighborhood, or any

1  considerable number of persons, although the extent of the annoyance or damage
2  inflicted upon individuals may be unequal."

3   61.   Section 3483 of the Civil Code states that "[e]very successive owner of
4  property who neglects to abate a continuing nuisance upon, or in the use of, such
5  property, created by a former owner, is liable therefor in the same manner as the one who
6  first created it."

7   62.   Defendants caused or contributed to the past or present handling, storage,
8  treatment, transportation, or disposal of "solid wastes," "hazardous wastes," "wastes,"
9  and "hazardous substances" in the environment in, at, and around the Site, including the
10  waters of the State of California, because each Defendant released or otherwise
11  discarded PCE during their dry-cleaning operations or controlled the property from
12  which PCE was released or otherwise discarded, but failed to prevent or abate this "solid
13  waste," "hazardous waste," "waste," and "hazardous substance" contamination.

14   63.   Defendants' acts and omissions in causing and contributing to releases of
15  "solid wastes," "hazardous wastes," "wastes," and "hazardous substances" in, at, and
16  around the Site create a condition that is injurious to health, is indecent or offensive to
17  the senses, and is an obstruction to the free use of a "stream" and a "basin," namely
18  Arroyo Corte Madera Del Presidio Creek and the aquifer underlying the Site.

19   64.   The public nuisance condition and related endangerments to health and the
20  environment arising from released hazardous substances in, at, around the Site affects
21  the entire surrounding community because it interferes with the free use and enjoyment
22  of publicly-owned property and natural resources, including surface water and
23  groundwater within and downgradient of the Site.

24   65.   Defendants have caused, created, maintained, contributed to, and neglected
25  to abate a "public nuisance," as defined in Civil Code §§ 3479 and 3480, namely the
26  potential endangerments to health and the environment created by the "solid waste,"
27  "hazardous waste," "waste," or "hazardous substance" contamination at the Site.

28   66.   Spaulding has suffered special injury and damages as a direct and proximate

1  result of the contamination at and emanating from the Site as the public nuisance has
2  damaged Spaulding's property and the surface water and groundwater beneath and
3  around it.

4      67.   Spaulding has demanded that Defendants abate the nuisance complained
5  of, and hereby reiterate that demand.

6      68.   Defendants are strictly and jointly and severally liable for abatement of the
7  public nuisance.

8      69.   Spaulding is entitled to relief restraining Defendants and requiring each of
9  them, jointly and severally, promptly and competently to take such action as may be
10 necessary to abate the public nuisance at issue and for reimbursing Spaulding for all
11 response costs incurred and to be incurred at the Site.

12                    **FIFTH CAUSE OF ACTION**
                   **(Abatement of a Public Nuisance *Per Se*)**
13                   **(Against All Defendants)**

14      70.   Spaulding realleges and incorporates by reference the allegations set forth
15 above in paragraphs 1 through 69, inclusive, as though set forth in full herein.

16      71.   The release or disposal of PCE as alleged herein constitutes a public
17 nuisance as the release or disposal is a violation of California Water Code sections
18 13050(m), 13350, and 13387, California Health and Safety Code sections 5411, 5411.5,
19 and 117555, California Fish and Game Code section 5650, and Civil Code sections
20 3479-3480, the purpose of which are to set a standard of care or conduct to protect the
21 public and the environment from the type of improper activities engaged in by
22 Defendants.    Therefore, such improper activities and violations constitute a public
23 nuisance *per se*.

24      72.   Defendants have failed to comply with federal, state, local, and common
25 law. Spaulding has sustained special injury as a result of this public nuisance, including
26 damage to its property. As a further direct and proximate result of the public nuisance
27 *per se* created by Defendants, Spaulding has suffered damages as previously described
28 herein, including other consequential, incidental and general damages to be proven at

1 trial. Spaulding seeks the abatement of the nuisance and all other legally available costs
2 and damages.

3     73. Spaulding requests that the public nuisance, as described herein, be
4 enjoined or abated.

**SIXTH CAUSE OF ACTION**
**(Abatement of a Continuing Private Nuisance)**
**(Against All Defendants)**

7     74. Spaulding realleges and incorporates by reference the allegations set forth
8 above in paragraphs 1 through 73, inclusive, as though set forth in full herein.

