SEDGWICK, DETERT, MORAN & ARNOLD LLP
ROBERT N. BERG  Bar No. 099319
One Market Plaza
Steuart Tower, 8th Floor
San Francisco, California 94105
Telephone: (415) 781-7900
Facsimile:  (415) 781-2635

Attorneys for Defendant, Counterclaimant and Third-Party Plaintiff
MARTIN FRANCHISES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF VIOLA B. SPAULDING; FLORENCE SPAULDING, trustee; LYNN SPAULDING, doing business as Spaulding Enterprises; and TINA SPAULDING WARD, doing business as Spaulding Enterprises, THE CONSERVATORSHIP OF EILEEN SPAULDING,<br><br>    Plaintiffs,<br><br>    v.<br><br>YORK CLEANERS, INC., a dissolved California corporation; ESTATE OF BARNARD LEWIS, DECEASED; DAVID VICTOR LEWIS, an individual; MARTIN FRANCHISES, INC., an Ohio corporation; SETH R. DOLE, an individual; and RUTH DOLE, an individual; and DOES 1 through 100,<br><br>    Defendants. | CASE NO. C 08-00672 CRB<br><br>**COUNTERCLAIM OF MARTIN FRANCHISES, INC.** |

Pursuant to Rule 13(a) of the Federal Rules of Civil Procedure, Counterclaimant Martin

Franchises, Inc. ("Martin") hereby alleges its counterclaims for relief against YORK

CLEANERS, INC., a dissolved California corporation; ESTATE OF BARNARD LEWIS,

DECEASED; DAVID VICTOR LEWIS, an individual; SETH R. DOLE, an individual; and

RUTH DOLE, an individual; and DOES 1 through 100 as follows:

## PARTIES

1. Counterclaimant Martin, at all times relevant hereto, was an Ohio corporation registered to do business in the State of California.

2. York Cleaner, Inc., is a dissolved California corporation that operated a dry-cleaning business at the Property from approximately 1977 until it dissolved in 1987.

3. Estate of Barnard Lewis, Deceased, is named as a defendant herein pursuant to California Code of Civil Procedure section 377.40 to the extent of the estate's assets and pursuant to California Probate Code sections 550 through 555 to establish the decedent's liability for which he was protected by certain liability insurance policies. Barnard Lewis first operated a dry-cleaning business at the Property under the One Hour Martinizing franchise in or around the 1960s and then independently operated the dry-cleaning business as "York Cleaners." Barnard Lewis died on December 30, 2007.

4. David Victor Lewis is an individual who operated a dry-cleaning business at the Property known as "York Cleaners." On informaton and belief, David Victor Lewis is his father's Barnard Lewis, personal representative or successor in interest.

5. Seth R. Dole is an individual who operated a dry-cleaning business at the Property under the One Hour Martinizing franchise in or around the 1960s.

6. Ruth Dole is an individual who operated a dry-cleaning business at the Property under the One Hour Martinizing franchise in or around the 1960s.

## JURISDICTION, VENUE

7. This court has jurisdiction over the subject matter of the complaint and this counterclaim based on Spaulding's First Cause of Action, under 42 U.S.C. § 6972(a), and under §§ 107 and 113 of the Comprehensive Environmental Response Compensation and Liability Act ("CERCLA"), 42 U.S.C. §§ 9607 and 9613. Additionally, this Court has jurisdiction over the other causes of action in plaintiffs' complaint under 28 U.S.C. § 1367.

8. Venue is proper in this Court pursuant to section 113(b) of CERCLA, because the plaintiffs allege release and damage occurred in this District. Furthermore, venue is proper

pursuant to section 7002(a) of RCRA, 42 U.S.C. § 6972(a), and 28 U.S.C. § 1391(b) because the actual and threatened endangerment that is alleged by plaintiffs allegedly took place in this District.

9. Plaintiffs have alleged that they have satisfied all jurisdictional and venue prerequisites to filing this complaint.

## **GENERAL ALLEGATIONS**

10. For allegation purposes only, and without admitting any of the allegations, Counterclaimant herein, Martin, incorporates paragraphs 22 through 29 of the complaint filed in this case number, C 08-00672, as though set forth in full herein, but again, without making any admissions to the allegations thereto.

## **FIRST CAUSE OF ACTION**
**(Indemnity)**

11. Counterclaimant Martin incorporates and realleges herein by reference the allegations contained in paragraphs 1 through 10 of this counterclaim.

12. A determination of the proportionate degree of liability, if any, of Counterclaimant, on the one hand, and counter-defendants, on the other, is necessary to protect the rights of cross-complainant.

13. An actual controversy has arisen and now exists relating to the legal rights and duties of Countercomplainant and counter-defendants, and each of them, for which Countercomplainant desires a declaration of their rights and indemnification, in which Countercomplainant contends, and countercomplainant is informed and believes that counter-defendants deny, the following:

A. That as between these parties, the responsibility, if any, for the damages claimed by plaintiff rests entirely on counter-defendants;

B. That as a result, counter-defendants are obligated to partially indemnify or fully indemnify Countercomplainant for sums that Countercomplainant may be held to pay as a result of any damages, judgments, settlement or other awards recovered against Countercomplainant by the Court, federal or state government, or private party as a result of the toxic chemical

contamination of the Property, properties near and adjacent properties including, but not limited to, surface and subsurface soil and water; and

C. Counterclaimant is informed and believes that counter-defendants deny any such liability.

14. Counterclaimant is entitled to, and hereby requests, a judicial determination of Counterclaimant's rights, indemnification and contribution, any declaration that counter-defendants and/or others, and not Counterclaimant, is liable for all of the costs incurred, and to be incurred to remove, clean-up and remediate the alleged hazardous substance contamination of the soil and groundwater in and around the Property.

## SECOND CAUSE OF ACTION
### (Contribution)

15. Martin realleges and incorporates herein by reference the allegations contained in paragraphs 1 through 14 of this counterclaim.

16. In the event liability should be established on the part of Counterclaimant, which liability is expressly denied, Counterclaimant is informed and believes, and thereon alleges, that it may be obligated to pay sums representing a percentage of liability not Counterclaimant's own, but rather that of counter-defendants. Therefore, Counterclaimant requests an adjudication and determination with respect to degrees of liability, if any, on its part and on the part of counter-defendants so as to determine that portion of the amount, if any, by which Counterclaimant is found liable, which actually represents a portion of liability of all of the counter-defendants.

WHEREFORE, with regard to this counterclaim, Martin prays for entry of judgment as follows:

1. For entry of judgment in favor of Martin against counter-defendants for indemnification, thus entitling Martin to full defense and indemnification, including all compensatory damages, attorneys' fees, taxable costs, and for such other and further relief as this Court may deem just and proper.

2. For entry of judgment on the second cause of action by Martin against counter-

1  defendants, and for a declaration within that cause of action that Martin is entitled to
2  contribution between Martin and counter-defendants, for pre-judgment and post-judgment
3  interest, damages, attorneys' fees, taxable costs, and for such other and further relief as this
4  Court may deem just and proper.

Dated:  March 03, 2008                              SEDGWICK, DETERT, MORAN & ARNOLD LLP


By _____/s/_____
                  Robert N. Berg

Attorneys for Defendant, Counterclaimant, and Third-Party Plaintiff
MARTIN FRANCHISES, INC.