SEDGWICK, DETERT, MORAN & ARNOLD LLP
ROBERT N. BERG  Bar No. 099319
One Market Plaza
Steuart Tower, 8th Floor
San Francisco, California 94105
Telephone: (415) 781-7900
Facsimile:  (415) 781-2635

Attorneys for Defendant, Counterclaimant and Third-Party Plaintiff
MARTIN FRANCHISES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF VIOLA B. SPAULDING; FLORENCE SPAULDING, trustee; LYNN SPAULDING, doing business as Spaulding Enterprises; and TINA SPAULDING WARD, doing business as Spaulding Enterprises, THE CONSERVATORSHIP OF EILEEN SPAULDING,<br><br>Plaintiffs,<br><br>v.<br><br>YORK CLEANERS, INC., a dissolved California corporation; ESTATE OF BARNARD LEWIS, DECEASED; DAVID VICTOR LEWIS, an individual; MARTIN FRANCHISES, INC., an Ohio corporation; SETH R. DOLE, an individual; and RUTH DOLE, an individual; and DOES 1 through 100,<br><br>Defendants. | CASE NO. C 08-00672 CRB<br><br>**THIRD-PARTY COMPLAINT OF MARTIN FRANCHISES, INC.** |
| MARTIN FRANCHISES, INC., an Ohio corporation,<br><br>Third-Party Plaintiff<br><br>v.<br><br>Cooper Industries, Ltd.,<br><br>Third-Party Defendant, a Texas corporation. | |

Pursuant to Fed.R.Civ.P.14, defendant and third-party plaintiff Martin Franchises, Inc. files the present third-party complaint against third-party defendant Cooper Industries, Ltd. as follows:

## JURISDICTION AND VENUE

1. Jurisdiction of this action is founded upon 82 U.S.C. § 6972(a); 42 U.S.C. §§ 9607 and 9613.

2. Venue is proper in the United States District Court, Northern District of California, because venue is proper in the main action.

## PARTIES

3. Martin Franchises, Inc. is an Ohio corporation, and at relevant times herein, was authorized to do business in this district.

4. Third-party defendant Cooper Industries Ltd. is a Texas corporation authorized to do business and doing business in this district.

## FIRST CAUSE OF ACTION
### [Contractual Indemnity]

5. Martin incorporates by reference all allegations of paragraphs 1-4, inclusive, of this third-party complaint as though fully set forth herein.

6. On or about 1981, third-party plaintiff Martin and third-party defendant Cooper entered into a contract.

7. A provision in that contract called for Cooper to provide full written indemnity to Martin for injuries and/or damages arising out of the operations of the dry cleaning franchises in question herein.

8. Martin has tendered the claim of the plaintiffs herein, including, but not limited to, the Estate of Viola Spaulding, et al., to Cooper.

9. To date, Cooper has failed to abide by the contractual provision and has failed to accept indemnity of Martin.

10. As a proximate result of Cooper's breach herein, the third-party plaintiff, Martin, has incurred and continues to incur damages, including defense fees and costs. Moreover, additional damages will ensue if Cooper fails to accept the tender, including potential additional

damages in the form of any settlement or judgment.

## SECOND CAUSE OF ACTION
### [Declaratory Relief]

11.  Martin incorporates by reference all allegations of paragraphs 1 through 10, inclusive, of this third-party complaint, as though fully set forth herein.

12.  Due to the contractual provision requiring Cooper to indemnify Martin, and due to Cooper's failure to abide by that contractual provision, a present controversy has arisen between Martin and Cooper.

13.  A declaratory judgment is necessary and proper at this time for the Court to determine the respective rights and liabilities of the parties regarding any contractual indemnity provision contained in the contract between the parties herein.

14.  Martin has no plain, speedy or adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, defendant, third-party plaintiff Martin prays for judgment as follows:

1.  For indemnification pertaining to the Spaulding complaint, with Martin being the beneficiary/indemnitee, and Cooper being the indemnitor;

2.  For a declaration that the contractual indemnity provision in the contract between Martin and Cooper applies and that, thus, Cooper is obligated to fully defend and indemnify Martin;

3.  For costs of suit incurred herein;

4.  For attorneys' fees; and

5.  For such other and further relief as this Court may deem just and proper.

Dated:  March 03, 2008              SEDGWICK, DETERT, MORAN & ARNOLD LLP


                                    By _____/s/_____
                                              Robert N. Berg

                                    Attorneys for Defendant, Counterclaimant, and Third-Party Plaintiff
                                    MARTIN FRANCHISES, INC.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28