1  **COX, WOOTTON, GRIFFIN,**
**HANSEN & POULOS, LLP**

2  Gregory W. Poulos (SBN 131428)
Courtney M. Crawford (SBN 242567)

3  190 The Embarcadero
San Francisco, CA  94105

4  Telephone No.: 415-438-4600
Facsimile No.:  415-438-4601

5

6  Attorneys for Defendant
DAVID VICTOR LEWIS, an individual

7

8  **IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

9

10  ESTATE OF VIOLA B. SPAULDING;      ) Case No.:  C 08-00672 CRB
FLORENCE SPAULDING, trustee; LYNN  )

11  SPAULDING, doing business as Spaulding  ) **DAVID V. LEWIS' ANSWER TO**
Enterprises; and TINA SPAULDING    ) **PLAINTIFFS' FIRST AMENDED**

12  WARD, doing business as Spaulding   ) **COMPLAINT AND DAVID V. LEWIS'**
Enterprises, THE CONSERVATORSHIP   ) **COUNTER CLAIM AGAINST**

13  OF EILEEN SPAULDING,              ) **PLAINTIFFS AND DEMAND FOR**
                                    ) **JURY TRIAL**

Plaintiffs,                       )

14                                    )

v.                                  )

15                                    )

YORK CLEANERS, INC., a dissolved    )

16  California Corporation; ESTATE OF   )
BARNARD LEWIS, DECEASED; DAVID      )

17  VICTOR LEWIS, an individual; MARTIN )
FRANCHISES, INC., an Ohio corporation; )

18  SETH R. DOLE, an individual; and DOES 1 )
through 100,                        )

19                                    )

Defendants.                       )

20                                    )

21                                    )

22                                    )

23                                    )

24                                    )

25                                    )

26                                    )

27                                    )

28  _____)

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS, LLP

190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL: 415-438-4600
FAX: 415-438-4601

LEWIS.York

-1-                           Case No.:  C 08-00672 CRB
**DAVID V. LEWIS' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT AND DAVID V. LEWIS'**
**COUNTER CLAIM AGAINST PLAINTIFFS**

DAVID VICTOR LEWIS, an individual;              )
                                                                                    )
        Counter-Claimant,                                       )
                                                                                    )
v.                                                                             )
                                                                                    )
ESTATE OF VIOLA B. SPAULDING;             )
FLORENCE SPAULDING, trustee; LYNN     )
SPAULDING, doing business as Spaulding    )
Enterprises; and TINA SPAULDING           )
WARD, doing business as Spaulding            )
Enterprises, THE CONSERVATORSHIP OF  )
EILEEN SPAULDING, and ROES 1-100,        )
                                                                                    )
        Counter-Defendants.                                    )
_____ )

### DAVID V. LEWIS' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

DEFENDANT DAVID VICTOR LEWIS, an individual ["DEFENDANT"], pursuant to California Code of Civil Procedure Section 431.30(d), responds to Plaintiffs ESTATE OF VIOLA B. SPAULDING; FLORENCE SPAULDING, trustee; LYNN SPAULDING, doing business as Spaulding Enterprises; and TINA SPAULDING WARD, doing business as Spaulding Enterprises, THE CONSERVATORSHIP OF EILEEN SPAULDING's [PLAINTIFFS] First Amended Complaint by generally denying the allegations of each and every cause of action contained therein, and by denying that PLAINTIFFS have been damaged in the sum alleged in the First Amended Complaint, or in any other sums, or at all.

### NATURE OF THE ACTION

**Paragraph 1:** This is an introductory paragraph to which no response is required.  To the extent that a response is deemed to be required, the allegations are denied.

**Paragraph 2:** DEFENDANT lacks sufficient information and belief as to the truth of the allegations in this paragraph and on that basis deny them.

**Paragraph 3:** DEFENDANT lacks sufficient information and belief as to the truth of the allegations in this paragraph and on that basis deny them.

### PARTIES

### *PLAINTIFFS*

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS, LLP

190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL: 415-438-4600
FAX: 415-438-4601

LEWIS.York

**DAVID V. LEWIS' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT AND DAVID V. LEWIS'
COUNTER CLAIM AGAINST PLAINTIFFS**

**Paragraphs 4 - 8:** DEFENDANT lacks sufficient information and belief as to the truth of the allegations in these paragraphs and on that basis deny them.

### *DEFENDANTS*

**Paragraph 9:** Admitted.

**Paragraph 10:** DEFENDANT admits that Barnard Lewis first operated a dry-cleaning business as a "One Hour Martinizing franchise in the 1960's and later changed the name to "York Cleaners."  DEFENDANT also admits that Barnard Lewis died on December 30, 2007.  Except as so expressly admitted, all other allegations are denied.

**Paragraph 11:** DEFENDANT admits that David Victor Lewis operated a dry cleaning business at 31 Miller Ave.  known as "York Cleaners."  DEFENDANT deny all other allegations in this paragraph.

**Paragraph 12:** DEFENDANT lacks sufficient information and belief as to the truth of the allegations in this paragraph and on that basis deny them.

**Paragraph 13:** DEFENDANT lacks sufficient information and belief as to the truth of the allegations in this paragraph and on that basis deny them.

**Paragraph 14:** DEFENDANT lacks sufficient information and belief as to the truth of the allegations in this paragraph and on that basis deny them.

**Paragraph 15:** DEFENDANT lacks sufficient information and belief as to the truth of the allegations in this paragraph and on that basis deny them.

### JURISDICTION, VENUE, AND NOTICE

**Paragraph 16:** This is a jurisdictional allegation to which no response is required.

**Paragraph 17:** This is a jurisdictional allegation to which no response is required.

**Paragraph 18:** This is a jurisdictional allegation to which no response is required.

**Paragraph 19:** DEFENDANT admits receipt of a "Notice of Endangerment."  Except as so expressly admitted, DEFENDANT lacks sufficient information and belief as to the truth of the matters asserted and on that basis deny them.

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS, LLP

190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL: 415-438-4600
FAX: 415-438-4601

LEWIS.York

-3-    Case No.:  C 08-00672 CRB

**DAVID V. LEWIS' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT AND DAVID V. LEWIS' COUNTER CLAIM AGAINST PLAINTIFFS**

**Paragraph 20:** DEFENDANT admits that suit was filed more than 90 days after their receipt of the "Notice of Endangerment."

**Paragraph 21:** Denied.

**GENERAL ALLEGATIONS**

**Paragraph 22:** DEFENDANT lacks sufficient information and belief as to the truth of the allegations in this paragraph and on that basis deny them.

**Paragraph 23:** DEFENDANT lacks sufficient information and belief as to the truth of the allegations in this paragraph and on that basis deny them.

**Paragraph 24:** Admitted.

**Paragraph 25:** DEFENDANT lacks sufficient information and belief as to the truth of the allegations in this paragraph and on that basis deny them.

