1   **COX, WOOTTON, GRIFFIN,**
    **HANSEN & POULOS, LLP**
2   Gregory W. Poulos (SBN 131428)
    Courtney M. Crawford (SBN 242567)
3   190 The Embarcadero
    San Francisco, CA  94105
4   Telephone No.: 415-438-4600
    Facsimile No.:  415-438-4601
5
    Attorneys for Defendants
6   YORK CLEANERS INC., a dissolved corporation
    and DAVID VICTOR LEWIS, an individual
7

8                **IN THE UNITED STATES DISTRICT COURT**

9               **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

10  ESTATE OF VIOLA B. SPAULDING;      ) Case No.:  C 08-00672 CRB
    FLORENCE SPAULDING, trustee; LYNN  )
11  SPAULDING, doing business as Spaulding ) **YORK CLEANERS INC.'S ANSWER**
    Enterprises; and TINA SPAULDING    ) **TO PLAINTIFFS' FIRST AMENDED**
12  WARD, doing business as Spaulding   ) **COMPLAINT AND YORK**
    Enterprises, THE CONSERVATORSHIP   ) **CLEANERS INC.'S COUNTER CLAIM**
13  OF EILEEN SPAULDING,               ) **AGAINST PLAINTIFFS AND**
                                       ) **DEMAND FOR JURY TRIAL**
14                  Plaintiffs,        )
                                       )
15          v.                         )
                                       )
16  YORK CLEANERS, INC., a dissolved   )
    California Corporation; ESTATE OF  )
17  BARNARD LEWIS, DECEASED; DAVID     )
    VICTOR LEWIS, an individual; MARTIN )
18  FRANCHISES, INC., an Ohio corporation; )
    SETH R. DOLE, an individual; and RUTH )
19  DOLE, an individual and DOES 1 through )
    100,                               )
20                                     )
                    Defendants.        )
21                                     )
                                       )
22                                     )
                                       )
23                                     )
                                       )
24                                     )
                                       )
25                                     )
                                       )
26                                     )
                                       )
27                                     )
                                       )
28  ─────────────────────────────────

**YORK CLEANERS INC.'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT AND YORK CLEANERS INC.'S COUNTER CLAIM AGAINST PLAINTIFFS**

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS, LLP

190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL: 415-438-4600
FAX: 415-438-4601

LEWIS.York

YORK CLEANERS, INC., a dissolved )
California Corporation; )
)
        Counter-Claimant, )
)
v. )
)
ESTATE OF VIOLA B. SPAULDING; )
FLORENCE SPAULDING, trustee; LYNN )
SPAULDING, doing business as Spaulding )
Enterprises; and TINA SPAULDING )
WARD, doing business as Spaulding )
Enterprises, THE CONSERVATORSHIP OF )
EILEEN SPAULDING, and ROES 1-100, )
)
        Counter-Defendants. )

## YORK CLEANERS INC.'S ANSWER TO PLAINTIFFS' FIRST AMENDED

## COMPLAINT

DEFENDANT YORK CLEANERS INC., a dissolved California Corporation ["DEFENDANT"], pursuant to California Code of Civil Procedure Section 431.30(d), responds to Plaintiffs ESTATE OF VIOLA B. SPAULDING; FLORENCE SPAULDING, trustee; LYNN SPAULDING, doing business as Spaulding Enterprises; and TINA SPAULDING WARD, doing business as Spaulding Enterprises, THE CONSERVATORSHIP OF EILEEN SPAULDING's [PLAINTIFFS] First Amended Complaint by generally denying the allegations of each and every cause of action contained therein, and by denying that PLAINTIFFS have been damaged in the sum alleged in the First Amended Complaint, or in any other sums, or at all.

## NATURE OF THE ACTION

**Paragraph 1:** This is an introductory paragraph to which no response is required. To the extent that a response is deemed to be required, the allegations are denied.

**Paragraph 2:** DEFENDANT lacks sufficient information and belief as to the truth of the allegations in this paragraph and on that basis deny them.

**Paragraph 3:** DEFENDANT lacks sufficient information and belief as to the truth of the allegations in this paragraph and on that basis deny them.

## PARTIES

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS, LLP

190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL: 415-438-4600
FAX: 415-438-4601

LEWIS.York

-2-                    Case No.: C 08-00672 CRB
**YORK CLEANERS INC.'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT AND YORK CLEANERS INC.'S COUNTER CLAIM AGAINST PLAINTIFFS**

*PLAINTIFFS*

**Paragraphs 4 - 8:** DEFENDANT lacks sufficient information and belief as to the truth of the allegations in these paragraphs and on that basis deny them.

*DEFENDANTS*

**Paragraph 9:** Admitted.

**Paragraph 10:** DEFENDANT admits that Barnard Lewis first operated a dry-cleaning business as a "One Hour Martinizing" franchise in the 1970's and later changed the name to 'York Cleaners.'"  DEFENDANT also admits that Barnard Lewis died on December 30, 2007.  Except as so expressly admitted, all other allegations are denied.

**Paragraph 11:** DEFENDANT admits that David Victor Lewis operated a dry cleaning business at 31 Miller Ave.  known as "York Cleaners."  DEFENDANT deny all other allegations in this paragraph.

**Paragraph 12:** DEFENDANT lacks sufficient information and belief as to the truth of the allegations in this paragraph and on that basis deny them.

**Paragraph 13:** DEFENDANT lacks sufficient information and belief as to the truth of the allegations in this paragraph and on that basis deny them.

**Paragraph 14:** DEFENDANT lacks sufficient information and belief as to the truth of the allegations in this paragraph and on that basis deny them.

**Paragraph 15:** DEFENDANT lacks sufficient information and belief as to the truth of the allegations in this paragraph and on that basis deny them.

**JURISDICTION, VENUE, AND NOTICE**

**Paragraph 16:** This is a jurisdictional allegation to which no response is required.

**Paragraph 17:** This is a jurisdictional allegation to which no response is required.

**Paragraph 18:** This is a jurisdictional allegation to which no response is required.

**Paragraph 19:** DEFENDANT admits receipt of a "Notice of Endangerment."  Except as so expressly admitted, DEFENDANT lacks sufficient information and belief as to the truth of the matters asserted and on that basis deny them.

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS, LLP

190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL: 415-438-4600
FAX: 415-438-4601

LEWIS.York

Case No.:  C 08-00672 CRB
**YORK CLEANERS INC.'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT AND YORK CLEANERS INC.'S COUNTER CLAIM AGAINST PLAINTIFFS**

**Paragraph 20:** DEFENDANT admits that suit was filed more than 90 days after their receipt of the "Notice of Endangerment."

**Paragraph 21:** Denied.

## GENERAL ALLEGATIONS

**Paragraph 22:** DEFENDANT lacks sufficient information and belief as to the truth of the allegations in this paragraph and on that basis deny them.

**Paragraph 23:** DEFENDANT lacks sufficient information and belief as to the truth of the allegations in this paragraph and on that basis deny them.

**Paragraph 24:** Admitted.

**Paragraph 25:** DEFENDANT lacks sufficient information and belief as to the truth of the allegations in this paragraph and on that basis deny them.

