1   **COX, WOOTTON, GRIFFIN,**
    **HANSEN & POULOS, LLP**
2   Gregory W. Poulos (SBN 131428)
    Courtney M. Crawford (SBN 242567)
3   190 The Embarcadero
    San Francisco, CA 94105
4   Telephone No.: 415-438-4600
    Facsimile No.: 415-438-4601
5
    Attorneys for Defendants
6   DAVID VICTOR LEWIS, an individual, and
    YORK CLEANERS, INC. a dissolved corporation
7

8              **IN THE UNITED STATES DISTRICT COURT**

9              **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| 10 | ESTATE OF VIOLA B. SPAULDING; | ) Case No.: C 08-00672 CRB |
| | FLORENCE SPAULDING, trustee; LYNN | ) |
| 11 | SPAULDING, doing business as Spaulding | ) **CROSS CLAIM OF YORK** |
| | Enterprises; and TINA SPAULDING | ) **CLEANERS INC. AND DAVID** |
| 12 | WARD, doing business as Spaulding | ) **VICTOR LEWIS AGAINST** |
| | Enterprises, THE CONSERVATORSHIP | ) **MARTIN FRANCHISES, INC.,** |
| 13 | OF EILEEN SPAULDING, | ) **COOPER INDUSTRIES, SETH R.** |
| | | ) **DOLE AND RUTH DOLE** |
| 14 | Plaintiffs, | ) |
| | | ) |
| 15 | v. | ) |
| | | ) |
| 16 | YORK CLEANERS, INC., a dissolved | ) |
| | California Corporation; ESTATE OF | ) |
| 17 | BARNARD LEWIS, DECEASED; DAVID | ) |
| | VICTOR LEWIS, an individual; MARTIN | ) |
| 18 | FRANCHISES, INC., an Ohio corporation; | ) |
| | SETH R. DOLE, an individual; and RUTH | ) |
| 19 | DOLE, an individual and DOES 1 through | ) |
| | 100, | ) |
| 20 | | ) |
| | Defendants. | ) |
| 21 | | ) |
| 22 | | ) |
| 23 | | ) |
| 24 | | ) |
| 25 | | ) |
| 26 | | ) |
| 27 | | ) |
| 28 | | ) |

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS, LLP

190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL: 415-438-4600
FAX: 415-438-4601

LEWIS.York

Case No.: C 08-00672 CRB
**CROSSCLAIM OF YORK CLEANERS INC. AND DAVID VICTOR LEWIS AGAINST MARTIN FRANCHISE, INC., COOPER**
**INDUSTRIES, SETH R. DOLE AND RUTH DOLE**

YORK CLEANERS, INC., a dissolved )
California Corporation and DAVID VICTOR )
LEWIS, an individual; )
                                 )
           Cross-Claimants, )
                                 )
v. )
                                 )
MARTIN FRANCHISES, INC., COOPER )
INDUSTRIES, SETH R. DOLE, an )
individual and RUTH DOLE, an individual )
and ROES 1 through 100; )
                                 )
           Cross-Defendants. )
_____ )

Pursuant to Rule 13(a) of the Federal Rules of Civil Procedure, Cross-claimants York Cleaners, Inc. ("York") and DAVID VICTOR LEWIS, hereby assert their cross-claim for relief against MARTIN FRANCHISES, INC., an Ohio Corporation, COOPER INDUSTRIES, an Ohio Corporation, SETH R. DOLE, an individual, RUTH DOLE, an individual and ROES 1 through 100 as follows [hereinafter jointly referred to as "cross-defendants"].

## PARTIES

1.      Cross-Claimant York is a dissolved California corporation that operated a dry cleaning business at 31 Miller Ave., Mill Valley, California ["the property"] from approximately 1977 until the cross-claimant dissolved in 1987.

2.      Martin Franchises, at all times relevant hereto, was an Ohio corporation registered to do business in the state of California.

3.      Martin Franchises, at all times relevant hereto, was in the business of designing, manufacturing, constructing, assembling, inspecting, and selling various types of dry-cleaning machinery, including those sold to, and used by, York.

4.      Cooper Industries, at all times relevant hereto, was an Ohio corporation registered to do business in the state of California.

5.      Cooper Industries, at all times relevant hereto, was in the business of designing, manufacturing, constructing, assembling, inspecting, and selling various types of

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS, LLP

190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL: 415-438-4600
FAX: 415-438-4601

     -2-      Case No.:  C 08-00672 CRB

**CROSSCLAIM OF YORK CLEANERS INC. AND DAVID VICTOR LEWIS AGAINST MARTIN FRANCHISE, INC., COOPER INDUSTRIES, SETH R. DOLE AND RUTH DOLE**

dry-cleaning machinery, including those sold to and used by York.