9     75. Defendants caused or contributed to the past or present handling, storage,
10 treatment, transportation, or disposal of "solid wastes," "hazardous wastes," "wastes,"
11 and "hazardous substances" in the environment in, at, and around the Site, including the
12 waters of the State of California, because each Defendant released or otherwise
13 discarded PCE during their dry-cleaning operations or controlled the property from
14 which PCE was released or otherwise discarded, but failed to prevent or abate this "solid
15 waste," "hazardous waste," "waste," and "hazardous substance" contamination.

16     76. Defendants' acts or omissions contributed to or caused the release of "solid
17 wastes," "hazardous wastes," "wastes," and "hazardous substances" in, at, and around
18 the Site have interfered with Spaulding's free use and enjoyment of its property.

19     77. Spaulding has demanded that Defendants abate the nuisance complained
20 of, and hereby reiterates that demand.

21     78. Defendants are strictly and jointly and severally liable for the investigation
22 and abatement of the nuisance.

23     79. As a direct and proximate result of the acts, omissions, and conduct of
24 Defendants, Spaulding has suffered and continues to suffer damages as alleged herein.
25 The above-described acts, omissions, and conduct of Defendants are and have been
26 without the consent, knowledge, against the will, and in violation of the rights of
27 Spaulding.

28     80. Spaulding is entitled to relief restraining Defendants and requiring each of

1    them, jointly and severally, promptly and competently to take such action as may be

2    necessary to abate the private nuisance at issue and for reimbursing Spaulding for all

3    response costs incurred and to be incurred at the Site.

### SEVENTH CAUSE OF ACTION
#### (Abatement of a Private Nuisance *Per Se*)
#### (Against All Defendants)

6    81.    Spaulding realleges and incorporates by reference the allegations set forth

7    above in paragraphs 1 through 80, inclusive, as though set forth in full herein.

8    82.    The release or disposal of PCE as alleged herein constitutes a public

9    nuisance as the release or disposal is a violation of California Water Code sections

10    13050(m), 13350, and 13387, California Health and Safety Code sections 5411, 5411.5,

11    and 117555, California Fish and Game Code section 5650, and Civil Code sections

12    3479-3480, the purpose of which are to set a standard of care or conduct to protect the

13    public and the environment from the type of improper activities engaged in by

14    Defendants. Therefore, such improper activities and violations constitute a private

15    nuisance *per se*.

16    83.    Defendants have failed to comply with federal, state, local, and common

17    law.

18    84.    Spaulding has sustained special injury as a result of these nuisance,

19    including damage to its property. As a direct and proximate result of the private

20    nuisance *per se* created by Defendants, Spaulding has suffered damages as previously

21    described herein, including other consequential, incidental and general damages to be

22    proven at trial.

### EIGHTH CAUSE OF ACTION
#### (Continuing Trespass)
#### (Against All Defendants)

25    85.    Spaulding realleges and incorporates by reference the allegations set forth

26    above in paragraphs 1 through 84, inclusive, as though set forth in full herein.

27    86.    Spaulding is informed and believes and thereon alleges that Defendants,

28    without the consent or knowledge of Spaulding, released "hazardous substances" and

-14-
COMPLAINT BY SPAULDING

1   knew or should have known that any such release would contaminate the soil, surface

2   water, and groundwater at, beneath, and around Spaulding's property; and that unless

3   the release was immediately contained and cleaned up, it would spread and travel

4   through the soil, surface water, and groundwater into adjacent properties.

5       87.   Spaulding is informed and believes and thereon alleges that Defendants

6   have failed to clean up the "hazardous substance" contamination and, as a result, the

7   "hazardous substances" have been detected at, around, and beneath Spaulding's

8   property.

9       88.   Unless Defendants are ordered immediately to clean up the contamination

10   of the soil, surface water, and groundwater, it will be necessary for Spaulding to

11   commence many successive actions against Defendants to secure compensation for the

12   damages sustained, thus requiring a multiplicity of suits.

13       89.   Spaulding has no adequate remedy at law for the injuries suffered by reason

14   of the acts, omissions, and conduct of Defendants and by reason of the trespass

15   committed by them, and this Court should grant injunctive relief to compel Defendants

16   immediately to clean up the contamination of the soil, surface water, and groundwater

17   at, beneath, and around the Site.

18       90.   As a direct and proximate result of the acts, omissions, and conduct of

19   Defendants and of the continuing trespass caused thereby, Spaulding has suffered and

20   continues to suffer damages as alleged herein.