**Paragraph 26:** Denied.

**Paragraph 27:** Denied.

**Paragraph 28:** Denied.

**Paragraph 29:** Denied.

**FIRST CAUSE OF ACTION**
**(Abatement of an Imminent and Substantial Endangerment – RCRA §7002(a)(1)(B)**
**(Against All DEFENDANTS)**

**Paragraph 30:** DEFENDANT incorporate by reference their responses to paragraphs 1 through 29 above.

**Paragraph 31:** This is a statement of law to which no response is required.

**Paragraph 32:** This is a statement of law to which no response is required.

**Paragraph 33:** This is a statement of law to which no response is required.

**Paragraph 34:** This is a statement of law to which no response is required.

**Paragraph 35:** DEFENDANT deny any discharge of solid or dissolved material.

**Paragraph 36:** This is a statement of law to which no response is required.

**Paragraph 37:** This is a statement of law to which no response is required.

**Paragraph 38:** This is a statement of law to which no response is required.

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS, LLP

190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL: 415-438-4600
FAX: 415-438-4601

LEWIS.York

**DAVID V. LEWIS' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT AND DAVID V. LEWIS'
COUNTER CLAIM AGAINST PLAINTIFFS**

**Paragraph 39:** Denied.

**Paragraph 40:** This is a statement of law to which no response is required.

**Paragraph 41:** DEFENDANT deny any release.

**Paragraph 42:** Denied.

**Paragraph 43:** Denied.

**Paragraph 44:** Denied.

**Paragraph 45:** Denied.

**SECOND CAUSE OF ACTION**
**(Cost Recovery – CERCLA §107(a))**
**(Against All DEFENDANTS)**

**Paragraph 46:** DEFENDANT incorporate by reference their responses to paragraphs 1 through 45 above.

**Paragraph 47:** Denied.

**Paragraph 48:** Denied.

**Paragraph 49:** Denied.

**Paragraph 50:** Denied.

**Paragraph 51:** This is a statement of law to which no response is required.

**Paragraph 52:** Denied.

**Paragraph 53:** Denied.

**Paragraph 54:** Denied.

**THIRD CAUSE OF ACTION**
**(Contribution – CERCLA §113(f)**
**(Against All DEFENDANTS)**

**Paragraph 55:** DEFENDANT incorporate by reference their responses to paragraphs 1 through 54 above.

**Paragraph 56:** Denied.

**Paragraph 57:** Denied.

**FOURTH CAUSE OF ACTION**
**(Abatement of a Public Nuisance)**
**(Against All DEFENDANTS)**

**Paragraph 58:** DEFENDANT incorporate by reference their responses to paragraphs 1 through 57 above.

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS, LLP

190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL: 415-438-4600
FAX: 415-438-4601

LEWIS.York

**DAVID V. LEWIS' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT AND DAVID V. LEWIS'**
**COUNTER CLAIM AGAINST PLAINTIFFS**

**Paragraph 59:** This is a statement of law to which no response is required.

**Paragraph 60:** This is a statement of law to which no response is required.

**Paragraph 61:** This is a statement of law to which no response is required.

**Paragraph 62:** Denied.

**Paragraph 63:** Denied.

**Paragraph 64:** Denied.

**Paragraph 65:** Denied.

**Paragraph 66:** Denied.

**Paragraph 67:** DEFENDANT admits that plaintiff's complaint constitutes a demand.

**Paragraph 68:** Denied.

**Paragraph 69:** Denied.

**FIFTH CAUSE OF ACTION**
**(Abatement of a Public Nuisance *Per Se*)**
**(Against All DEFENDANTS)**

**Paragraph 70:** DEFENDANT incorporate by reference their responses to paragraphs 1 through 69 above.

**Paragraph 71:** Denied.

**Paragraph 72:** Denied.

**Paragraph 73:** This is a general demand to which no response is required.

**SIXTH CAUSE OF ACTION**
**(Abatement of a Continuing Private Nuisance)**
**(Against All DEFENDANTS)**

**Paragraph 74:** DEFENDANT incorporate by reference their responses to paragraphs 1 through 73 above.

**Paragraph 75:** Denied.

**Paragraph 76:** Denied.

**Paragraph 77:** DEFENDANT admits that plaintiff's complaint constitutes a demand.

**Paragraph 78:** Denied.

**Paragraph 79:** Denied.

**Paragraph 80:** Denied.

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS, LLP

190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL: 415-438-4600
FAX: 415-438-4601

LEWIS.York

-6-    Case No.:  C 08-00672 CRB
**DAVID V. LEWIS' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT AND DAVID V. LEWIS'**
**COUNTER CLAIM AGAINST PLAINTIFFS**

1

2

3

**SEVENTH CAUSE OF ACTION**
**(Abatement of a Continuing Private Nuisance *Per Se*)**
**(Against All DEFENDANTS)**

**Paragraph 81:** DEFENDANT incorporate by reference their responses to paragraphs 1

4

through 80 above.

5

**Paragraph 82:** Denied.

6

**Paragraph 83:** Denied.

7

**Paragraph 84:** Denied.

8

**EIGHTH CAUSE OF ACTION**
**(Continuing Trespass)**
**(Against All DEFENDANTS)**

9

10

**Paragraph 85:** DEFENDANT incorporate by reference their responses to paragraphs 1

11

through 84 above.

12

**Paragraph 86:** Denied.

13

**Paragraph 87:** Denied.

14

**Paragraph 88:** Denied.

15

**Paragraph 89:** Denied.

16

**Paragraph 90:** Denied.

17

**NINTH CAUSE OF ACTION**
**(Negligence)**
**(Against All DEFENDANTS)**

18

19

**Paragraph 91:** DEFENDANT incorporate by reference their responses to paragraphs 1

through 90 above.

20

**Paragraph 92:** Denied.

21

**Paragraph 93:** Denied.

22

**Paragraph 94:** Denied.

23

**Paragraph 95:** Denied.

24

**Paragraph 96:** Denied.

25

**Paragraph 97:** Denied.

26

**Paragraph 98:** Denied.

27

///

28

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS, LLP

190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL: 415-438-4600
FAX: 415-438-4601

LEWIS.York

**DAVID V. LEWIS' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT AND DAVID V. LEWIS'**
**COUNTER CLAIM AGAINST PLAINTIFFS**

**TENTH CAUSE OF ACTION**
**(Negligence *Per Se*)**
**(Against All DEFENDANTS)**

**Paragraph 99:** DEFENDANT incorporate by reference their responses to paragraphs 1 through 98 above.

**Paragraph 100:** Denied.

**Paragraph 101:** Denied.

**Paragraph 102:** Denied.

**Paragraph 103:** Denied.

**ELEVENTH CAUSE OF ACTION**
**(Ultrhazardous Activity)**
**(Against All DEFENDANTS)**

**Paragraph 104:** DEFENDANT incorporate by reference their responses to paragraphs 1 through 103 above.

**Paragraph 105:** Denied.

**Paragraph 106:** Denied.

**Paragraph 107:** Denied.

**TWELFTH CAUSE OF ACTION**
**(Contribution)**
**(Against All DEFENDANTS)**

**Paragraph 108:** DEFENDANT incorporate by reference their responses to paragraphs 1 through 107 above.

**Paragraph 109:** Denied.

**Paragraph 110:** Denied.

**Paragraph 111:** Denied.

**THIRTEENTH CAUSE OF ACTION**
**(Contribution Under the Hazardous Substance Account Act)**
**(Against All DEFENDANTS)**

**Paragraph 112:** DEFENDANT incorporate by reference their responses to paragraphs 1 through 111 above.

**Paragraph 113:** This is a statement of law to which no response is required.

**Paragraph 114:** This is a statement of law to which no response is required.

**Paragraph 115:** This is a statement of law to which no response is required.

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS, LLP

190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL: 415-438-4600
FAX: 415-438-4601

LEWIS.York

DAVID V. LEWIS' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT AND DAVID V. LEWIS'
COUNTER CLAIM AGAINST PLAINTIFFS

**Paragraph 116:** This is a statement of law to which no response is required.

**Paragraph 117:** Denied.

**Paragraph 118:** Denied.

**Paragraph 119:** Denied.

**Paragraph 120:** DEFENDANT lacks sufficient information and belief as to the truth of the matters asserted in this paragraph and therefore they are denied.