**Paragraph 26:** Denied.

**Paragraph 27:** Denied.

**Paragraph 28:** Denied.

**Paragraph 29:** Denied.

### FIRST CAUSE OF ACTION
### (Abatement of an Imminent and Substantial Endangerment – RCRA §7002(a)(1)(B)
### (Against All DEFENDANTS)

**Paragraph 30:** DEFENDANT incorporates by reference its responses to paragraphs 1 through 29 above.

**Paragraph 31:** This is a statement of law to which no response is required.

**Paragraph 32:** This is a statement of law to which no response is required.

**Paragraph 33:** This is a statement of law to which no response is required.

**Paragraph 34:** This is a statement of law to which no response is required.

**Paragraph 35:** DEFENDANT deny any discharge of solid or dissolved material.

**Paragraph 36:** This is a statement of law to which no response is required.

**Paragraph 37:** This is a statement of law to which no response is required.

**Paragraph 38:** This is a statement of law to which no response is required.

**Paragraph 39:** Denied.

COX, WOOTTON, GRIFFIN, HANSEN & POULOS, LLP

190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL: 415-438-4600
FAX: 415-438-4601

LEWIS.York

-4-                                                    Case No.:  C 08-00672 CRB
**YORK CLEANERS INC.'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT AND YORK CLEANERS INC.'S COUNTER CLAIM AGAINST PLAINTIFFS**

**Paragraph 40:** This is a statement of law to which no response is required.

**Paragraph 41:** DEFENDANT denies any release.

**Paragraph 42:** Denied.

**Paragraph 43:** Denied.

**Paragraph 44:** Denied.

**Paragraph 45:** Denied.

**SECOND CAUSE OF ACTION**
**(Cost Recovery – CERCLA §107(a))**
**(Against All DEFENDANTS)**

**Paragraph 46:** DEFENDANT incorporates by reference its responses to paragraphs 1 through 45 above.

**Paragraph 47:** Denied.

**Paragraph 48:** Denied.

**Paragraph 49:** Denied.

**Paragraph 50:** Denied.

**Paragraph 51:** This is a statement of law to which no response is required.

**Paragraph 52:** Denied.

**Paragraph 53:** Denied.

**Paragraph 54:** Denied.

**THIRD CAUSE OF ACTION**
**(Contribution – CERLA §113(f)**
**(Against All DEFENDANTS)**

**Paragraph 55:** DEFENDANT incorporates by reference its responses to paragraphs 1 through 54 above.

**Paragraph 56:** Denied.

**Paragraph 57:** Denied.

**FOURTH CAUSE OF ACTION**
**(Abatement of a Public Nuisance)**
**(Against All DEFENDANTS)**

**Paragraph 58:** DEFENDANT incorporates by reference its responses to paragraphs 1 through 57 above.

**Paragraph 59:** This is a statement of law to which no response is required.

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS, LLP

190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL: 415-438-4600
FAX: 415-438-4601

LEWIS.York

**Paragraph 60:** This is a statement of law to which no response is required.

**Paragraph 61:** This is a statement of law to which no response is required.

**Paragraph 62:** Denied.

**Paragraph 63:** Denied.

**Paragraph 64:** Denied.

**Paragraph 65:** Denied.

**Paragraph 66:** Denied.

**Paragraph 67:** DEFENDANT admits that plaintiff's complaint constitutes a demand.

**Paragraph 68:** Denied.

**Paragraph 69:** Denied.

**FIFTH CAUSE OF ACTION**
**(Abatement of a Public Nuisance *Per Se*)**
**(Against All DEFENDANTS)**

**Paragraph 70:** DEFENDANT incorporates by reference its responses to paragraphs 1 through 69 above.

**Paragraph 71:** Denied.

**Paragraph 72:** Denied.

**Paragraph 73:** This is a general demand to which no response is required.

**SIXTH CAUSE OF ACTION**
**(Abatement of a Continuing Private Nuisance)**
**(Against All DEFENDANTS)**

**Paragraph 74:** DEFENDANT incorporates by reference its responses to paragraphs 1 through 73 above.

**Paragraph 75:** Denied.

**Paragraph 76:** Denied.

**Paragraph 77:** DEFENDANT admits that plaintiff's complaint constitutes a demand.

**Paragraph 78:** Denied.

**Paragraph 79:** Denied.

**Paragraph 80:** Denied.

**SEVENTH CAUSE OF ACTION**

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS, LLP

190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL: 415-438-4600
FAX: 415-438-4601

LEWIS.York

Case No.:  C 08-00672 CRB
YORK CLEANERS INC.'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT AND YORK CLEANERS
INC.'S COUNTER CLAIM AGAINST PLAINTIFFS

**(Abatement of a Continuing Private Nuisance *Per Se*)**
**(Against All DEFENDANTS)**

**Paragraph 81:** DEFENDANT incorporates by reference its responses to paragraphs 1 through 80 above.

**Paragraph 82:** Denied.

**Paragraph 83:** Denied.

**Paragraph 84:** Denied.

**EIGHTH CAUSE OF ACTION**
**(Continuing Trespass)**
**(Against All DEFENDANTS)**

**Paragraph 85:** DEFENDANT incorporates by reference its responses to paragraphs 1 through 84 above.

**Paragraph 86:** Denied.

**Paragraph 87:** Denied.

**Paragraph 88:** Denied.

**Paragraph 89:** Denied.

**Paragraph 90:** Denied.

**NINTH CAUSE OF ACTION**
**(Negligence)**
**(Against All DEFENDANTS)**

**Paragraph 91:** DEFENDANT incorporates by reference its responses to paragraphs 1 through 90 above.

**Paragraph 92:** Denied.

**Paragraph 93:** Denied.

**Paragraph 94:** Denied.

**Paragraph 95:** Denied.

**Paragraph 96:** Denied.

**Paragraph 97:** Denied.

**Paragraph 98:** Denied.

**TENTH CAUSE OF ACTION**
**(Negligence *Per Se*)**
**(Against All DEFENDANTS)**

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS, LLP

190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL: 415-438-4600
FAX: 415-438-4601

LEWIS.York

-7-                    Case No.:  C 08-00672 CRB
**YORK CLEANERS INC.'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT AND YORK CLEANERS INC.'S COUNTER CLAIM AGAINST PLAINTIFFS**

**Paragraph 99:** DEFENDANT incorporates by reference its responses to paragraphs 1 through 98 above.

**Paragraph 100:** Denied.

**Paragraph 101:** Denied.

**Paragraph 102:** Denied.

**Paragraph 103:** Denied.

### ELEVENTH CAUSE OF ACTION
### (Ultrhazardous Activity)
### (Against All DEFENDANTS)

**Paragraph 104:** DEFENDANT incorporates by reference its responses to paragraphs 1 through 103 above.

**Paragraph 105:** Denied.

**Paragraph 106:** Denied.

**Paragraph 107:** Denied.

### TWELFTH CAUSE OF ACTION
### (Contribution)
### (Against All DEFENDANTS)

**Paragraph 108:** DEFENDANT incorporates by reference its responses to paragraphs 1 through 107 above.

**Paragraph 109:** Denied.

**Paragraph 110:** Denied.

**Paragraph 111:** Denied.

### THIRTEENTH CAUSE OF ACTION
### (Contribution Under the Hazardous Substance Account Act)
### (Against All DEFENDANTS)

**Paragraph 112:** DEFENDANT incorporates by reference its responses to paragraphs 1 through 111 above.

**Paragraph 113:** This is a statement of law to which no response is required.

**Paragraph 114:** This is a statement of law to which no response is required.

**Paragraph 115:** This is a statement of law to which no response is required.

**Paragraph 116:** This is a statement of law to which no response is required.

**Paragraph 117:** Denied.

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS, LLP

190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL: 415-438-4600
FAX: 415-438-4601