## JURISDICTION AND VENUE

6.   This Court has subject matter jurisdiction over this action under CERCLA, 42 U.S.C. §9601 et seq., RCRA, 42 U.S.C. § 6972(a), the Federal Declaratory Judgment Act, 28 U.S.C. §2201 and 28 U.S.C.§1331.  This Court also has supplemental jurisdiction over any state law claims pursuant to 28 U.S.C. §1367(a) as those claims are so related to the claims that fall within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

7.   Venue is proper in this Court pursuant to section 133(b) of CERCLA and because a substantial part of the events and omissions giving rise to the claims occurred in this district and the property that is the subject of the action is situated in this district.  28 U.S.C. §1391(b).

## GENERAL ALLEGATIONS

8.   For allegation purposes only, and without admitting any of the allegations, cross-claimants herein incorporate paragraphs 22 through 29 of the complaint filed in this case number C-08-00672, as though set forth in full herein, but again, without making any admissions to the allegations thereto.

9.   The dry-cleaning machines cross-defendants designed, manufactured, constructed, assembled, inspected and sold to York caused and allowed the release of PEC into the soil, ground water and general area in and surrounding the property.

## FIRST CAUSE OF ACTION
### (Indemnity –
### Against All Cross-Defendants)

10.  Cross-claimants refer to and reallege the above paragraphs and incorporates them herein by reference.

11.  A determination of the proportionate degree of liability, if any, of cross-claimants, on the one hand, and cross-defendants, on the other, is necessary to protect the rights of cross-claimants.

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS, LLP

190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL: 415-438-4600
FAX: 415-438-4601

LEWIS.York

-3-                                    Case No.:  C 08-00672 CRB

**CROSSCLAIM OF YORK CLEANERS INC. AND DAVID VICTOR LEWIS AGAINST MARTIN FRANCHISE, INC., COOPER INDUSTRIES, SETH R. DOLE AND RUTH DOLE**

12. An actual controversy has arisen and now exists relating to the legal rights and duties of cross-claimants and cross-defendants, and each of them, for which cross-claimants desire a declaration of their rights and indemnification, in which cross-claimants contend the following:

   A. That as between these parties, the responsibility, if any, for the damages claimed by plaintiffs rests entirely on cross-defendants;

   B. That as a result, cross-defendants are obligated to partially or fully indemnify cross-claimants for sums that cross-claimants may be held to pay as a result of any damages, judgments, settlement or other awards recovered against cross-claimants by the Court, Federal or State government, or private party as a result of the alleged toxic chemical contamination of the property, and/or nearby or adjacent properties, including but not limited to, surface and subsurface soil and water; and

   C. Cross-claimants are informed and believe that cross-defendants deny any such liability.

13. Cross-claimants are entitled to, and hereby request, a judicial determination of cross-claimants' rights, indemnification and contribution, any declaration that cross-defendants and/or others, and not cross-claimants, is/are liable for all of the costs incurred, and to be incurred in order to remove, clean up or remediate the alleged hazardous substance contamination of the soil and groundwater in and around the property.

## SECOND CAUSE OF ACTION
### (Contribution –
### Against All Cross-Defendants)

14. Cross-claimant refers to and realleges the above paragraphs and incorporates them herein by reference.

15. In the event liability should be established on the part of cross-claimant, which liability is expressly denied, cross-claimant is informed and believes, and thereon alleges, that it may be obligated to pay sums representing a percentage of liability

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS, LLP

190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL: 415-438-4600
FAX: 415-438-4601

LEWIS.York

-4-                    Case No.:  C 08-00672 CRB

**CROSSCLAIM OF YORK CLEANERS INC. AND DAVID VICTOR LEWIS AGAINST MARTIN FRANCHISE, INC., COOPER INDUSTRIES, SETH R. DOLE AND RUTH DOLE**

not cross-claimants' own, but rather that of cross-defendants.  Therefore, cross-claimants request an adjudication and determination with respect to degrees of liability, if any, on their part and on the part of cross-defendants, so as to determine that portions of the amount, if any, by which cross-claimants are found liable, which actually represents a portion of liability of all of the cross-defendants.