21

**NINTH CAUSE OF ACTION**
**(Negligence)**
**(Against All Defendants)**

22

23       91.   Spaulding realleges and incorporates by reference the allegations set forth

24   above in paragraphs 1 through 90, inclusive, as though set forth in full herein.

25       92.   By virtue of the facts and circumstances of the contamination in and around

26   the Site as above alleged, the doctrine of *res ipsa loquitur* is applicable to the claim

27   against each of the Defendants. Under such doctrine, the burden of proving that

28   Defendants' dry-cleaning operations were free from all negligence in connection with

1  the releases of PCE at the Site is placed on Defendants and the burden of proving
2  freedom from liability in connection with the contamination is placed on Defendants.
3  In the event any or all of Defendants fail to sustain their respective burdens, they are
4  legally responsible for the damages asserted herein.  Under the circumstances, the
5  contamination of the soil, surface water, and groundwater beneath and around
6  Spaulding's property would not have happened but for negligence on the part of
7  Defendants, their agents, servants, and employees, in the manner in which they
8  conducted their respective dry-cleaning operations.

9      93.    In the alternative to the allegation that the doctrine of *res ipsa loquitur* is
10  applicable against Defendants, it is alleged that the contamination and resulting property
11  damage and response costs were due to the negligence of Defendants, and each of them,
12  in their dry-cleaning operations and that each of the Defendants is guilty of negligence
13  proximately causing the contamination.

14      94.    Defendants, while owning, occupying, or conducting dry-cleaning
15  operations, owed a duty to Spaulding to use, store, maintain, monitor, and remove PCE
16  in a safe and careful manner. Defendants also owed a duty to Spaulding to avoid storing,
17  disposing of, releasing, or allowing to be released any contaminants in a manner that
18  would cause injury to Spaulding, Spaulding's property, the public, or the environment.

19      95.    Spaulding is informed and believes and thereon alleges that Defendants, and
20  each of them, breached their duties by negligently, carelessly, recklessly, and illegally
21  using, storing, maintaining, monitoring, and removing PCE in a way that contaminants
22  were released into the environment.

23      96.    Spaulding is informed and believes and thereon alleges that Defendants
24  failed promptly and diligently to contain and clean up the contamination caused by their
25  releases of PCE.

26      97.    Spaulding is informed and believes and thereon alleges that the releases of
27  PCE would not have occurred absent some form of negligence by Defendants, and each
28  of them; that the releases of contaminants was caused by something within the exclusive



-16-

1   control of one or more of the Defendants; and that such release was not due to any
2   voluntary action or contribution on the part of Spaulding.

3   98.    As a direct and proximate result of the acts, omissions, and conduct of
4   Defendants, Spaulding has suffered and continues to suffer damages as alleged herein.
5   The above-described acts, omissions, and conduct of Defendants, including the
6   negligence and trespass committed by Defendants, are and have been without the
7   consent, knowledge, against the will, and in violation of the rights of Spaulding.

8                          **TENTH CAUSE OF ACTION**
                            **(Negligence *Per Se*)**
9                          **(Against All Defendants)**

10  99.    Plaintiff realleges and incorporates by reference the allegations set forth
11  above in paragraphs 1 through 98, inclusive, as though set forth in full herein.

12  100.    The release or disposal of PCE as alleged herein constitutes a public
13  nuisance as the release or disposal is a violation of California Water Code sections
14  13050(m), 13350, and 13387, California Health and Safety Code sections 5411, 5411.5,
15  and 117555, California Fish and Game Code section 5650, and Civil Code sections
16  3479-3480, the purpose of which are to set a standard of care or conduct to protect the
17  public and the environment from the type of improper activities engaged in by
18  Defendants. Therefore, such improper activities and violations constitute negligence *per*
19  *se*.

20  101.    The injury and damages that Spaulding complains of herein resulted from
21  the kind of occurrence the statutory provisions were designed to prevent.

22  102.    Spaulding is part of the class of persons the statutory provisions were
23  intended to protect, as Spaulding is a property owner that has been adversely impacted
24  by Defendants' violations of said statutory provisions.