**Paragraph 121:** Denied.

**FOURTEENTH CAUSE OF ACTION**
**(Equitable Indemnity)**
**(Against All DEFENDANTS)**

**Paragraph 122:** DEFENDANT incorporate by reference their responses to paragraphs 1 through 121 above.

**Paragraph 123:** Denied.

**Paragraph 124:** Denied.

**Paragraph 125:** Denied.

**Paragraph 126:** Denied.

**Paragraph 127:** Denied.

**FIFTEENTH CAUSE OF ACTION**
**(Breach of Contract)**
**(Against All DEFENDANTS)**

**Paragraph 128:** DEFENDANT incorporate by reference their responses to paragraphs 1 through 127 above.

**Paragraph 129:** Admitted.

**Paragraph 130:** DEFENDANT deny that the leases precluded the use and storage of hazardous substances but admit that the use and storage was required to comply with environmental laws then in effect.

**Paragraph 131:** Denied.

**Paragraph 132:** Denied.

**Paragraph 133:** Denied. Plaintiff's were provided with a Phase 1 Environmental Report in or about December 1998.

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS, LLP

190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL: 415-438-4600
FAX: 415-438-4601

LEWIS.York

Case No.: C 08-00672 CRB
**DAVID V. LEWIS' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT AND DAVID V. LEWIS'
COUNTER CLAIM AGAINST PLAINTIFFS**

**Paragraph 134:** Denied.

**Paragraph 135:** Denied.

**Paragraph 136:** DEFENDANT admits that the complaint constitutes a demand.

**Paragraph 137:** DEFENDANT admits that the lease contains an attorneys' fees provision.

Except as so expressly admitted, all other allegations in paragraph 137 are denied.

**Paragraph 138:** Denied.

**SIXTEENTH CAUSE OF ACTION**
**(Waste)**
**(Against All DEFENDANTS)**

**Paragraph 139:** DEFENDANT incorporate by reference their responses to paragraphs 1 through 138 above.

**Paragraph 140:** Denied.

**Paragraph 141:** Denied.

**Paragraph 142:** Denied.

**SEVENTEENTH CAUSE OF ACTION**
**(Intentional Infliction of Emotional Distress)**
**(Against All DEFENDANTS)**

**Paragraph 143:** DEFENDANT incorporate by reference their responses to paragraphs 1 through 142 above.

**Paragraph 144:** Denied.

**Paragraph 145:** Denied.

**Paragraph 146:** Denied.

**EIGHTEENTH CAUSE OF ACTION**
**(Negligent Infliction of Emotional Distress)**
**(Against All DEFENDANTS)**

**Paragraph 147:** DEFENDANT incorporate by reference their responses to paragraphs 1 through 146 above.

**Paragraph 148:** Denied.

**Paragraph 149:** Denied.

**NINETEENTH CAUSE OF ACTION**
**(Fraud and Concealment)**
**(Against All DEFENDANTS)**

**Paragraph 150:** DEFENDANT incorporate by reference their responses to paragraphs 1

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS, LLP

190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL: 415-438-4600
FAX: 415-438-4601

LEWIS.York

Case No.:  C 08-00672 CRB
**DAVID V. LEWIS' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT AND DAVID V. LEWIS'**
**COUNTER CLAIM AGAINST PLAINTIFFS**

through 149 above.

**Paragraph 151:** Denied.

**Paragraph 152:** Denied.

**Paragraph 153:** DEFENDANT lacks sufficient information and belief as to the truth of the matters asserted in this paragraph and therefore they are denied.

**Paragraph 154:** Denied.

**Paragraph 155:** Denied.

**Paragraph 156:** DEFENDANT lacks sufficient information and belief as to the truth of the matters asserted in this paragraph and therefore they are denied.

**Paragraph 157:** Denied.

**Paragraph 158:** Denied.

**Paragraph 159:** Denied.

**Paragraph 160:** Denied.

**TWENTIETH CAUSE OF ACTION**
**(Declaratory Relief)**
**(Against All DEFENDANTS)**

**Paragraph 161:** DEFENDANT incorporate by reference their responses to paragraphs 1 through 160 above.

**Paragraph 162:** Admitted.

**Paragraph 163:** Denied.

**Paragraph 164:** Denied.

**Paragraph 165:** Denied.

**Paragraph 166:** Denied.

**AFFIRMATIVE DEFENSES**

**FURTHER ANSWERING, DEFENDANT** assert the following affirmative defenses:

**FIRST AFFIRMATIVE DEFENSE**

**(Contributory Negligence)**

1.    AS AND FOR A FIRST SEPARATE AND DISTINCT AFFIRMATIVE

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS, LLP

190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL: 415-438-4600
FAX: 415-438-4601

LEWIS.York

Case No.:  C 08-00672 CRB
**DAVID V. LEWIS' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT AND DAVID V. LEWIS'
COUNTER CLAIM AGAINST PLAINTIFFS**

1    DEFENSE, this answering DEFENDANT alleges that PLAINTIFFS were negligent in and

2    about the matters alleged in said Complaint, and each cause of action thereof, and that said

3    negligence contributed directly and proximately to the happening of the accident giving rise

4    to this lawsuit and the damages, if any, alleged therein.

5    **SECOND AFFIRMATIVE DEFENSE**

6    **(Comparative Negligence)**

7    **2.**    AS AND FOR A SECOND SEPARATE AND DISTINCT AFFIRMATIVE

8    DEFENSE, this answering DEFENDANT alleges that the injuries and damages complained

9    of by PLAINTIFFS, if any there were, were either wholly or in part directly and proximately

10   caused by the negligence of persons or entities other than this answering DEFENDANT,

11   and said negligence is either imputed to PLAINTIFFS by reason of the relationship between

12   PLAINTIFFS and said persons or entities, or comparatively reduces the proportion of

13   negligence and corresponding liability of this answering DEFENDANT.

14   **THIRD AFFIRMATIVE DEFENSE**

15   **(Failure to State a Cause of Action)**

16   **3.**    AS AND FOR A THIRD SEPARATE AND DISTINCT AFFIRMATIVE

17   DEFENSE, this answering DEFENDANT alleges that neither PLAINTIFFS' Complaint,

18   nor any of the alleged causes of action therein, state facts sufficient to constitute a cause of

19   action against this answering DEFENDANT.