LEWIS.York

Case No.:  C 08-00672 CRB
**YORK CLEANERS INC.'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT AND YORK CLEANERS INC.'S COUNTER CLAIM AGAINST PLAINTIFFS**

**Paragraph 118:** Denied.

**Paragraph 119:** Denied.

**Paragraph 120:** DEFENDANT lacks sufficient information and belief as to the truth of the matters asserted in this paragraph and therefore they are denied.

**Paragraph 121:** Denied.

**FOURTEENTH CAUSE OF ACTION**
**(Equitable Indemnity)**
**(Against All DEFENDANTS)**

**Paragraph 122:** DEFENDANT incorporates by reference its responses to paragraphs 1 through 121 above.

**Paragraph 123:** Denied.

**Paragraph 124:** Denied.

**Paragraph 125:** Denied.

**Paragraph 126:** Denied.

**Paragraph 127:** Denied.

**FIFTEENTH CAUSE OF ACTION**
**(Breach of Contract)**
**(Against All DEFENDANTS)**

**Paragraph 128:** DEFENDANT incorporates by reference its responses to paragraphs 1 through 127 above.

**Paragraph 129:** Admitted.

**Paragraph 130:** DEFENDANT deny that the leases precluded the use and storage of hazardous substances but admit that the use and storage was required to comply with environmental laws then in effect.

**Paragraph 131:** Denied.

**Paragraph 132:** Denied.

**Paragraph 133:** Denied. Plaintiff's were provided with a Phase 1 Environmental Report in or about December 1998.

**Paragraph 134:** Denied.

**Paragraph 135:** Denied.

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS, LLP

190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL: 415-438-4600
FAX: 415-438-4601

LEWIS.York

1  **Paragraph 136:** DEFENDANT admits that the complaint constitutes a demand.

2  **Paragraph 137:** DEFENDANT admits that the lease contains an attorneys' fees provision.

3  Except as so expressly admitted, all other allegations in paragraph 137 are denied.

4  **Paragraph 138:** Denied.

5  **SIXTEENTH CAUSE OF ACTION**<br>**(Waste)**<br>**(Against All DEFENDANTS)**

6

7  **Paragraph 139:** DEFENDANT incorporates by reference its responses to paragraphs 1

   through 138 above.

8

9  **Paragraph 140:** Denied.

10 **Paragraph 141:** Denied.

11 **Paragraph 142:** Denied.

**SEVENTEENTH CAUSE OF ACTION**<br>**(Intentional Infliction of Emotional Distress)**<br>**(Against All DEFENDANTS)**

12

13 **Paragraph 143:** DEFENDANT incorporates by reference its responses to paragraphs 1

14 through 142 above.

15 **Paragraph 144:** Denied.

16 **Paragraph 145:** Denied.

17 **Paragraph 146:** Denied.

**EIGHTEENTH CAUSE OF ACTION**<br>**(Negligent Infliction of Emotional Distress)**<br>**(Against All DEFENDANTS)**

18

19

20 **Paragraph 147:** DEFENDANT incorporates by reference its responses to paragraphs 1

   through 146 above.

21

22 **Paragraph 148:** Denied.

23 **Paragraph 149:** Denied.

**NINETEENTH CAUSE OF ACTION**<br>**(Fraud and Concealment)**<br>**(Against All DEFENDANTS)**

24

25 **Paragraph 150:** DEFENDANT incorporates by reference its responses to paragraphs 1

26 through 149 above.

27 **Paragraph 151:** Denied.

28

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS, LLP

190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL: 415-438-4600
FAX: 415-438-4601

LEWIS.York

**YORK CLEANERS INC.'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT AND YORK CLEANERS INC.'S COUNTER CLAIM AGAINST PLAINTIFFS**

**Paragraph 152:** Denied.

**Paragraph 153:** DEFENDANT lacks sufficient information and belief as to the truth of the matters asserted in this paragraph and therefore they are denied.

**Paragraph 154:** Denied.

**Paragraph 155:** Denied.

**Paragraph 156:** DEFENDANT lacks sufficient information and belief as to the truth of the matters asserted in this paragraph and therefore they are denied.

**Paragraph 157:** Denied.

**Paragraph 158:** Denied.

**Paragraph 159:** Denied.

**Paragraph 160:** Denied.

**TWENTIETH CAUSE OF ACTION**
**(Declaratory Relief)**
**(Against All DEFENDANTS)**

**Paragraph 161:** DEFENDANT incorporates by reference its responses to paragraphs 1 through 160 above.

**Paragraph 162:** Admitted.

**Paragraph 163:** Denied.

**Paragraph 164:** Denied.

**Paragraph 165:** Denied.

**Paragraph 166:** Denied.

**AFFIRMATIVE DEFENSES**

FURTHER ANSWERING, DEFENDANT assert the following affirmative defenses:

**FIRST AFFIRMATIVE DEFENSE**

**(Contributory Negligence)**

**1.**    AS AND FOR A FIRST SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, this answering DEFENDANT alleges that PLAINTIFFS were negligent in and about the matters alleged in said Complaint, and each cause of action thereof, and that said

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS, LLP

190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL: 415-438-4600
FAX: 415-438-4601

LEWIS.York

Case No.: C 08-00672 CRB
**YORK CLEANERS INC.'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT AND YORK CLEANERS INC.'S COUNTER CLAIM AGAINST PLAINTIFFS**

1    negligence contributed directly and proximately to the happening of the accident giving rise

2    to this lawsuit and the damages, if any, alleged therein.

3    ## SECOND AFFIRMATIVE DEFENSE

4    **(Comparative Negligence)**

5    **2.**    AS AND FOR A SECOND SEPARATE AND DISTINCT AFFIRMATIVE

6    DEFENSE, this answering DEFENDANT alleges that the injuries and damages complained

7    of by PLAINTIFFS, if any there were, were either wholly or in part directly and proximately

8    caused by the negligence of persons or entities other than this answering DEFENDANT,

9    and said negligence is either imputed to PLAINTIFFS by reason of the relationship between

10   PLAINTIFFS and said persons or entities, or comparatively reduces the proportion of

11   negligence and corresponding liability of this answering DEFENDANT.

12   ## THIRD AFFIRMATIVE DEFENSE

13   **(Failure to State a Cause of Action)**

14   **3.**    AS AND FOR A THIRD SEPARATE AND DISTINCT AFFIRMATIVE

15   DEFENSE, this answering DEFENDANT alleges that neither PLAINTIFFS' Complaint,

16   nor any of the alleged causes of action therein, state facts sufficient to constitute a cause of

17   action against this answering DEFENDANT.