**THIRD CAUSE OF ACTION**
**(Negligence – General**
**Against All Cross-Defendants)**

16.    Cross-claimants refer to and reallege the above paragraphs and incorporate them herein.

17.    By virtue of the facts and circumstances of the contamination allegedly in and around the property, the doctrine of *res ipsa loquitur* is applicable to this claim against each of the cross-defendants.  Under such doctrine, the burden of proving that cross-defendants' sales, manufacture and maintenance of dry-cleaning machines was free from all negligence in connection with the alleged release of PCE at the property is placed on cross-defendants and the burden of proving freedom from liability in connection with any alleged contamination is also placed on cross-defendants.

18.    In the event any or both of the cross-defendants fail to sustain their respective burdens, they are legally responsible for the damages asserted herein.  Under the circumstances, the alleged contamination of the soil, surface water, and groundwater beneath and around the property would not have happened but for negligence on the party of cross-defendants, their agents, servants and employees, due to the manner in which they conducted the sales, manufacture and maintenance of their respective dry-cleaning machines.

19.    In the alternative to the allegation that the doctrine of *res ipsa loquitur* is applicable against cross-defendants, it is argued that the alleged contamination and resulting property damage and response costs were due to the negligence of cross-defendants, and each of them, in their sales, manufacture and maintenance of dry-cleaning

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS, LLP

190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL: 415-438-4600
FAX: 415-438-4601

LEWIS.York

1  machinery and that each of the cross-defendants is guilty of negligence proximately

2  causing the contamination.

3  20.  Cross-defendants, while selling, manufacturing and maintaining the dry-cleaning

4  machinery in the Property owed a duty to York to provide the company with dry-

5  cleaning machines that used, stored, maintained, monitored and removed PCE in a

6  safe and careful manner.

7  21.  York is informed and believes and thereon alleged that cross-defendants failed to

8  promptly and diligently to contain and clean up any alleged contamination caused by

9  their machine's release of PCE upon the property.

10  22.  York is informed and believes and thereon alleges that the releases of PCE would

11  not have occurred absent some form of negligence by cross-defendants, and each of

12  them; that the release of contaminants was caused by something within the exclusive

13  control of one or more of the cross-defendants; and that such release was not due to

14  any voluntary action or contribution on the part of York.

15  23.  As a direct and proximate result of the acts, omissions and conduct of cross-

16  defendants York has suffered, and continues to suffer, damages as alleged herein.

17  The above-described acts, omissions and conduct of cross-defendants, including the

18  negligence and trespass committed by cross-defendants are, and have been, without

19  the consent or knowledge, and against the will and in violation of, the rights of York.

**FOURTH CAUSE OF ACTION**
**(Negligence – Products Liability**
**Against Both Cross-Defendants)**

20

21

24.  Cross-claimants refer to and reallege the above paragraphs and incorporate them

22  herein.

23

25.  In 1977, York purchased from cross-defendants, and cross-defendants installed in

24  the Property dry cleaning machinery that had previously been designed,

25  manufactured, constructed, assembled, inspected, and sold by cross-defendants.

26  26.  From 1977 through its dissolution in 1989, York continued to operate and run the

27  dry cleaning machinery, during which time it malfunctioned causing the alleged PEC

28

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS, LLP

190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL: 415-438-4600
FAX: 415-438-4601

-6-                                    Case No.:  C 08-00672 CRB
**CROSSCLAIM OF YORK CLEANERS INC. AND DAVID VICTOR LEWIS AGAINST MARTIN FRANCHISE, INC., COOPER**
**INDUSTRIES, SETH R. DOLE AND RUTH DOLE**

1    contamination.

2    27.    At all times mentioned in this cross-claim, cross-defendants so negligently and

3    carelessly designed, manufactured, constructed, assembled, inspected, and sold the

4    dry-cleaning machinery that it was dangerous and unsafe for its intended uses.

5    28.    At all times mentioned in this cross-claim, cross-defendants so negligently and

6    carelessly maintained and installed the dry-cleaning equipment that it was dangerous

7    and unsafe for its intended uses.

8    29.    As a direct and proximate result of the negligence and carelessness of cross-

9    defendants as described above the property has allegedly been contaminated with

10    PEC.

11    30.    As a further direct and proximate result of the negligence and carelessness of cross-

12    defendants as described above, York sustained serious injuries and damage and has

13    been, or will be, forced to incur substantial expenses in response costs and attorneys

14    fees and costs.

15    **FIFTH CAUSE OF ACTION**
**(Negligence *Per Se* –**
16    **Against All Cross-Defendants)**

17    31.    Cross-claimants refer to and reallege the above paragraphs and incorporate them

18    herein.