25  103.    Defendants have failed to comply with federal, state, local, and common
26  law. As a direct and proximate result of Defendants' failure to comply with applicable
27  statutory provisions, Spaulding has incurred and will continue to incur expenses, losses,
28  injury and damages, including consequential, incidental and general damages to be

1  proven at trial.

2  ## ELEVENTH CAUSE OF ACTION
3  ### (Ultrahazardous Activity)
   ### (Against All Defendants)

4  104.  Spaulding realleges and incorporates by reference the allegations set forth

5  above in paragraphs 1 through 103, inclusive, as though set forth in full herein.

6  105.  Defendants engaged in the ultrahazardous activity of using and releasing

7  hazardous substances into the soil, surface water, and groundwater, notwithstanding the

8  fact that the toxic materials are a serious and substantial risk of harm to health, including

9  cancer and death.  The use and release of hazardous substances is unsafe and harmful,

10 even though the utmost care is utilized in the use and disposal of such materials.

11 106.  Defendants recognized, or should have recognized, that the property at and

12 around their operations, including Spaulding's property, were likely to be harmed by

13 Defendants' use and release of hazardous substances into the soil, surface water, and

14 groundwater.

15 107.  As a direct and proximate result of this ultrahazardous activity, Spaulding

16 has incurred and will continue to incur expenses, losses, injury and damages as set forth

17 herein.

18 ## TWELFTH CAUSE OF ACTION
   ### (Contribution)
19 ### (Against All Defendants)

20 108.  Spaulding realleges and incorporates by reference the allegations set forth

21 above in paragraphs 1 through 107, inclusive, as though set forth in full herein.

22 109.  Section 1432 of the California Civil Code provides in pertinent part: "a

23 party to a joint, or joint and several obligation, who satisfies more than his share of the

24 claim against all, may require a proportionate contribution from all the parties joined

25 with him."  As a direct and proximate result of Defendants' releases of hazardous

26 substances into the environment, as alleged above, Spaulding has and will continue to

27 incur responses costs for cleanup of the contamination at the Site.

28 110.  Spaulding has and will incur more than its fair share of the response costs

-18-

1  for the hazardous substances at the Site.

2  111.  As a direct and proximate result of the acts, omissions, and conduct of

3  Defendants, as herein alleged, Spaulding is entitled to contribution from Defendants for

4  any and all response costs Spaulding has incurred and will continue to incur in

5  connection with the soil and groundwater contamination.

6  **THIRTEENTH CAUSE OF ACTION**
   **(Contribution Under the Hazardous Substance Account Act)**
7  **(Against All Defendants)**

8  112.  Spaulding realleges and incorporates by reference the allegations set forth

9  above in paragraphs 1 through 111, inclusive, as though set forth in full herein.

10  113.  The Carpenter-Presley-Tanner Hazardous Substance Account Act,

11  California Health & Safety Code § 25300 *et seq.* ("HSAA"), was enacted to encourage

12  the expedient cleanup of "hazardous substances" that have been released into the

13  environment.  In furthering this goal, the California Legislature included the statutory

14  right of contribution for those parties who clean up contaminated properties from those

15  parties who are responsible for the contamination.

16  114.  Section 25363(e) of HSAA provides that "[a]ny person who has incurred

17  removal or remedial action costs in accordance with [HSAA] or the federal [CERCLA,

18  42 U.S.C. § 9601 *et seq.*] may seek contribution or indemnity from any person who is

19  liable pursuant to [HSAA]."

20  115.  A "liable person" is defined in section 25323.5(a) of HSAA as "those

21  persons described in section 107(a) of [CERCLA] (42 U.S.C. Sec. 9607(a))."

22  116.  "Those persons described in section 107(a)" of CERCLA include the owner

23  and operator of a facility, any person who at the time of disposal of any hazardous

24  substance owned or operated any facility at which hazardous substances were disposed,

25  and any person who arranged for disposal or treatment of hazardous substances for

26  transport to a disposal facility.  42 U.S.C. § 9607(a).

27  117.  Spaulding is a "person" within the meaning of sections 25319 and 25323(a)

28  of the Health & Safety Code.

-19-

1    118.   There have been releases or threatened releases of hazardous substances

2    from each of the Defendants' facilities.

3    119.   As a direct and proximate result of Defendants' actions that contributed to

4    releases of hazardous substances at the Site, Spaulding has incurred response costs in

5    accordance with the HSAA.