20   **FOURTH AFFIRMATIVE DEFENSE**

21   **(Statute of Limitations)**

22   **4.**    AS AND FOR A FOURTH SEPARATE AND DISTINCT AFFIRMATIVE

23   DEFENSE, this answering DEFENDANT alleges that PLAINTIFFS' claims and causes of

24   action against this DEFENDANT is barred by each and every applicable statute of

25   limitations.

26   **FIFTH AFFIRMATIVE DEFENSE**

27   **(Liability for Non-Economic Damages)**

28

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS, LLP

190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL: 415-438-4600
FAX: 415-438-4601

LEWIS.York

-12-                                    Case No.: C 08-00672 CRB
**DAVID V. LEWIS' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT AND DAVID V. LEWIS'
COUNTER CLAIM AGAINST PLAINTIFFS**

1    **5.**      AS AND FOR A FIFTH SEPARATE AND DISTINCT AFFIRMATIVE

2    DEFENSE, this answering DEFENDANT states that should PLAINTIFFS recover non-

3    economic damages against any DEFENDANT, the liability for non-economic damages is

4    limited to the degree of fault and several liability of said DEFENDANT or DEFENDANTS

5    pursuant to Civil Code Section 1431 *et seq.*, and a separate, several judgment shall be

6    rendered against said DEFENDANT based upon said DEFENDANT's degree of fault and

7    several liability.

8                    **SIXTH AFFIRMATIVE DEFENSE**

9                       **(Failure to Mitigate)**

10   **6.**      AS AND FOR A SIXTH SEPARATE AND DISTINCT AFFIRMATIVE

11   DEFENSE, this answering DEFENDANT states that PLAINTIFFS have unreasonably

12   failed to act in such a manner as to mitigate the damages of which they complain, if any

13   there were.

14                   **SEVENTH AFFIRMATIVE DEFENSE**

15                        **(Unclean Hands)**

16   **7.**      AS AND FOR A SEVENTH AND SEPARATE AND DISTINCT

17   AFFIRMATIVE DEFENSE, this answering DEFENDANT states that PLAINTIFFS

18   are precluded from recovery against this DEFENDANT pursuant to the doctrine of unclean

19   hands.

20                    **EIGHTH AFFIRMATIVE DEFENSE**

21                         **(Laches)**

22   **8.**      AS AND FOR AN EIGHTH SEPARATE AND DISTINCT AFFIRMATIVE

23   DEFENSE, this answering DEFENDANT alleges that PLAINTIFFS have unreasonably

24   delayed notifying DEFENDANT of the claims alleged in their Complaint, and have

25   unreasonably delayed prosecuting the same after the alleged cause of action arose.

26   DEFENDANT further allege that by reason of such delay, the recollections of witnesses

27   have become unclear, witnesses have become unavailable, such delay has prejudiced

28

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS, LLP

190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL: 415-438-4600
FAX: 415-438-4601

LEWIS.York

-13-                    Case No.: C 08-00672 CRB
**DAVID V. LEWIS' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT AND DAVID V. LEWIS'
COUNTER CLAIM AGAINST PLAINTIFFS**

1  DEFENDANT in preparing and presenting their defenses herein.  Under such

2  circumstances, PLAINTIFFS' claims and actions thereon are barred by the doctrine of

3  laches.

4  **NINTH AFFIRMATIVE DEFENSE**

5  **(Third Party Negligence as Superseding Cause)**

6      **9.**    AS AND FOR A NINTH SEPARATE AND DISTINCT AFFIRMATIVE

7  DEFENSE, this answering DEFENDANT alleges the negligence of a third party acted as a

8  superseding cause of PLAINTIFFS' alleged injury and therefore this answering

9  DEFENDANT are not liable for any alleged injury or damage sustained by PLAINTIFFS.

10  **TENTH AFFIRMATIVE DEFENSE**

11  **(Lack of Jurisdiction)**

12      **10.**    AS AND FOR A TENTH SEPARATE AND DISTINCT AFFIRMATIVE

13  DEFENSE, this answering DEFENDANT alleges that there is no personal jurisdiction or

14  subject matter jurisdiction for this suit against this DEFENDANT.

15  **ELEVENTH AFFIRMATIVE DEFENSE**

16  **(Indemnity)**

17      **11.**    AS AND FOR AN ELEVENTH SEPARATE AND DISTINCT

18  AFFIRMATIVE DEFENSE, this answering DEFENDANT alleges that they contractually

19  and equitably entitled to full indemnification from other DEFENDANTS and third-parties.

20  **TWELFTH AFFIRMATIVE DEFENSE**

21  **(Compromise and Release)**

22      **12.**    AS AND FOR A TWELFTH SEPARATE AND DISTINCT

23  AFFIRMATIVE DEFENSE, this answering DEFENDANT alleges the parties previously

24  reached a settlement in the case of Lynn Spaulding v. David Lewis, et al., Marin County

25  Superior Court, Case No. CIV994752.  That settlement included a settlement of all claims

26  known and unknown including a waiver of rights by the Spauldings of Civil Code § 1542.

27  By virtue of that settlement this action is barred.

28

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS, LLP

190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL: 415-438-4600
FAX: 415-438-4601

LEWIS.York

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Other Defenses Available)

**13.**    AS AND FOR A THIRTEENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, this answering DEFENDANT alleges that they presently have insufficient knowledge or information on which to form a belief as to whether they may have additional, as yet unstated, defenses available. DEFENDANT reserve the right to assert additional defenses in the event that discovery indicates that they would be appropriate.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Breach of Lease)

**14.**    AS AND FOR A FOURTEENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, this answering DEFENDANT alleges that PLAINTIFFS were obligated by the provisions of the lease to maintain the subject Premises in good condition and repair, including the roof, floor and foundations and subflooring.  Any contamination complained of is the direct and proximate result of the PLAINTIFFS' failure to comply with this and other provisions of the lease.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Arbitration)

**15.**    AS AND FOR A FIFTEENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, this answering DEFENDANT alleges that the lease requires all disputes to be resolved by arbitration and the brining of this action is a breach of that lease.

WHEREFORE, this answering DEFENDANT prays that PLAINTIFFS take nothing by reason of the complaint on file and that the complaint, and each cause of action thereof, be dismissed with prejudice and at PLAINTIFFS' cost, and that this answering DEFENDANT have judgment for his costs of suit herein and such other relief as the Court may deem proper and just.

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS, LLP

190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL: 415-438-4600
FAX: 415-438-4601

LEWIS.York

-15-    Case No.:  C 08-00672 CRB
**DAVID V. LEWIS' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT AND DAVID V. LEWIS' COUNTER CLAIM AGAINST PLAINTIFFS**

## DAVID V. LEWIS' COUNTER CLAIM AGAINST PLAINTIFFS

### STATEMENT OF ACTION

1.    Counter-Claimant David Victor Lewis [herein after referred to as "Counter-Claimant"] brings this Counter-Claim against Counter-Defendants ESTATE OF VIOLA B. SPAULDING; FLORENCE SPAULDING, trustee; LYNN SPAULDING, doing business as Spaulding Enterprises; and TINA SPAULDING WARD, doing business as Spaulding Enterprises, THE CONSERVATORSHIP OF EILEEN SPAULDING [hereafter collectively referred to as "Counter-Defendants"].