18   ## FOURTH AFFIRMATIVE DEFENSE

19   **(Statute of Limitations)**

20   **4.**    AS AND FOR A FOURTH SEPARATE AND DISTINCT AFFIRMATIVE

21   DEFENSE, this answering DEFENDANT alleges that PLAINTIFFS' claims and causes of

22   action against this DEFENDANT is barred by each and every applicable statute of

23   limitations.

24   ## FIFTH AFFIRMATIVE DEFENSE

25   **(Liability for Non-Economic Damages)**

26   **5.**    AS AND FOR A FIFTH SEPARATE AND DISTINCT AFFIRMATIVE

27   DEFENSE, this answering DEFENDANT states that should PLAINTIFFS recover non-

28

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS, LLP

190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL: 415-438-4600
FAX: 415-438-4601

LEWIS.York

Case No.:  C 08-00672 CRB
**YORK CLEANERS INC.'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT AND YORK CLEANERS
INC.'S COUNTER CLAIM AGAINST PLAINTIFFS**

1   economic damages against any DEFENDANT, the liability for non-economic damages is

2   limited to the degree of fault and several liability of said DEFENDANT or DEFENDANTS

3   pursuant to Civil Code Section 1431 *et seq.*, and a separate, several judgment shall be

4   rendered against said DEFENDANT based upon said DEFENDANT's degree of fault and

5   several liability.

6   **SIXTH AFFIRMATIVE DEFENSE**

7   **(Failure to Mitigate)**

8   **6.**      AS AND FOR A SIXTH SEPARATE AND DISTINCT AFFIRMATIVE

9   DEFENSE, this answering DEFENDANT states that PLAINTIFFS have unreasonably

10  failed to act in such a manner as to mitigate the damages of which they complain, if any

11  there were.

12  **SEVENTH AFFIRMATIVE DEFENSE**

13  **(Unclean Hands)**

14  **7.**      AS AND FOR A SEVENTH AND SEPARATE AND DISTINCT

15  AFFIRMATIVE DEFENSE, this answering DEFENDANT states that PLAINTIFFS

16  are precluded from recovery against this DEFENDANT pursuant to the doctrine of unclean

17  hands.

18  **EIGHTH AFFIRMATIVE DEFENSE**

19  **(Laches)**

20  **8.**      AS AND FOR AN EIGHTH SEPARATE AND DISTINCT AFFIRMATIVE

21  DEFENSE, this answering DEFENDANT alleges that PLAINTIFFS have unreasonably

22  delayed notifying DEFENDANT of the claims alleged in their Complaint, and have

23  unreasonably delayed prosecuting the same after the alleged cause of action arose.

24  DEFENDANT further alleges that by reason of such delay, the recollections of witnesses

25  have become unclear, witnesses have become unavailable, such delay has prejudiced

26  DEFENDANT in preparing and presenting their defenses herein.  Under such

27  circumstances, PLAINTIFFS' claims and actions thereon are barred by the doctrine of

28

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS, LLP

190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL: 415-438-4600
FAX: 415-438-4601

LEWIS.York

-13-                                    Case No.:  C 08-00672 CRB
**YORK CLEANERS INC.'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT AND YORK CLEANERS**
**INC.'S COUNTER CLAIM AGAINST PLAINTIFFS**

1   laches.

2                    **NINTH AFFIRMATIVE DEFENSE**

3            **(Third Party Negligence as Superseding Cause)**

4        **9.**       AS AND FOR A NINTH SEPARATE AND DISTINCT AFFIRMATIVE

5   DEFENSE, this answering DEFENDANT alleges the negligence of a third party acted as a

6   superseding cause of PLAINTIFFS' alleged injury and therefore this answering

7   DEFENDANT are not liable for any alleged injury or damage sustained by PLAINTIFFS.

8                    **TENTH AFFIRMATIVE DEFENSE**

9                    **(Lack of Jurisdiction)**

10       **10.**      AS AND FOR A TENTH SEPARATE AND DISTINCT AFFIRMATIVE

11   DEFENSE, this answering DEFENDANT alleges that there is no personal jurisdiction or

12   subject matter jurisdiction for this suit against this DEFENDANT.

13                  **ELEVENTH AFFIRMATIVE DEFENSE**

14                   **(Indemnity)**

15       **11.**      AS AND FOR AN ELEVENTH SEPARATE AND DISTINCT

16   AFFIRMATIVE DEFENSE, this answering DEFENDANT alleges that it is contractually

17   and equitably entitled to full indemnification from other DEFENDANTS and third-parties.

18                   **TWELFTH AFFIRMATIVE DEFENSE**

19                   **(Compromise and Release)**

20       **12.**      AS AND FOR A TWELFTH SEPARATE AND DISTINCT

21              AFFIRMATIVE DEFENSE, this answering DEFENDANT alleges the

22              parties previously reached a settlement in the case of Lynn Spaulding v.

23              David Lewis, et al., Marin County Superior Court, Case No. CIV994752.

24              That settlement included a settlement of all claims known and unknown

25              including a waiver of rights by the Spauldings of Civil Code § 1542.  By

26              virtue of that settlement this action is barred.

27   ///

28

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS, LLP

190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL: 415-438-4600
FAX: 415-438-4601

LEWIS.York

                               -14-                    Case No.:  C 08-00672 CRB
**YORK CLEANERS INC.'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT AND YORK CLEANERS
INC.'S COUNTER CLAIM AGAINST PLAINTIFFS**

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Other Defenses Available)

13.    AS AND FOR A THIRTEENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, this answering DEFENDANT alleges that they presently have insufficient knowledge or information on which to form a belief as to whether they may have additional, as yet unstated, defenses available. DEFENDANT reserve the right to assert additional defenses in the event that discovery indicates that they would be appropriate.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Breach of Lease)

14.    AS AND FOR A FOURTEENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, this answering DEFENDANT alleges that PLAINTIFFS were obligated by the provisions of the lease to maintain the subject Premises in good condition and repair, including the roof, floor and foundations and subflooring.  Any contamination complained of is the direct and proximate result of the PLAINTIFFS' failure to comply with this and other provisions of the lease.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Arbitration)

15.    AS AND FOR A FIFTEENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, this answering DEFENDANT alleges that the lease requires all disputes to be resolved by arbitration and the bringing of this action is a breach of that lease.

WHEREFORE, this answering DEFENDANT prays that PLAINTIFFS take nothing by reason of the complaint on file and that the complaint, and each cause of action thereof, be dismissed with prejudice and at PLAINTIFFS' cost, and that this answering DEFENDANT have judgment for his costs of suit herein and such other relief as the Court may deem proper and just.