19    32.    York alleges that cross-defendants, and each of them, negligently and wrongfully

20    caused Hazardous Substances and Hazardous Waste to be Disposed and discharged

21    in the soil and in or on the waters of the State of California in a manner that

22    threatens to create or has created a condition of pollution or nuisance.  The Release

23    of Hazardous Substances, and the practice of allowing their continuing migration by

24    cross-defendants is negligence per se and breaches the cross-defendants' legal duties

25    under State and Federal Law including : **1**) CERCLA, specifically including

26    CERCLA §107(a)(1-4)(B), 42 U.S.C.§9607(a)(1-4(b); **2**) RCRA §3008(a), 42

27    U.S.C.§6928(a);  **3**) California Health and Safety Code, section 25363;  **4**) California

28    Health and Safety Code, section 25249.5, and **5**) California Water Code section

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS, LLP

190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL: 415-438-4600
FAX: 415-438-4601

LEWIS.York

-7-    Case No.:  C 08-00672 CRB

**CROSSCLAIM OF YORK CLEANERS INC. AND DAVID VICTOR LEWIS AGAINST MARTIN FRANCHISE, INC., COOPER INDUSTRIES, SETH R. DOLE AND RUTH DOLE**

1    13304(C).

2    33.    CERCLA §107(a)(1-4)(B), 42 U.S.C.§9607(a)(1-4(b); RCRA §3008(a), 42

3    U.S.C.§6928(a); California Health and Safety Code, Sections 25363 and 25249.5,

4    and California Water Code section 13304(C) impose certain duties on responsible

5    parties for Releases of Hazardous Substances and Hazardous Wastes.

6    34.    The Releases of Hazardous Substances and/or Wastes caused or contributed to by

7    cross-defendants have created a condition that injures or endangers the health and

8    interfered or interferes with the public's and Yorks' comfortable enjoyment of life or

9    property, or both. Cross-defendants' breach of duty has or will in the future cause

10    York to incur costs associated with the investigation, monitoring, removal or

11    remediation of the alleged contamination of the Property.

12    35.    York did not dispose or discharge Hazardous Substances or Hazardous Wastes, or

13    both, and did not cause a condition of pollution or nuisance pre-existing at the

14    Property.  York is not responsible for any such condition of pollution or nuisance

15    and are therefore entitled to indemnification and contribution from cross-defendants,

16    and each of them, for the costs and expenditures York has incurred or will incur in

17    connection with investigation, monitoring, removal and/or remediation of the

18    alleged contamination in the waters of the State of California and any administrative

19    and/or civil penalties imposed on York.

20    36.    The resulting damages and harm alleged herein above is the specific harm and

21    damage from which Counter-Claimant may seek contribution or indemnity pursuant

22    to CERCLA §107(a)(1-4)(B), 42 U.S.C.§9607(a)(1-4(b); RCRA §3008(a), 42

23    U.S.C.§6928(a); California Health and Safety Code, section 25363; California

24    Health and Safety Code, section 25249.5, and California Water Code section

25    13304(C).

26    37.    York belongs to the class of persons that the are designed to afford protection and

27    relief because members of the class have beneficial rights in the Environment, for

28    clean air and drinking water.

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS, LLP

190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL: 415-438-4600
FAX: 415-438-4601

**CROSSCLAIM OF YORK CLEANERS INC. AND DAVID VICTOR LEWIS AGAINST MARTIN FRANCHISE, INC., COOPER INDUSTRIES, SETH R. DOLE AND RUTH DOLE**

38.    As a direct, proximate, and actual result of the wrongful acts and/or omissions of cross-defendants, and each of them, York has and will continue to suffer general, consequential and compensatory damages in amounts that are not yet fully ascertained.  These damages include, but are not limited to the following:

(A)    Damages due to contamination of the soil and groundwater on the property; and

(B)    Any and all amounts York has incurred or will incur for the investigation, assessment, monitoring, removal and remediation of the contamination.  These amounts are in excess of the minimum jurisdictional amounts of this Court and will be established according to proof at the time of trial.

### SIXTH CAUSE OF ACTION
### (Negligent Failure to Warn
### Against All Cross-Defendants)

39.    Cross-claimants refer to and reallege the above paragraphs and incorporate them herein.

40.    Cross-defendants knew, or should have reasonably known, that the dry-cleaning machines sold to cross-claimants would release PEC, or were likely to release PEC, into the property, or areas surrounding or adjacent to the property, when used in a reasonably foreseeable manner.

41.    Cross-defendants knew, or should have reasonably know, that cross-claimant would not realize or anticipate the likely release of PEC into the property or areas surrounding or adjacent to the property when the dry-cleaning machines were used in a reasonably foreseeable manner.