6    120.   Spaulding has given DTSC notice of the commencement of this action, as

7    required by section 25363(e) of the Health & Safety Code.

8    121.   As a direct and proximate result of the actions and conduct of Defendants,

9    as alleged herein, and due to the strict liability imposed by the HSAA, Spaulding is

10   entitled to contribution from Defendants under section 25363 of the Heath & Safety

11   Code for all response costs incurred that are attributable to Defendants.

12                    **FOURTEENTH CAUSE OF ACTION**
                       **(Equitable Indemnity)**
13                      **(Against All Defendants)**

14   122.   Spaulding realleges and incorporates by reference the allegations set forth

15   above in paragraphs 1 through 121, inclusive, as though set forth in full herein.

16   123.   The liability, if any, that Spaulding may have to any person or entity,

17   including, without limitation, any government or regulatory agency, under any law,

18   regulation, or common law principle, relating to the contamination at the Site, is the

19   result, in whole or in part, of the acts or omissions of Defendants.

20   124.   As between Spaulding and Defendants, Defendants are solely responsible

21   for all costs and expenses to investigate and clean up the contaminated soil and

22   groundwater at and around the Site.

23   125.   As between Spaulding and Defendants, Defendants are responsible for any

24   legal or administrative actions that have been brought, or may be brought in the future,

25   by any public or private persons concerning or related to the presence of the

26   contaminants at and around the Site.

27   126.   In the event that Spaulding is adjudged liable for any or all relief requested



28   in any judicial or administrative action, arising out of or related to the presence of

1 contaminants at and around the Site, brought against Spaulding by any persons or

2 entities, public or private, such liability is purely secondary, imputed, or technical.

3 Primary and actual liability attaches to Defendants and is a direct and proximate result

4 of the acts, omissions, and conduct of Defendants.

5     127.  As a direct and proximate result of the acts, omissions, and conduct of

6 Defendants, as herein alleged, Defendants are bound and obligated to indemnify and

7 hold harmless Spaulding from and against all response costs, arising out of, or relating

8 in any way to the contamination at the Site, and any other costs heretofore or hereafter

9 incurred by Spaulding in responding to the releases or threatened releases of "solid

10 wastes," "hazardous wastes," and "hazardous substances" at the Site.

11

**FIFTEENTH CAUSE OF ACTION**
**(Breach of Contract)**
12 **(Against All Defendants)**

13     128.  Spaulding realleges and incorporates by reference the allegations set forth

14 above in paragraphs 1 through 127, inclusive, as though set forth in full herein.

15     129.  During the period of each Defendants' occupancy of the Property, a written

16 lease existed.

17     130.  The written leases imposed a duty on Defendants not to commit waste in

18 or around the Property.  The written leases further prohibited Defendants from using,

19 storing, or disposing hazardous substances at the Property unless such use and storage

20 complied with all environmental laws.

21     131.  The release or disposal of PCE as alleged herein constitutes waste and use,

22 storage, and disposal of hazardous substances not in compliance with environmental

23 laws.

24     132.  The above material facts constitute a breach of the written contract. The

25 acts, omissions, and conduct of Defendants further breached the implied covenant of

26 good faith and fair dealing contained in the written agreement.

27     133.  Defendants' acts and omissions were not discovered by Spaulding until

28 2007 when it first learned of the contamination at and around the Property.

-21-

1    134.   As a direct and proximate result of Defendants' breach of the agreement set

2    forth above, Spaulding has been damaged and will continue to suffer damages, including

3    response costs, attorneys' fees, expert witness fees, reduced value, impediments in

4    refinancing, and emotional distress.

5    135.   The written leases also require Defendants to hold harmless and indemnify

6    and defend Spaulding from any claims resulting from Defendants' use or occupation of

7    the Property.

8    136.   Spaulding has demanded that Defendants abate the hazardous substance

9    contamination complained of, and hereby reiterates that demand.

10   137.   Contained within the written contract is a provision for fees. As a result of

11   the breach of the agreement by Defendants, Spaulding was forced to hire an attorney and

12   expend fees and costs. Accordingly, Spaulding is entitled to recoup said fees and costs

13   in an amount to be determined by the Court.

14   138.   Plaintiff is entitled to prejudgment interest as allowed by law.

15   ## SIXTEENTH CAUSE OF ACTION
     ### (Waste)
16   ### (Against All Defendants)

17   139.   Spaulding realleges and incorporates by reference the allegations set forth

18   above in paragraphs 1 through 138, inclusive, as though set forth in full herein.