2.    This action generally arises from the operation of a dry cleaning business at 31 Miller Ave., Mill Valley, California ["the property"] beginning in approximately 1961 and continuing to the present.

### JURISDICTION AND VENUE

3.    The Court has subject matter jurisdiction over this action under CERCLA, 42 U.S.C. §9601 et seq, RCRA, 42 U.S.C. § 6972(a), the Federal Declaratory Judgment Act, 28 U.S.C. §2201 and 28 U.S.C.§1331.  This Court also has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367(a) as those claims are so related to the claims that fall within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

4.    Venue is proper in this Court because a substantial part of the events and omissions giving rise to the claims occurred in this district and the property that is the subject of the action is situated in this district.  28 U.S.C. §1391(b).

### THE PROPERTY AND THE PARTIES

5.        The property at issue in this litigation is located at 31 Miller Ave., Mill Valley, California.  Counter-complainant is informed and believes, and thereon alleges, that the property began being used for a dry cleaning business in approximately 1961.

6.        Counter-Claimant and Counter-Defendants are the current or former owners of the property.  Their exact ownership interest at various relevant times is unknown to

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS, LLP

190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL: 415-438-4600
FAX: 415-438-4601

LEWIS.York

-16-                    Case No.:  C 08-00672 CRB
**DAVID V. LEWIS' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT AND DAVID V. LEWIS'
COUNTER CLAIM AGAINST PLAINTIFFS**

1  counter-complainant.

2  7.          Counter-complainant is informed and believes and thereon alleges that Lynn

3  Spaulding, doing business as Spaulding Enterprises, is one of the current owners of the

4  Property and the successor in interest to Estate of Viola B. Spaulding Trust.

5  8.          Counter-complainant David Victor Lewis, was an employee of York Cleaners,

6  Inc.

7  9.          York Cleaners, Inc. entered into three leases for the portion of the property on

8  which the dry cleaning business was operated.  Each lease was for a five year term.  The

9  lease terms were: June 13, 1987 – June 13, 1992; July 1, 1992 – June 30, 1997, and June 1,

10  1997 – May 31, 2002.  The last lease was terminated in approximately September 1999 by

11  agreement of the parties when the business was sold to third parties.  Each of the leases

12  provides for a recovery of attorneys fees by the prevailing party in any litigation arising

13  under the lease(s).

14  10.          Counter-complainant David Victor Lewis is the former shareholder of York

15  Cleaners, Inc., a dissolved California Corporation (Official Number C0815451).  York

16  Cleaners, Inc. was established May 16, 1977 and was dissolved shortly after the dry

17  cleaning business was sold in September, 1999.  Between May 16, 1977 and the date of its

18  dissolution, York Cleaners, Inc. carried out all of the operations of the dry cleaning business

19  located at the property.

20  11.          Counter-complainant David Victor Lewis is informed and believes, and

21  thereon alleges, that between 1972 and 1987 the leases were entered into solely between

22  Barnard Lewis (deceased) or other persons or entities and Counter-Defendants.

23  12.          David Victor Lewis is informed and believes, and thereon alleges, that prior to

24  1972 a dry cleaning business was operated on the property by the One Hour Martinzing

25  Corporation and that said corporation installed the dry cleaning equipment that was in use

26  on the property up through approximately 1983.

27  13.          David Victor Lewis, as counter-complainant, alleges on information and belief that

28

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS, LLP

190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL: 415-438-4600
FAX: 415-438-4601

LEWIS.York

-17-                    Case No.:  C 08-00672 CRB
**DAVID V. LEWIS' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT AND DAVID V. LEWIS'
COUNTER CLAIM AGAINST PLAINTIFFS**

1    at all times herein relevant, each Counter-defendant was the agent, employee,

2    representative, or co-partner of each of the other Counter-Defendants; that each Counter-

3    Defendant acted in the course and scope of his or her agency, employment, representation,

4    or partnership; and that each Counter-Defendant acted in concert with such other Counter-

5    Defendants to perform the acts or omission alleged herein, or ratified or approved the acts of

6    the others.

7                    **GENERAL ALLEGATIONS AND ENVIRONMENTAL CONDITIONS**

8                                   **ON THE PROPERTY**

9    14. David Victor Lewis alleges on information and belief that the building on the property

10        was constructed in or about 1956.

11   15. David Victor Lewis alleges on information and belief that in or around 1962 Counter-

12        Defendants installed a concrete floor in portions of the property without including an

13        impermeable membrane to prevent the migration of liquids and moisture through the

14        concrete to the soil surfaces below.  This condition was unknown to counter-

15        complainant until after he was no longer the leasee of the property.

16   16. David Victor Lewis alleges on information and belief that throughout their ownership of

17        the property, the plaintiffs and Counter-Defendants had the legal and contractual obligations

18        to maintain various portions of the roof, exterior and structural part of the property

19        including the foundations, footings, utility lines, subflooring and structural aspects of the

20        building including walls and roofing in a state of good order and repair.

21   17. On or about December 30, 1998 York Cleaners, Inc. had a Phase I Environmental

22        Assessment performed on the property by GPI Environmental Management..  This

23        assessment concluded that there was only very low levels of Halogenated Solvents and

24        particularly tetrachloroethene (TCE) in soil samples taken under and adjacent to the dry

25        cleaning equipment and drum storage areas.  The levels of Halogenated Solvents found

26        averaged between 21 and 77 ppb (parts per billion), and the tetrachloroethene was found at

27        just 2 ppb (parts per billion).

28

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS, LLP

190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL: 415-438-4600
FAX: 415-438-4601

LEWIS.York

                                      -18-                    Case No.: C 08-00672 CRB
**DAVID V. LEWIS' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT AND DAVID V. LEWIS'
COUNTER CLAIM AGAINST PLAINTIFFS**

18. The Phase I Environmental Report prepared by GPI Environmental Management was provided to Lynn Spaulding on behalf of Spaulding Enterprises on or around December 30, 1998.

19. On or about May 29, 2007 plaintiffs and Counter-Defendants had a Subsurface Investigation Report prepared by AEI Consultants. AEI Consultants did not take soil samples from directly under or adjacent to the dry cleaning equipment or the drum storage areas of the property, but they did take samples from around the building perimeter. The samples taken by AEI Consultants showed levels of PCE contamination of 0.15 ppm (parts per million). The maximum level found by AEI Consultants was 0.54 ppm.

20. On September 22, 1999 Lynn Spaudling, on her own behalf and on behalf of Spaulding Enterprises filed suit against David Lewis and Bernard Lewis in Marin County Superior Court, Case No. CV. 994752 ("the Marin County litigation"). In the Marin County Litigation the parties disputed the responsibility for conditions of the flooring at the property including specifically the condition of the concrete and sub-flooring which had become rotted as a result of the migration of moisture through the concrete due to the lack of an impermeable membrane under the concrete.

21. During the course of the Marin County litigation the plaintiffs and Counter-Defendants admitted, through their attorney, that the concrete that was installed at the property did not have an impermeable membrane to prevent the migration of moisture through the concrete to the subfloor and the soils below.

22. The Marin County litigation was resolved by settlement pursuant to which Lynn Spaudling and Spaudling Enterprises paid York Cleaners.