COX, WOOTTON, GRIFFIN, HANSEN & POULOS, LLP

190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL: 415-438-4600
FAX: 415-438-4601

LEWIS.York

-15-    Case No.:  C 08-00672 CRB
**YORK CLEANERS INC.'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT AND YORK CLEANERS INC.'S COUNTER CLAIM AGAINST PLAINTIFFS**

**YORK CLEANERS INC.'S COUNTER CLAIM AGAINST PLAINTIFFS**

**STATEMENT OF ACTION**

1.  Counter-Claimant York Cleaners Inc. [herein after referred to as "Counter-Claimant"] brings this Counter-Claim against Counter-Defendants ESTATE OF VIOLA B. SPAULDING; FLORENCE SPAULDING, trustee; LYNN SPAULDING, doing business as Spaulding Enterprises; and TINA SPAULDING WARD, doing business as Spaulding Enterprises, THE CONSERVATORSHIP OF EILEEN SPAULDING [hereafter collectively referred to as "Counter-Defendants"].

2.  This action generally arises from the operation of a dry cleaning business at 31 Miller Ave., Mill Valley, California ["the property"] beginning in approximately 1961 and continuing to the present.

**JURISDICTION AND VENUE**

3.  The Court has subject matter jurisdiction over this action under CERCLA, 42 U.S.C. §9601 et seq, RCRA, 42 U.S.C. § 6972(a), the Federal Declaratory Judgment Act, 28 U.S.C. §2201 and 28 U.S.C.§1331.  This Court also has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367(a) as those claims are so related to the claims that fall within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

4.  Venue is proper in this Court because a substantial part of the events and omissions giving rise to the claims occurred in this district and the property that is the subject of the action is situated in this district.  28 U.S.C. §1391(b).

**THE PROPERTY AND THE PARTIES**

5.  The property at issue in this litigation is located at 31 Miller Ave., Mill Valley, California.  Counter-complainant is informed and believes, and thereon alleges, that the property began being used for a dry cleaning business in approximately 1961.

6.  David Victor Lewis and Counter-Defendants are the current or former owners of the property.  Their exact ownership interest at various relevant times is unknown to

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS, LLP

190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL: 415-438-4600
FAX: 415-438-4601

LEWIS.York

**YORK CLEANERS INC.'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT AND YORK CLEANERS INC.'S COUNTER CLAIM AGAINST PLAINTIFFS**

1    counter-complainant.

2    7.        Counter-complainant is informed and believes and thereon alleges that Lynn

3    Spaulding, doing business as Spaulding Enterprises, is one of the current owners of the

4    Property and the successor in interest to Estate of Viola B. Spaulding Trust.

5    8.        David Victor Lewis, was an employee of counter-complainant.

6    9.        Counter-complainant entered into three leases for the portion of the property

7    on which the dry cleaning business was operated.  Each lease was for a five year term.  The

8    lease terms were: June 13, 1987 – June 13, 1992; July 1, 1992 – June 30, 1997, and June 1,

9    1997 – May 31, 2002.  The last lease was terminated in approximately September 1999 by

10   agreement of the parties when the business was sold to third parties.  Each of the leases

11   provides for a recovery of attorneys fees by the prevailing party in any litigation arising

12   under the lease(s).

13   10.       David Victor Lewis is the former shareholder of counter-complainant, a

14   dissolved California Corporation (Official Number C0815451). Counter-complainant was

15   established May 16, 1977 and was dissolved shortly after the dry cleaning business was sold

16   in September, 1999.  Between May 16, 1977 and the date of its dissolution, Counter-

17   complainant carried out all of the operations of the dry cleaning business located at the

18   property.

19   11.       Counter-complainant is informed and believes, and thereon alleges, that

20   between 1972 and 1987 the leases were entered into solely between Barnard Lewis

21   (deceased) or other persons or entities and Counter-Defendants.

22   12.       Counter-complainant is informed and believes, and thereon alleges, that prior

23   to 1972 a dry cleaning business was operated on the property by the One Hour Martinzing

24   Corporation and that said corporation installed the dry cleaning equipment that was in use

25   on the property up through approximately 1983.

26   13.       Counter-complainant alleges on information and belief that at all times herein

27   relevant, each counter-defendant was the agent, employee, representative, or co-partner of

28

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS, LLP

190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL: 415-438-4600
FAX: 415-438-4601

LEWIS.York

-17-                    Case No.:  C 08-00672 CRB
**YORK CLEANERS INC.'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT AND YORK CLEANERS
INC.'S COUNTER CLAIM AGAINST PLAINTIFFS**

1   each of the other counter-defendants; that each counter-defendant acted in the course and

2   scope of his or her agency, employment, representation, or partnership; and that each

3   Counter-Defendant acted in concert with such other Counter-Defendants to perform the acts

4   or omission alleged herein, or ratified or approved the acts of the others.

**GENERAL ALLEGATIONS AND ENVIRONMENTAL CONDITIONS**

**ON THE PROPERTY**

7   14. Counter-complainant alleges on information and belief that the building on the property

8       was constructed in or about 1956.

9   15. Counter-complainant alleges on information and belief that in or around 1962 Counter-

10      Defendants installed a concrete floor in portions of the property without including an

11      impermeable membrane to prevent the migration of liquids and moisture through the

12      concrete to the soil surfaces below.  This condition was unknown to counter-

13      complainant until after he was no longer the leasee of the property.

14  16. Counter-complainant alleges on information and belief that throughout their ownership

15      of the property, the plaintiffs and Counter-Defendants had the legal and contractual

16      obligations to maintain various portions of the roof, exterior and structural part of the

17      property including the foundations, footings, utility lines, subflooring and structural aspects

18      of the building including walls and roofing in a state of good order and repair.

19  17. On or about December 30, 1998 Counter-complainant had a Phase I Environmental

20      Assessment performed on the property by GPI Environmental Management.  This

21      assessment concluded that there was only very low levels of Halogenated Solvents and

22      particularly tetrachloroethene (TCE) in soil samples taken under and adjacent to the dry

23      cleaning equipment and drum storage areas.  The levels of Halogenated Solvents found

24      averaged between 21 and 77 ppb (parts per billion), and the tetrachloroethene was found at

25      just 2 ppb (parts per billion).

26  18. The Phase I Environmental Report prepared by GPI Environmental Management was

27      provided to Lynn Spaulding on behalf of Spaulding Enterprises on or around December 30,

28

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS, LLP

190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL: 415-438-4600
FAX: 415-438-4601

LEWIS.York

-18-                                        Case No.:  C 08-00672 CRB
**YORK CLEANERS INC.'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT AND YORK CLEANERS**
**INC.'S COUNTER CLAIM AGAINST PLAINTIFFS**

1    1998.

2    19. On or about May 29, 2007 plaintiffs and Counter-Defendants had a Subsurface

3    Investigation Report prepared by AEI Consultants.  AEI Consultants did not take soil

4    samples from directly under or adjacent to the dry cleaning equipment or the drum storage

5    areas of the property, but they did take samples from around the building perimeter.  The

6    samples taken by AEI Consultants showed levels of PCE contamination of 0.15 ppm (parts

7    per million).  The maximum level found by AEI Consultants was 0.54 ppm.

8    20. On September 22, 1999 Lynn Spaudling, on her own behalf and on behalf of Spaulding

9    Enterprises filed suit against David Lewis and Bernard Lewis Marin County Superior Court,

10   Case No. CV. 994752 ("the Marin County litigation").  In the Marin County Litigation the

11   parties disputed the responsibility for conditions of the flooring at the property including

12   specifically the condition of the concrete and sub-flooring which had become rotted as a

13   result of the migration of moisture through the concrete due to the lack of an impermeable

14   membrane under the concrete.