42.    Cross-defendants failed to adequately warn of the danger that the dry-cleaning machines would likely release PEC into the property or areas surrounding or adjacent to the property when used in a reasonably foreseeable manner.

43.    Under the same or similar circumstances a reasonable designer, manufacturer, seller, installer, builder or maintainer of dry-cleaning machines would have warned of the possible release of PEC and/or would have instructed regarding the safe use of the

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS, LLP

190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL: 415-438-4600
FAX: 415-438-4601

LEWIS.York

-9-                    Case No.:  C 08-00672 CRB

**CROSSCLAIM OF YORK CLEANERS INC. AND DAVID VICTOR LEWIS AGAINST MARTIN FRANCHISE, INC., COOPER INDUSTRIES, SETH R. DOLE AND RUTH DOLE**

dry-cleaning machines in order to avoid, or mitigate against, the release of PEC into the property or areas surrounding or adjacent to the property.

44.   Cross-defendant's failure to so warn and/or instruct cross-claimants was a substantial factor in causing harm to cross-claimants.

### SEVENTH CAUSE OF ACTION
#### (Strict Products Liability
#### Against All Cross-Defendants)

45.   Cross-claimants refer to and reallege the above paragraphs and incorporate them herein.

46.   Cross-defendants designed, manufactured, sold, assembled, installed and maintained the dry cleaning equipment and accordingly, cross-defendants owed a duty to cross-claimants that the system was designed and maintained in such a way that made the system safe for its intended purpose.

47.   At all times mentioned in this cross-claim the dry-cleaning machinery and its component parts were defective as to design, manufacture, and warnings, causing the machinery and its component parts to be in an unreasonably dangerous and defective condition that made the dry-cleaning machines unsafe for their intended use.

48.   Cross-defendants knew or should have known when building and maintaining this dry cleaning system that it was designed defectively or maintained, creating a unreasonable risk of release of PEC.

49.   The dry-cleaning equipment received from cross-defendants remained unchanged and in the same condition at the time of the alleged release of PEC and any injury hereafter alleged.

50.   As a direct and proximate result of the defective and dangerous condition of the dry-cleaning machinery described above the property was contaminated with PEC.

51.   As a further direct and proximate result of the defective and dangerous condition of the dry-cleaning described above, York sustained serious injuries and damages and has been, or will be, forced to incur substantial expenses in response costs and

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS, LLP

190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL: 415-438-4600
FAX: 415-438-4601

LEWIS.York

-10-

Case No.:  C 08-00672 CRB

**CROSSCLAIM OF YORK CLEANERS INC. AND DAVID VICTOR LEWIS AGAINST MARTIN FRANCHISE, INC., COOPER INDUSTRIES, SETH R. DOLE AND RUTH DOLE**

1   attorneys fees and costs.

2   WHEREFORE, with regard to this cross-claim, cross-claimants pray for entry of judgement

3   as follows:

4   1.  For entry of judgment in favor of cross-claimants against cross-defendants for

5       indemnification, thus entitling cross-claimants to full defense and indemnification,

6       including all compensatory damages, attorneys fees, taxable costs, and for such other

7       and further relief as this Court may deem proper.

8   2.  For entry of judgment on the second cause of action by cross-claimants against cross-

9       defendants, and for a declaration within that cause of action that cross-claimants are

10      entitled to contribution between cross-claimants and cross-defendants, for pre-

11      judgement and post-judgments interest, damages, attorney's fees, taxable costs, and for

12      such other and further relief as this Court may deem just and proper.

13                          **DEMAND FOR JURY TRIAL**

14          Cross-claimants hereby demand a trial by jury of any and all claims and issues

15  triable of right by a jury.

16  Dated: May 2,  2008                COX, WOOTTON, GRIFFIN, HANSEN
                                       & POULOS, LLP
17                                     Attorneys for Defendant
                                       YORK CLEANERS, INC. a dissolved
18                                     corporation and DAVID VICTOR
                                       LEWIS, an individual
19
20  
21  By _____
                                          Gregory W. Poulos
22                                        Courtney M. Crawford

23

24

25
COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS, LLP      26

190 THE EMBARCADERO
SAN FRANCISCO, CA
94105            27
TEL: 415-438-4600
FAX: 415-438-4601

28

LEWIS.York

**CROSSCLAIM OF YORK CLEANERS INC. AND DAVID VICTOR LEWIS AGAINST MARTIN FRANCHISE, INC., COOPER INDUSTRIES, SETH R. DOLE AND RUTH DOLE**