19   140.   During the period of each Defendants' occupancy of the Property,

20   Defendants committed waste by contaminating the Property with PCE.

21   141.   The release or disposal of PCE as alleged herein constitutes waste.

22   142.   As a direct and proximate result of Defendants' waste, Spaulding has been

23   damaged and will continue to suffer damages, including response costs, attorneys' fees,

24   expert witness fees, reduced value, impediments in refinancing, and emotional distress.

25   In addition, the environmental investigation and cleanup may require the removal of two

26   mature redwood trees that impede access on the property for use of heavy equipment in

27   which case Plaintiff will seek treble damages pursuant to California Civil Code section

28   3346.

1

2

### SEVENTEENTH CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress)
### (Against All Defendants)

3      143.   Spaulding realleges and incorporates by reference the allegations set forth

4   above in paragraphs 1 through 142, inclusive, as though set forth in full herein.

5      144.   Plaintiffs are informed and believe and on that basis alleged that at all times

6   relevant to this Complaint, Defendants engaged in extreme, despicable and outrageous

7   conduct, including, but not limited to, releasing contamination at the Property and not

8   taking the necessary and required steps to effectively investigate and remediate it, failing

9   to inform Plaintiffs of the release and risk of toxic exposure Defendants caused, and

10   falsely assuring Plaintiffs that there was no risk of environmental contamination.

11      145.   Defendants, at all times mentioned in this Complaint, had knowledge and

12   understanding of the hazards, dangers, and risks associated with PCE, the likelihood that

13   the Property would be contaminated, that such contamination would reduce the ability

14   of Plaintiffs to use and enjoy their property.

15      146.   As a direct and proximate result of Defendants' outrageous conduct,

16   Plaintiffs have suffered great and foreseeable mental and emotional distress, present fear,

17   anxiety, apprehension, discomfort, sleeplessness, depression, and aggravation, all to their

18   general damage in a sum to be determined according to proof at trial.

19

20

### EIGHTEENTH CAUSE OF ACTION
### (Negligent Infliction of Emotional Distress)
### (Against All Defendants)

21      147.   Spaulding realleges and incorporates by reference the allegations set forth

22   above in paragraphs 1 through 146, inclusive, as though set forth in full herein.

23      148.   Defendants' misconduct or omissions as stated in this Complaint constituted

24   the highest level of negligence and gross negligence, and Plaintiffs suffered serious

25   emotional distress.

26      149.   As a direct and proximate result of Defendants' misconduct or omissions,

27   Plaintiffs have suffered great and foreseeable mental and emotional distress, present fear,

28   anxiety, apprehension, discomfort, sleeplessness, depression, and aggravation, all to their

1  general damage in a sum to be determined according to proof at trial.

2  ### NINETEENTH CAUSE OF ACTION
   (Fraud and Concealment)
3  (Against the All Defendants)

4  150.   Spaulding realleges and incorporates by reference the allegations set forth
5  above in paragraphs 1 through 149, inclusive, as though set forth in full herein.

6  151.   On information and belief, Defendants owed a duty to Spaulding to disclose
7  all material facts concerning damages to the Property. Instead, Defendants affirmatively
8  represented to Spaulding that the Property was free from hazardous waste contamination.

9  152.   On information and belief, when Defendants made the representation, they
10  knew them to be false. Said representations were made with the intention to deceive and
11  defraud Spaulding, to conceal the true facts about the Property's conditions and forego
12  a complete examination and inspection of the Property and to induce Spaulding to permit
13  transfer of the lease.

14  153.   Spaulding, at the time of the representations were made, was ignorant of the
15  falsity of Defendants' representation and believed them to be true.

16  154.   In reliance upon these representations Spaulding allowed Defendants out
17  of the lease then in effect and elected not to make certain inspections and refunded the
18  security deposit.

19  155.   In fact, representations made by Defendants were false.

20  156.   Had Spaulding known of the true facts, it would have never have refunded
21  the security deposit and allowed Defendants out of the lease.

22  157.   On information and belief, Defendants suppressed and concealed from
23  Spaulding the true conditions of the Property as set forth above. The suppression of this
24  information was likely to mislead Spaulding regarding the damage to the Property.