23. The settlement that was read into the record of the Marin County Superior Court on October 2, 2000 included a waiver of rights by both parties under California Civil Code Section 1542. By virtue of the prior settlement the claims asserted by plaintiffs and Counter-Defendants in this action against the Estate of Barnard Lewis, York Cleaners, Inc. and David Victor Lewis, are barred.

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS, LLP

190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL: 415-438-4600
FAX: 415-438-4601

LEWIS.York

-19-                                        Case No.: C 08-00672 CRB
**DAVID V. LEWIS' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT AND DAVID V. LEWIS'
COUNTER CLAIM AGAINST PLAINTIFFS**

## FIRST CLAIM FOR RELIEF

### (Breach of Contract / Lease)

24. Counter-Claimant refers to and realleges the above paragraphs and incorporates them herein by reference.

25. Each of the leases referred to above required the plaintiffs and Counter-Defendants to maintain various portions of the property including the foundations, footings, utility lines, subflooring and structural aspects of the building including walls and roofing in a state of good order and repair.

26. The plaintiffs and Counter-Defendants failed to comply with their maintenance and repair obligations under the contract and specifically failed to ensure that concrete flooring that they installed had an impermeable membrane to prevent the migration of moisture into the soil under the property.

27. The plaintiffs and Counter-Defendants further failed to maintain the roof structure in a state of good order and repair, thereby allowing the flow of rainwater into the premises at various times which contributed to the migration into the sub soil of the hazardous materials the plaintiffs now complain of.

28. If the plaintiffs and Counter-Defendants have suffered or will suffer any damages as a result of hazardous substances found in the soil underlying the property, those damages are the direct and proximate result of the failure by plaintiffs and Counter-Defendants to keep and maintain the property in a proper state of repair in violation of their duties under the lease.

29. Defendant and Counter-complainant has and will continue to incur damages as a result of the claims asserted against him and as a result of the environmental conditions now complained of.  As a result, plaintiffs and Counter-Defendants should defend, hold harmless and indemnify David Victor Lewis from and against any claims or damages arising from or related to environmental conditions at the property including, but not limited to, any cross-complaint filed in this action.

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS, LLP

190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL: 415-438-4600
FAX: 415-438-4601

LEWIS.York

30. Defendant and Counter-complainant has performed all duties required of him under the contract.

31. As a further and independent basis for breach of the lease, the plaintiffs and Counter-Defendants have instituted this suit in violation of the arbitration provisions included in the lease.  This action must be stayed pending arbitration, and attorneys fees and costs incurred in responding to the complaint should be awarded to defendant and Counter-Claimant David Victor Lewis.

**SECOND CAUSE OF ACTION**

**(Breach of Contract / Settlement Agreement)**

32. Counter-Claimant refers to and realleges the above paragraphs and incorporates them herein by reference.

33. By virtue of the settlement agreement read into the record in Marin County Superior Court action CV 994752 on October 2, 2000, the claims that are the subject of this action have been and are settled and thereby barred.

34. The plaintiffs and counter-complainants are precluded by the terms of that settlement from maintaining this litigation.

35. Defendant and Counter-complainant has performed all duties required of him under the contract.

36. The failure of the plaintiffs and Counter-Defendants to abide by the terms of the prior settlement of all disputes has and will continue to cause damages to the defendant and Counter-complainant David Victor Lewis including attorneys' fees, costs and expenses.

**THIRD CAUSE OF ACTION**

**(Negligence)**

37. Counter-Claimant refers to and realleges the above paragraphs and incorporates them herein by reference.

38. As the landlords of a commercial building plaintiffs and Counter-Defendants had a duty to keep the premises in a good and safe condition including maintenance of the structural

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS, LLP

190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL: 415-438-4600
FAX: 415-438-4601

LEWIS.York

-21-                                    Case No.: C 08-00672 CRB
**DAVID V. LEWIS' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT AND DAVID V. LEWIS'
COUNTER CLAIM AGAINST PLAINTIFFS**

1    integrity of the building.

2    39. The actions of plaintiff and Counter-Defendant in installing a concrete flooring without

3    a proper moisture barrier was below the standard of care when the construction work was

4    done. Plaintiffs and Counter-Defendants knew that the property was and would continue to

5    be leased to a dry cleaning business and knew or should have known that an impermeable

6    membrane was required for the type of business being conducted.

7    40.  Plaintiffs and Counter-Defendants further acted below the standard of care in failing to

8    maintain the property in good condition and repair thereby allowing the infiltration of water

9    into the work spaces including around the storage of hazardous chemicals and the dry

10   cleaning machinery.  The failure to maintain the property directly and proximately led to the

11   contamination of the underlying soil now complained of.

12   41. As a result of the negligence of the plaintiffs and Counter-Defendants, defendant and

13   Counter-complainant has and will continue to incur damages including the costs and

14   attorneys fees associated with this litigation and he is further exposed to the costs of

15   environmental monitoring and cleanup at the property.

16                          **FOURTH CAUSE OF ACTION**

17                          **(Nuisance and Negligence Per Se)**

18   42. Counter-Claimant refers to and realleges the above paragraphs and incorporates them

19   herein by reference.

20   43. Counter-Claimant alleges that Counter-Defendants, and each of them, negligently and

21   wrongfully caused Hazardous Substances and Hazardous Waste to be Disposed and

22   discharged in the soil and in or on the waters of the State of California in a manner that

23   threatens to create or has created a condition of pollution or nuisance.  The Release of

24   Hazardous Substances, and the practice of allowing their continuing migration by Counter-

25   Defendants is negligence per se and breaches the Counter-Defendants' legal duties under

26   State and Federal Law including : **1)** CERCLA, specifically including CERCLA §107(a)(1-

27   4)(B), 42 U.S.C.§9607(a)(1-4(b);  **2)** RCRA §3008(a), 42 U.S.C.§6928(a);  **3)** California

28

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS, LLP

190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL: 415-438-4600
FAX: 415-438-4601

LEWIS.York

                                  -22-                    Case No.:  C 08-00672 CRB
**DAVID V. LEWIS' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT AND DAVID V. LEWIS'
COUNTER CLAIM AGAINST PLAINTIFFS**

1   Health and Safety Code, section 25363;  **4**) California Health and Safety Code, section

2   25249.5, and **5**) California Water Code section 13304(C).

3   44. CERCLA §107(a)(1-4),(B), 42 U.S.C.§9607(a)(1-4(b); RCRA §3008(a), 42

4   U.S.C.§6928(a); California Health and Safety Code, Sections 25363 and 25249.5, and

5   California Water Code section 13304(C) impose certain duties on responsible parties for

6   Releases of Hazardous Substances and Hazardous Wastes.

7   45. The Releases of Hazardous Substances and/or Wastes caused or contributed to by

8   Counter-Defendants have created a condition that injures or endangers the health and

9   interfered or interferes with the public's and Counter-Claimant' comfortable enjoyment of

10  life or property, or both.  Counter-Defendants' breach of duty has or will in the future cause

11  Counter-Claimant to incur costs associated with the investigation, monitoring, removal or

12  remediation of the alleged contamination of the Site.