15   21. During the course of the Marin County litigation the plaintiffs and Counter-Defendants

16   admitted, through their attorney, that the concrete that was installed at the property did not

17   have an impermeable membrane to prevent the migration of moisture through the concrete

18   to the subfloor and the soils below.

19   22. The Marin County litigation was resolved by settlement pursuant to which Lynn

20   Spaudling and Spaudling Enterprises paid the defendants.

21   23. The settlement that was read into the record of the Marin County Superior Court on

22   October 2, 2000 included a waiver of rights by both parties under California Civil Code

23   Section 1542.  By virtue of the prior settlement the claims asserted by plaintiffs and

24   Counter-Defendants in this action against the Estate of Barnard Lewis, Counter-complainant

25   and David Victor Lewis, are barred.

26   ///

27   ///

28

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS, LLP

190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL: 415-438-4600
FAX: 415-438-4601

LEWIS.York

-19-                              Case No.:  C 08-00672 CRB
**YORK CLEANERS INC.'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT AND YORK CLEANERS INC.'S COUNTER CLAIM AGAINST PLAINTIFFS**

## FIRST CLAIM FOR RELIEF

### (Breach of Contract / Lease)

24. Counter-Claimant refers to and realleges the above paragraphs and incorporates them herein by reference.

25. Each of the leases referred to above required the plaintiffs and Counter-Defendants to maintain various portions of the property including the foundations, footings, utility lines, subflooring and structural aspects of the building including walls and roofing in a state of good order and repair.

26. The plaintiffs and Counter-Defendants failed to comply with their maintenance and repair obligations under the contract and specifically failed to ensure that concrete flooring that they installed had an impermeable membrane to prevent the migration of moisture into the soil under the property.

27. The plaintiffs and Counter-Defendants further failed to maintain the roof structure in a state of good order and repair, thereby allowing the flow of rainwater into the premises at various times which contributed to the migration into the sub soil of the hazardous materials the plaintiffs now complain of.

28. If the plaintiffs and Counter-Defendants have suffered or will suffer any damages as a result of hazardous substances found in the soil underlying the property, those damages are the direct and proximate result of the failure by plaintiffs and Counter-Defendants to keep and maintain the property in a proper state of repair in violation of their duties under the lease.

29. Defendant and Counter-complainant has and will continue to incur damages as a result of the claims asserted against them and as a result of the environmental conditions now complained of.  As a result, plaintiffs and Counter-Defendants should defend, hold harmless and indemnify counter-complainant from and against any claims or damages arising from or related to environmental conditions at the property including, but not limited to, any cross-complaint filed in this action.

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS, LLP

190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL: 415-438-4600
FAX: 415-438-4601

LEWIS.York

-20-                    Case No.:  C 08-00672 CRB
**YORK CLEANERS INC.'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT AND YORK CLEANERS INC.'S COUNTER CLAIM AGAINST PLAINTIFFS**

30. Defendant and counter-complainant has performed all duties required of him under the contract.

31. As a further and independent basis for breach of the lease, the plaintiffs and Counter-Defendants have instituted this suit in violation of the arbitration provisions included in the lease.  This action must be stayed pending arbitration, and attorneys fees and costs incurred in responding to the complaint should be awarded to defendant and Counter-Claimant.

## SECOND CAUSE OF ACTION

### (Breach of Contract / Settlement Agreement)

32. Counter-Claimant refers to and realleges the above paragraphs and incorporates them herein by reference.

33. By virtue of the settlement agreement read into the record in Marin County Superior Court action CV 994752 on October 2, 2000, the claims that are the subject of this action have been and are settled and thereby barred.

34. The plaintiffs and counter-defendants are precluded by the terms of that settlement from maintaining this litigation.

35. Defendant and Counter-complainant has performed all duties required of them under the settlement agreement.

36. The failure of the plaintiffs and Counter-Defendants to abide by the terms of the prior settlement of all disputes has and will continue to cause damages to the defendant and Counter-complainant York Cleaners Inc. including attorneys' fees, costs and expenses.

## THIRD CAUSE OF ACTION

### (Negligence)

37. Counter-Claimant refers to and realleges the above paragraphs and incorporates them herein by reference.

38. As the landlords of a commercial building plaintiffs and Counter-Defendants had a duty to keep the premises in a good and safe condition including maintenance of the structural integrity of the building.

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS, LLP

190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL: 415-438-4600
FAX: 415-438-4601

LEWIS.York

-21-                    Case No.:  C 08-00672 CRB
**YORK CLEANERS INC.'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT AND YORK CLEANERS INC.'S COUNTER CLAIM AGAINST PLAINTIFFS**

39. The actions of plaintiff and Counter-Defendant in installing a concrete flooring without a proper moisture barrier was below the standard of care when the construction work was done. Plaintiffs and Counter-Defendants knew that the property was and would continue to be leased to a dry cleaning business and knew or should have known that an impermeable membrane was required for the type of business being conducted.

40. Plaintiffs and Counter-Defendants further acted below the standard of care in failing to maintain the property in good condition and repair thereby allowing the infiltration of water into the work spaces including around the storage of hazardous chemicals and the dry cleaning machinery. The failure to maintain the property directly and proximately led to the contamination of the underlying soil now complained of.

41. As a result of the negligence of the plaintiffs and Counter-Defendants, defendant and Counter-complainant has and will continue to incur damages including the costs and attorneys fees associated with this litigation and he is further exposed to the costs of environmental monitoring and cleanup at the property.

## FOURTH CAUSE OF ACTION

### (Nuisance and Negligence Per Se)

42. Counter-Claimant refers to and realleges the above paragraphs and incorporates them herein by reference.

43. Counter-Claimant alleges that Counter-Defendants, and each of them, negligently and wrongfully caused Hazardous Substances and Hazardous Waste to be Disposed and discharged in the soil and in or on the waters of the State of California in a manner that threatens to create or has created a condition of pollution or nuisance. The Release of Hazardous Substances, and the practice of allowing their continuing migration by Counter-Defendants is negligence per se and breaches the Counter-Defendants' legal duties under State and Federal Law including : **1**) CERCLA, specifically including CERCLA §107(a)(1-4)(B), 42 U.S.C.§9607(a)(1-4;b); **2**) RCRA §3008(a), 42 U.S.C.§6928(a); **3**) California Health and Safety Code, section 25363; **4**) California Health and Safety Code, section

COX, WOOTTON, GRIFFIN, HANSEN & POULOS, LLP

190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL: 415-438-4600
FAX: 415-438-4601

LEWIS.York

Case No.: C 08-00672 CRB
**YORK CLEANERS INC.'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT AND YORK CLEANERS INC.'S COUNTER CLAIM AGAINST PLAINTIFFS**

1  25249.5, and **5**) California Water Code section 13304(C).