25  158.   On information and belief, the failure to disclose information and
26  suppression and concealment of the same and the Property's true condition and value
27  was done with the intent to induce Spaulding to allow Defendants out fo the lease then
28  in effect and to forego thorough examination and inspection of the conditions of the

1 hazardous waste conditions resulting from the dry cleaning operations at the Property.

2 Spaulding was ignorant of the existence of the facts which Defendants suppressed and

3 failed to disclose and relied on Defendants misrepresentations.

4       159.   As a direct and proximate result of Defendants' fraud and concealment of

5 the facts herein alleged, Spaulding has been damaged as previously set forth.

6       160.   In making the representations and suppressing and concealing the

7 information from Spaulding, Defendants acted intentionally and have been guilty of

8 oppression, fraud and malice thereby justifying an award of punitive damages.

9                          **TWENTIETH CAUSE OF ACTION**
                                  **(Declaratory Relief)**
10                              **(Against All Defendants)**

11      161.   Spaulding realleges and incorporates by reference the allegations set forth

12 above in paragraphs 1 through 160, inclusive, as though set forth in full herein.

13      162.   An actual dispute and controversy has arisen and now exists among the

14 parties to this action concerning their respective rights and duties in that Spaulding

15 contends, and Defendants deny, that Defendants are responsible for the contamination

16 at the Site and are obligated to contribute to the costs of the investigation and cleanup.

17      163.   Because the extent and magnitude of the contamination at the Site are not

18 fully known at this time, and the investigatory and remedial works are ongoing,

19 Spaulding will incur necessary response costs, including but not limited to investigatory,

20 remedial and removal expenses, attorneys' fees and interest in the future.

21      164.   Spaulding desires a judicial determination of its rights and duties and a

22 declaration that Defendants are liable to Spaulding for all responses costs incurred or to

23 be incurred by Spaulding at the Site as a result of releases of hazardous substances by

24 Defendants.

25      165.   Pursuant to Health & Safety Code section 25363, Spaulding is entitled to

26 a declaratory judgment establishing the liability of Defendants for such response costs

27 for the purpose of this and any subsequent action or actions to recover further response

28 costs.

1       166. A judicial declaration is necessary and appropriate under the present

2  circumstances in order that Spaulding may ascertain its rights and duties.

3                        **PRAYER FOR RELIEF**

4       **WHEREFORE,** Spaulding respectfully requests that judgment be entered in its

5  favor for the following:

6       1.     For a preliminary and permanent injunction requiring Defendants to

7  undertake at their sole cost and consistent with the National Oil and Hazardous

8  Substances Pollution Contingency Plan (the "NCP") at 40 C.F.R. Part 300, all actions

9  necessary to investigate and abate the endangerments to health or the environment that

10  may be presented by Defendants' use and disposal of "solid wastes" and "hazardous

11  wastes" as alleged above;

12       2.     For an order requiring Defendants to undertake at their sole cost all actions

13  necessary to investigate and remediate the alleged contamination;

14       3.     For a judicial determination that Defendants are jointly and severally liable

15  for the abatement of the imminent and substantial endangerment to human health or the

16  environment that may be presented by Defendants' use and disposal of "solid wastes"

17  and "hazardous wastes" as alleged above;

18       4.     For a declaration that Defendants are liable under CERCLA § 107(a) and

19  are liable to Spaulding in contribution and/or indemnity under CERCLA § 113(f) for all

20  past, present, and future response costs and other costs which may be incurred by

21  Spaulding connection with the Site;

22       5.     For a declaration that Defendants are obligated to pay to Spaulding all

23  future response costs and any other costs incurred by Spaulding hereafter in response,

24  removal, or remedial efforts incurred pursuant to law or the order of any governmental

25  agency with jurisdiction over the Site;

26       6.     For damages according to proof;

27       7.     For an award to Spaulding its costs of litigation, including attorneys' fees

28  and expert witness fees pursuant to 42 U.S.C. § 6972(e), section 1021.5 of the Code of

Civil Procedure, and written contract;

8.    For all costs of suit herein;

9.    For such other and further relief as this Court deems just and proper.

### JURY TRIAL DEMAND

Spaulding hereby demands trial by jury of any and all issues so triable.

DATED: January 28, 2008                  PALADIN LAW GROUP® LLP

By: _____
Bret W. Stone
Counsel for Spaulding