13  46. Counter-Claimant did not Dispose or discharge Hazardous Substances or Hazardous

14  Wastes, or both, and did not cause a condition of pollution or nuisance pre-existing at the

15  Site.  Counter-Claimant are not responsible for any such condition of pollution or nuisance

16  and are therefore entitled to indemnification and contribution from Counter-Defendants, and

17  each of them, for the costs and expenditures Counter-Claimant have incurred or will incur in

18  connection with investigation, monitoring, removal and/or remediation of the alleged

19  contamination in the waters of the State of California and any administrative and/or civil

20  penalties imposed on Counter-Claimant.

21  47. The resulting damages and harm alleged herein above is the specific harm and damage

22  from which Counter-Claimant may seek contribution or indemnity pursuant to CERCLA

23  §107(a)(1-4),(B), 42 U.S.C.§9607(a)(1-4(b); RCRA §3008(a), 42 U.S.C.§6928(a);

24  California Health and Safety Code, section 25363; California Health and Safety Code,

25  section 25249.5, and California Water Code section 13304(C).

26  48. Counter-Claimant belong to the class of persons that the are designed to afford

27  protection and relief because members of the class have beneficial rights in the

28

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS, LLP

190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL: 415-438-4600
FAX: 415-438-4601

LEWIS.York

-23-                    Case No.:  C 08-00672 CRB
**DAVID V. LEWIS' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT AND DAVID V. LEWIS'
COUNTER CLAIM AGAINST PLAINTIFFS**

1    Environment, for clean air and drinking water.

2    49. As a direct, proximate, and actual result of the wrongful acts and/or omissions of

3    Counter-Defendants, and each of them, Counter-Claimant have and will continue to suffer

4    general, consequential and compensatory damages in amounts that are not yet fully

5    ascertained.  These damages include, but are not limited to the following:

6          (A)    Damages due to contamination of the soil and groundwater on the Site; and

7          (B)    Any and all amounts Counter-Claimant have incurred or will incur for the

8    investigation, assessment, monitoring, removal and remediation of the contamination.

9    These amounts are in excess of the minimum jurisdictional amounts of this Court and will

10    be established according to proof at the time of trial.

11                    **FIFTH CAUSE OF ACTION**

12          **(Contribution Pursuant to CERCLA §§107(a), 113(f)**

13    50. Counter-Claimant refers to and realleges the above paragraphs and incorporates them

14    herein by reference.

15    51. As compared to the Counter-Defendants, who actively and negligently discharged or

16    Disposed of Hazardous Substances and/or caused the release into the environment, Counter-

17    Claimant is blameless.  Any of Counter-Claimants' potential liability stems from the fact

18    that it leased property from the plaintiffs and Counter-Defendants which they knew or

19    should have known was not properly and suitably constructed for the use of a dry cleaning

20    business and which they thereafter failed and refused to properly maintain.

21    52. At all relevant times herein, Counter-Claimant did not know or suspect, nor were they in

22    a position to know or suspect, that the Counter-Defendants had previously discharged or

23    allowed to be discharged from the property hazardous substances.

24    53. To the extent any party has incurred recoverable Response Costs pursuant to CERCLA

25    §107(a), 42 U.S.C. 9607(a), and such party asserts liability for some or all of those costs

26    against Counter-Claimant pursuant to CERCLA §107(a), 42 U.S.C.§9607(a), or asserts a

27    contribution claim against Counter-Claimant for such costs incurred by another party

28

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS, LLP

190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL: 415-438-4600
FAX: 415-438-4601

LEWIS.York

Case No.: C 08-00672 CRB
**DAVID V. LEWIS' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT AND DAVID V. LEWIS'
COUNTER CLAIM AGAINST PLAINTIFFS**

1   pursuant to CERCLA §113(f)(1), 42 U.S.C. §9613(f)(1) or CERCLA §107(a), 42 U.S.C.

2   §9607(a), Counter-Claimant is entitled to one hundred percent (100%) contribution, or

3   contribution in such other percentage as this Court deems appropriate, pursuant to CERCLA

4   §113(f)(1), 42 U.S.C.§9613(f)(1) or CERCLA §107(a), 42 U.S.C.§9607(a), collectively

5   from all Counter-Defendants.

6   **SIXTH CAUSE OF ACTION**

7   **(Declaratory Relief Under Federal Law Pursuant to CERCLA §113(g),**

8   **SWDA §1002, and U.S.C. §2201)**

9   54. Counter-Claimant refers to and realleges the above paragraphs and incorporates them

10  herein by reference.

11  55. A dispute has arisen and an actual controversy exists between Counter-Claimant and

12  Counter-Defendants in that Counter-Claimant claims that Counter-Defendants, and each of

13  them severally, are obligated to indemnify Counter-Claimant against and reimburse

14  Counter-Claimant for all necessary Response Costs and any other costs and attorneys' fees

15  past or future incurred by Counter-Claimant in responding to the Released Hazardous

16  Substances or taking any other removal or remedial action as a result of Counter-

17  Defendants' acts and conduct.

18  56. Substantial costs have been and will be incurred by Counter-Claimant over time and

19  during the course of this action.  Unless declaratory relief is granted, it will be necessary for

20  Counter-Claimant to commence many successive actions against Counter-Defendants, and

21  each of them, to secure compensation for the costs incurred and damages sustained, thus,

22  requiring a multiplicity of suits.

23  57. Counter-Claimant is entitled to and hereby seek a declaratory judgment, pursuant to

24  CERCLA §113(g)(2), 42 U.S.C. §9613(g)(2), of Counter-Defendants' liability to Counter-

25  Claimant for all Response costs incurred and/or to be incurred by Counter-Claimant in

26  implementing the remedial action plan for responding to the Releases of Hazardous

27  Substances and Hazardous Wastes and adverse environmental consequences at issue.

28

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS, LLP

190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL: 415-438-4600
FAX: 415-438-4601

LEWIS.York

-25-                          Case No.:  C 08-00672 CRB
**DAVID V. LEWIS' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT AND DAVID V. LEWIS'
COUNTER CLAIM AGAINST PLAINTIFFS**

58. Counter-Claimant is entitled to and hereby seeks a declaratory judgement, of Counter-Defendants' liability to Counter-Claimant for all Response Costs incurred or to be incurred by Counter-Claimant in removing and/or remediating the Site due to the Release of Hazardous Substances and/or Hazardous Waste, which pose an immediate and substantial endangerment to health and the Environment.

59. Counter-Claimant is entitled to, and hereby seeks, a judicial determination pursuant to the Federal Declaratory Relief Act, 28 U.S.C.§2201, of Counter-Claimant's right to reimbursement from and indemnification by Counter-Defendants, and each of them, for all costs, jointly and severally, which Counter-Claimant may incur resulting from Counter-Defendants' Release of Hazardous Substances into the Environment.

## SEVENTH CAUSE OF ACTION

### (Recovery Under the California Hazardous Substances Account Act, California Health and Safety Code Sections 25300 Et Seq.)

60. Counter-Claimant refers to and realleges the above paragraphs and incorporates them herein by reference.

61. The HSAA provides for an action by parties who have incurred removal or remediation costs under the HSAA.  Pursuant to HSAA, such parties may seek contribution or indemnity for those costs from any "person" that is a liable person within the meaning of Cal. Health & Safety Code section 25323.5.  Counter-Defendants are "responsible parties" or liable persons" who are liable under such sections within the meaning of Cal. Health & Safety Code section 25323.5.