2  44. CERCLA §107(a)(1-4)(B), 42 U.S.C.§9607(a)(1-4(b); RCRA §3008(a), 42

3  U.S.C.§6928(a); California Health and Safety Code, Sections 25363 and 25249.5, and

4  California Water Code section 13304(C) impose certain duties on responsible parties for

5  Releases of Hazardous Substances and Hazardous Wastes.

6  45. The Releases of Hazardous Substances and/or Wastes caused or contributed to by

7  Counter-Defendants have created a condition that injures or endangers the health and

8  interfered or interferes with the public's and Counter-Claimant' comfortable enjoyment of

9  life or property, or both.  Counter-Defendants' breach of duty has or will in the future cause

10 Counter-Claimant to incur costs associated with the investigation, monitoring, removal or

11 remediation of the alleged contamination of the Site.

12 46. Counter-Claimant did not dispose or discharge Hazardous Substances or Hazardous

13 Wastes, or both, and did not cause a condition of pollution or nuisance pre-existing at the

14 Site.  Counter-Claimant is not responsible for any such condition of pollution or nuisance

15 and are therefore entitled to indemnification and contribution from Counter-Defendants, and

16 each of them, for the costs and expenditures Counter-Claimant has incurred or will incur in

17 connection with investigation, monitoring, removal and/or remediation of the alleged

18 contamination in the waters of the State of California and any administrative and/or civil

19 penalties imposed on Counter-Claimant.

20 47. The resulting damages and harm alleged herein above is the specific harm and damage

21 from which Counter-Claimant may seek contribution or indemnity pursuant to CERCLA

22 §107(a)(1-4)(B), 42 U.S.C.§9607(a)(1-4(b); RCRA §3008(a), 42 U.S.C.§6928(a);

23 California Health and Safety Code, section 25363; California Health and Safety Code,

24 section 25249.5, and California Water Code section 13304(C).

25 48. Counter-Claimant belongs to the class this section is designed to afford protection and

26 relief to because members of the class have beneficial rights in the Environment, for clean

27 air and drinking water.

28

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS, LLP

190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL: 415-438-4600
FAX: 415-438-4601

LEWIS.York

-23-                                    Case No.:  C 08-00672 CRB
**YORK CLEANERS INC.'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT AND YORK CLEANERS INC.'S COUNTER CLAIM AGAINST PLAINTIFFS**

49. As a direct, proximate, and actual result of the wrongful acts and/or omissions of Counter-Defendants, and each of them, Counter-Claimant has and will continue to suffer general, consequential and compensatory damages in amounts that are not yet fully ascertained.  These damages include, but are not limited to the following:

  (A) Damages due to contamination of the soil and groundwater on the Site; and

  (B) Any and all amounts Counter-Claimant has incurred or will incur for the investigation, assessment, monitoring, removal and remediation of the contamination. These amounts are in excess of the minimum jurisdictional amounts of this Court and will be established according to proof at the time of trial.

## FIFTH CAUSE OF ACTION

### (Contribution Pursuant to CERCLA §§107(a), 113(f)

50. Counter-Claimant refers to and realleges the above paragraphs and incorporates them herein by reference.

51. As compared to the Counter-Defendants, who actively and negligently discharged or Disposed of Hazardous Substances and/or caused the release into the environment, Counter-Claimant is blameless.  Any of Counter-Claimants' potential liability stems from the fact that it leased property from the plaintiffs and Counter-Defendants which they knew or should have known was not properly and suitably constructed for the use of a dry cleaning business and which they thereafter failed and refused to properly maintain.

52. At all relevant times herein, Counter-Claimant did not know or suspect, nor was it in a position to know or suspect, that the Counter-Defendants had previously discharged or allowed to be discharged from the property hazardous substances.

53. To the extent any party has incurred recoverable Response Costs pursuant to CERCLA §107(a), 42 U.S.C. 9607(a), and such party asserts liability for some or all of those costs against Counter-Claimant pursuant to CERCLA §107(a), 42 U.S.C.§9607(a), or asserts a contribution claim against Counter-Claimant for such costs incurred by another party pursuant to CERCLA §113(f)(1), 42 U.S.C. §9613(f)(1) or CERCLA §107(a), 42 U.S.C.

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS, LLP

190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL: 415-438-4600
FAX: 415-438-4601

LEWIS.York

Case No.: C 08-00672 CRB
**YORK CLEANERS INC.'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT AND YORK CLEANERS INC.'S COUNTER CLAIM AGAINST PLAINTIFFS**

§9607(a), Counter-Claimant is entitled to one hundred percent (100%) contribution, or contribution in such other percentage as this Court deems appropriate, pursuant to CERCLA §113(f)(1), 42 U.S.C.§9613(f)(1) or CERCLA §107(a), 42 U.S.C.§9607(a), collectively from all Counter-Defendants.

### SIXTH CAUSE OF ACTION

### (Declaratory Relief Under Federal Law Pursuant to CERCLA §113(g), SWDA §1002, and U.S.C. §2201)

54. Counter-Claimant refers to and realleges the above paragraphs and incorporates them herein by reference.

55. A dispute has arisen and an actual controversy exists between Counter-Claimant and Counter-Defendants in that Counter-Claimant claims that Counter-Defendants, and each of them severally, are obligated to indemnify Counter-Claimant against and reimburse Counter-Claimant for all necessary Response Costs and any other costs and attorneys' fees past or future incurred by Counter-Claimant in responding to the Released Hazardous Substances or taking any other removal or remedial action as a result of Counter-Defendants' acts and conduct.

56. Substantial costs have been and will be incurred by Counter-Claimant over time and during the course of this action.  Unless declaratory relief is granted, it will be necessary for Counter-Claimant to commence many successive actions against Counter-Defendants, and each of them, to secure compensation for the costs incurred and damages sustained, thus, requiring a multiplicity of suits.

57. Counter-Claimant is entitled to and hereby seek a declaratory judgment, pursuant to CERCLA §113(g)(2), 42 U.S.C. §9613(g)(2), of Counter-Defendants' liability to Counter-Claimant for all Response costs incurred and/or to be incurred by Counter-Claimant in implementing the remedial action plan for responding to the Releases of Hazardous Substances and Hazardous Wastes and adverse environmental consequences at issue.

58. Counter-Claimant is entitled to and hereby seeks a declaratory judgement, of Counter-

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS, LLP

190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL: 415-438-4600
FAX: 415-438-4601

LEWIS.York

-25-                                    Case No.:  C 08-00672 CRB
**YORK CLEANERS INC.'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT AND YORK CLEANERS INC.'S COUNTER CLAIM AGAINST PLAINTIFFS**

1    Defendants' liability to Counter-Claimant for all Response Costs incurred or to be incurred

2    by Counter-Claimant in removing and/or remediating the Site due to the Release of

3    Hazardous Substances and/or Hazardous Waste, which pose an immediate and substantial

4    endangerment to health and the Environment.

5    59. Counter-Claimant is entitled to, and hereby seeks, a judicial determination pursuant to

6    the Federal Declaratory Relief Act, 28 U.S.C.§2201, of Counter-Claimant's right to

7    reimbursement from and indemnification by Counter-Defendants, and each of them, for all

8    costs, jointly and severally, which Counter-Claimant may incur resulting from Counter-

9    Defendants' Release of Hazardous Substances into the Environment.

10   **SEVENTH CAUSE OF ACTION**

11   **(Recovery Under the California Hazardous Substances Account Act,**

12   **California Health and Safety Code Sections 25300 Et Seq.)**

13   60. Counter-Claimant refers to and realleges the above paragraphs and incorporates them

14   herein by reference.