62. Counter-Claimant has incurred and will continue to incur necessary Response Costs with respect to the contamination Counter-Defendants caused on the Site.

63. Counter-Claimant alleges that the response actions undertaken by Counter-Claimant have been and will be pursuant to state and federal authorization and approval under CERCLA, and are and will be consistent with the NCP.

64. Counter-Claimant has satisfied any and all conditions precedent under California law or

COX, WOOTTON, GRIFFIN, HANSEN & POULOS, LLP

190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL: 415-438-4600
FAX: 415-438-4601

LEWIS.York

Case No.:  C 08-00672 CRB
**DAVID V. LEWIS' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT AND DAVID V. LEWIS' COUNTER CLAIM AGAINST PLAINTIFFS**

1    otherwise in the undertaking of response actions and incurring of Response Costs related to

2    the Site and the recovery of such costs from the Counter-Defendants.

3    65. Pursuant to Cal. Health & Safety Code section 25363(e), the Counter-Defendants are

4    liable to Counter-Claimant for all of the Response Costs incurred and to be incurred as a

5    result of the Release at and from the Site, in addition to interest thereon, at the maximum

6    rate allowed by law.

7                            **EIGHTH CAUSE OF ACTION**

8                              **(Equitable Indemnity)**

9                         **(Against All Counter-Defendants)**

10    66. Counter-Claimant refers to and realleges the above paragraphs and incorporates them

11    herein by reference.

12    67. To the extent that Counter-Claimant has been or will be compelled by the operation of

13    applicable federal and state laws to incur necessary Response Costs consistent with the NCP

14    and other abatement costs to investigate, study, and remove the pollutants from the surface

15    and sub-surface soils and groundwater beneath and adjacent to the Site and to take other

16    response actions necessary to protect public health and the Environment, and to enforce the

17    liability schemes set forth in RCRA, CERCLA and in state and local law, then Counter-

18    Defendants are liable for and required to indemnify Counter-complainant for those costs.

19    68. Counter-Defendants, and each of them, are entirely liable for the contamination that

20    resulted from the Release of Hazardous Substances or Hazardous Wastes, or both, into the

21    Environment from the Site.  The Release of Hazardous Substances or Hazardous Wastes, or

22    both, into the Environment by Counter-Defendants was negligent, careless, wrongful, and

23    unlawful.  Counter-Claimant' costs for environmental assessment clean-up and remediation,

24    if any are incurred, are solely the result of Counter-Defendants' negligent, careless,

25    wrongful and unlawful conduct in the course of their profit-making activities.  The Counter-

26    Defendants have benefited monetarily from their environmentally irresponsible methods of

27    Operation, failure to maintain the property, discharging and Disposing of their toxic wastes

28

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS, LLP

190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL: 415-438-4600
FAX: 415-438-4601

LEWIS.York

-27-                        Case No.: C 08-00672 CRB
**DAVID V. LEWIS' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT AND DAVID V. LEWIS'
COUNTER CLAIM AGAINST PLAINTIFFS**

1  in a manner that was at least negligent, if not intentional.

2  69. Counter-Defendants, and each of them, are therefore bound and obligated jointly and

3  severally, to indemnify and hold harmless Counter-Claimant from and against any and all

4  Response Costs and any other costs heretofore or hereafter incurred by Counter-Claimant in

5  responding to the Release of Hazardous Substances and Hazardous Wastes by Counter-

6  Defendants.

7  **<u>NINTH CAUSE OF ACTION</u>**

8  **(Declaratory Relief Under State Law Pursuant to**

9  **California Code of Civil Procedure Section 1060)**

10  **(Against All Counter-Defendants)**

11  70. Counter-Claimant refers to and realleges the above paragraphs and incorporates them

12  herein by reference.

13  71. A dispute has arisen and an actual controversy exists between Counter-Claimant and

14  Counter-Defendants in that Counter-Claimant claims that Counter-Defendants jointly and

15  severally, are obligated to indemnify Counter-Claimant against, and reimburse Counter-

16  Claimant for, all Response Costs and any and other costs heretofore or hereafter incurred by

17  Counter-Claimant in removing the Hazardous Substances and/or Hazardous Waste or taking

18  any other removal or remedial action as a result of Counter-Defendants' conduct

19  complained of herein, and Counter-Defendants deny such obligation.

20  72. Substantial costs will be incurred by Counter-Claimant over time and after conclusion of

21  this action.  Unless declaratory relief is granted, it will be necessary for Counter-Claimant to

22  commence many successive actions against Counter-Defendants to secure compensation for

23  damages sustained, thus, requiring a multiplicity of suits.

24  73. Counter-Claimant requests a judicial determination pursuant to California Code of Civil

25  Procedure Section 1060 of Counter-Claimant' right to reimbursement and indemnification

26  by Counter-Defendants for all costs heretofore or hereafter incurred by Counter-Claimant as

27  a result of Counter-Defendants' conduct complained of herein.

28

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS, LLP

190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL: 415-438-4600
FAX: 415-438-4601

LEWIS.York

-28-                                     Case No.: C 08-00672 CRB
**DAVID V. LEWIS' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT AND DAVID V. LEWIS'
COUNTER CLAIM AGAINST PLAINTIFFS**

1    WHEREFORE, Counter-Claimant prays for judgment as against Counter-

2    Defendants, and each of them as follows:

3    1.    For total contribution from all Counter-Defendants for all Response Costs

4          that have been or will hereafter be incurred by Counter-Claimant as required

5          by law in response to the Release and threatened Release of Hazardous

6          Substances or Hazardous Wastes, or both, and in enforcement of CERCLA's

7          statutory liability scheme, or in an amount this Court deems appropriate; and

8    2.    For a declaration that Counter-Claimant is entitled to full indemnity from

9          Counter-Defendants, jointly and severally, for all Response Costs and any

10         other costs incurred in removal or remediation efforts in response to the

11         discharge of pollutants by Counter-Defendants;

12   3.    For a stay of this litigation pending arbitration pursuant to the terms of the

13         leases;

14   4.    For attorneys' fees;

15   5.    For costs of suit incurred herein; and

16   6.    For such other and further relief as the Court may deem just and proper.

17                    **<u>DEMAND FOR JURY TRIAL</u>**

18         Counter-Claimant hereby demands a trial by jury of any and all claims and issues

19   triable of right by a jury.

20   Dated: March 18,  2008              COX, WOOTTON, GRIFFIN, HANSEN
                                        & POULOS, LLP
21                                      Attorneys for Defendant
                                        DAVID VICTOR LEWIS, an individual
22

23                                      

24                                      By _____
                                             Gregory W. Poulos
25

26                                          Courtney M. Crawford

27

28

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS, LLP

190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL: 415-438-4600
FAX: 415-438-4601

LEWIS.York

-29-                                    Case No.: C 08-00672 CRB
**DAVID V. LEWIS' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT AND DAVID V. LEWIS'
COUNTER CLAIM AGAINST PLAINTIFFS**