15   61. The HSAA provides for an action by parties who have incurred removal or remediation

16   costs under the HSAA.  Pursuant to HSAA, such parties may seek contribution or indemnity

17   for those costs from any "person" that is a liable person within the meaning of Cal. Health

18   & Safety Code section 25323.5.  Counter-Defendants are "responsible parties" or liable

19   persons" who are liable under such sections within the meaning of Cal. Health & Safety

20   Code section 25323.5.

21   62. Counter-Claimant has incurred and will continue to incur necessary Response Costs

22   with respect to the contamination Counter-Defendants caused on the Site.

23   63. Counter-Claimant alleges that the response actions undertaken by Counter-Claimant

24   have been and will be pursuant to state and federal authorization and approval under

25   CERCLA, and are and will be consistent with the NCP.

26   64. Counter-Claimant has satisfied any and all conditions precedent under California law or

27   otherwise in the undertaking of response actions and incurring of Response Costs related to

28

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS, LLP

190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL: 415-438-4600
FAX: 415-438-4601

LEWIS.York

-26-                          Case No.: C 08-00672 CRB
**YORK CLEANERS INC.'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT AND YORK CLEANERS
INC.'S COUNTER CLAIM AGAINST PLAINTIFFS**

1  the Site and the recovery of such costs from the Counter-Defendants.

2  65. Pursuant to Cal. Health & Safety Code section 25363(e), the Counter-Defendants are

3  liable to Counter-Claimant for all of the Response Costs incurred and to be incurred as a

4  result of the Release at and from the Site, in addition to interest thereon, at the maximum

5  rate allowed by law.

6  **EIGHTH CAUSE OF ACTION**

7  **(Equitable Indemnity)**

8  **(Against All Counter-Defendants)**

9  66. Counter-Claimant refers to and realleges the above paragraphs and incorporates them

10  herein by reference.

11  67. To the extent that Counter-Claimant has been or will be compelled by the operation of

12  applicable federal and state laws to incur necessary Response Costs consistent with the NCP

13  and other abatement costs to investigate, study, and remove the pollutants from the surface

14  and sub-surface soils and groundwater beneath and adjacent to the Site and to take other

15  response actions necessary to protect public health and the Environment, and to enforce the

16  liability schemes set forth in RCRA, CERCLA and in state and local law, then Counter-

17  Defendants are liable for and required to indemnify Counter-complainant for those costs.

18  68. Counter-Defendants, and each of them, are entirely liable for the contamination that

19  resulted from the Release of Hazardous Substances or Hazardous Wastes, or both, into the

20  Environment from the Site.  The Release of Hazardous Substances or Hazardous Wastes, or

21  both, into the Environment by Counter-Defendants was negligent, careless, wrongful, and

22  unlawful.  Counter-Claimant' costs for environmental assessment clean-up and remediation,

23  if any are incurred, are solely the result of Counter-Defendants' negligent, careless,

24  wrongful and unlawful conduct in the course of their profit-making activities.  The Counter-

25  Defendants have benefited monetarily from their environmentally irresponsible methods of

26  Operation, failure to maintain the property, discharging and Disposing of their toxic wastes

27  in a manner that was at least negligent, if not intentional.

28

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS, LLP

190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL: 415-438-4600
FAX: 415-438-4601

LEWIS.York

-27-                    Case No.:  C 08-00672 CRB
**YORK CLEANERS INC.'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT AND YORK CLEANERS
INC.'S COUNTER CLAIM AGAINST PLAINTIFFS**

69. Counter-Defendants, and each of them, are therefore bound and obligated jointly and severally, to indemnify and hold harmless Counter-Claimant from and against any and all Response Costs and any other costs heretofore or hereafter incurred by Counter-Claimant in responding to the Release of Hazardous Substances and Hazardous Wastes by Counter-Defendants.

## NINTH CAUSE OF ACTION

### (Declaratory Relief Under State Law Pursuant to

### California Code of Civil Procedure Section 1060)

### (Against All Counter-Defendants)

70. Counter-Claimant refers to and realleges the above paragraphs and incorporates them herein by reference.

71. A dispute has arisen and an actual controversy exists between Counter-Claimant and Counter-Defendants in that Counter-Claimant claims that Counter-Defendants jointly and severally, are obligated to indemnify Counter-Claimant against, and reimburse Counter-Claimant for, all Response Costs and any and other costs heretofore or hereafter incurred by Counter-Claimant in removing the Hazardous Substances and/or Hazardous Waste or taking any other removal or remedial action as a result of Counter-Defendants' conduct complained of herein, and Counter-Defendants deny such obligation.

72. Substantial costs will be incurred by Counter-Claimant over time and after conclusion of this action. Unless declaratory relief is granted, it will be necessary for Counter-Claimant to commence many successive actions against Counter-Defendants to secure compensation for damages sustained, thus, requiring a multiplicity of suits.

73. Counter-Claimant requests a judicial determination pursuant to California Code of Civil Procedure Section 1060 of Counter-Claimant' right to reimbursement and indemnification by Counter-Defendants for all costs heretofore or hereafter incurred by Counter-Claimant as a result of Counter-Defendants' conduct complained of herein.

WHEREFORE, Counter-Claimant prays for judgment as against Counter-

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS, LLP

190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL: 415-438-4600
FAX: 415-438-4601

LEWIS.York

Case No.: C 08-00672 CRB
**YORK CLEANERS INC.'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT AND YORK CLEANERS INC.'S COUNTER CLAIM AGAINST PLAINTIFFS**

Defendants, and each of them as follows:

1.    For total contribution from all Counter-Defendants for all Response Costs that have been or will hereafter be incurred by Counter-Claimant as required by law in response to the Release and threatened Release of Hazardous Substances or Hazardous Wastes, or both, and in enforcement of CERCLA's statutory liability scheme, or in an amount this Court deems appropriate; and

2.    For a declaration that Counter-Claimant is entitled to full indemnity from Counter-Defendants, jointly and severally, for all Response Costs and any other costs incurred in removal or remediation efforts in response to the discharge of pollutants by Counter-Defendants;

3.    For a stay of this litigation pending arbitration pursuant to the terms of the leases;

4.    For attorneys' fees;

5.    For costs of suit incurred herein; and

6.    For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Counter-Claimant hereby demands a trial by jury of any and all claims and issues triable of right by a jury.

Dated: May 2, 2008

COX, WOOTTON, GRIFFIN, HANSEN & POULOS, LLP
Attorneys for Defendants YORK CLEANERS, INC., a dissolved corporation and DAVID VICTOR LEWIS, an individual

By _____
Gregory W. Poulos
Courtney M. Crawford

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS, LLP

190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL: 415-438-4600
FAX: 415-438-4601

LEWIS.York

**YORK CLEANERS INC.'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT AND YORK CLEANERS INC.'S COUNTER CLAIM AGAINST PLAINTIFFS**