Bret A. Stone (State Bar No. 190161)
John R. Till (State Bar No. 178763)
PALADIN LAW GROUP® LLP
3757 State Street, Suite 201
Santa Barbara, California 93105
Telephone: (805) 898-9700
Facsimile: (805) 880-0499

*Counsel for Spaulding*

Gregory W. Poulos (State Bar No. 131428)
Courtney M. Crawford (State Bar No. 242567)
COX, WOOTTON, GRIFFIN, HANSEN & POULOUS LLP
190 The Embarcadero
San Francisco, California 94105
Telephone: (415) 438-4600
Facsimile: (415) 438-4601

*Counsel for David Victor Lewis and York Cleaners, Inc.*

Robert N. Berg (State Bar No. 99319)
SEDGWICK, DETERT, MORAN & ARNOLD LLP
One Market Plaza
Steuart Tower, 8th Floor
San Francisco, California 94105
Telephone: (415) 781-7900
Facsimile: (415) 781-2635

*Counsel for Martin Franchises, Inc.*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ESTATE OF VIOLA B. SPAULDING, *et al.*,<br><br>*Plaintiffs,*<br><br>v.<br><br>YORK CLEANERS, INC., *et al.*<br><br>*Defendants.* | Case No. C 08-00672<br><br>JOINT INITIAL CASE MANAGEMENT CONFERENCE STATEMENT AND [PROPOSED] ORDER<br><br>CMC Date: May 16, 2008<br>CMC Time: 8:30 a.m.<br>Court Rm.: 8 on the 19th Floor<br><br>Jury Trial Demanded<br>Trial Date: None set |
| AND RELATED COUNTERCLAIMS, CROSS-CLAIMS, AND THIRD-PARTY CLAIMS | |

-1-
JOINT INITIAL CASE MANAGEMENT CONFERENCE STATEMENT AND [PROPOSED] ORDER

Plaintiffs and Counter-Defendants Estate of Viola B. Spaulding, Florence Spaulding, Trustee; Lynn Spaulding, doing business as Spaulding Enterprizes; Tina Spaulding Ward, doing business as Spaulding Enterprizes, and the Conservatorship of Eileen Spaulding (collectively, "Spaulding"); Defendants and Counter-Claimants David Victor Lewis and York Cleaners, Inc. ("York"); and Defendant, Cross-Complainant, and Third-Party Claimant Martin Franchises, Inc. ("Martin") jointly submit this Initial Case Management Statement and Proposed Order and request the Court to adopt it as its Initial Case Management Order in this case. Where the parties have set forth separate statements related in the below sections the parties do not adopt each others statements in this joint initial case management statement and proposed order.

### 1. Jurisdiction and Service

Defendants and Cross-Defendants Seth Dole and Ruth Dole have not been served as their whereabouts (if they are still living) are unknown. If it is determined that Seth Dole and Ruth Dole are deceased, but were insured, service will be made on their insurance carrier pursuant to Probate Code section 550 *et seq*.

There is also a dispute as to whether Estate of Barnard Lewis has been properly served as counsel for York contends service on David Victor Lewis is ineffective because he has not been appointed executor of his father's estate.

Service on Third-Party Defendant Cooper Industries has been attempted, but service has not yet been accomplished. After some initial discovery, Spaulding and York may amend to include Cooper in their pleadings. In addition, discovery may identify additional persons who should be parties to this action. In such case the parties will meet and confer regarding a stipulation to amend the pleadings.

The parties stipulate to electronic service of documents not filed electronically with the court (*e.g.*, discovery requests and responses)

### 2. Facts

This is an environmental case between a landowner and the former owners and operators of a dry cleaning business over who ought to be held responsible for addressing the contaminated soil and groundwater at and around the property. Martin operated or franchised a One-Hour Martinizing dry cleaning business at the property in the 1960s. It is believed that Barnard Lewis bought the franchise around 1972 and continued to operate under the Martin mark for a period of time and then changed the name to York Cleaners. Spaulding alleges that during both the Martin and York operations, tetrachlorethylene ("PCE") was used as the industrial solvent in the dry cleaning equipment and that PCE was released into the environment at the site and has been detected in the soil and groundwater. The California Regional Water Quality Control Board – San Francisco Bay Region is requiring Spaulding to investigate and remediate the contamination.

The principal factual issues in dispute will be the source, nature, extent, and timing of the contamination. In addition, York Cleaners, Inc. and David Victor Lewis contend that any contamination occurred as a result of the negligence and breach of lease by Spaulding and/or as a result of products liability related issues with the equipment manufactured and/or installed by Martin and/or Cooper. York and Lewis also contend that a settlement was reached in the prior lawsuit between the Spauldings and the Lewis' pursuant to which all claims were waived and released under California Civil Code section 1542. Spaulding disputes that any of its acts or omissions have adversely impacted the soil or groundwater at the site. Spaulding also disputes that the alleged concrete floor with no impermeable membrane is associated with the dry cleaning equipment or spills of PCE. Spaulding further disputes that it failed to maintain the premises in good condition and repair. Finally, Spaulding disputes that it waived its rights under California Civil Code section 1542 in a previous action filed in Marin

County Superior Court. Martin disputes any liability as Cooper, and not Martin, was the franchisor from the 1960s until May 1978. In May 1978, Martin purchased the franchise from Cooper in an asset purchase. Martin cancelled the franchise in 1981. Martin's knowledge base is very small. It has no knowledge about information during critical times in 1960s and 1970s and has very few records. Thus, at this time, Martin must contest most facts as simply unknown.

### 3. Legal Issues

**a. Spaulding's Disputed Legal Issues**.

Spaulding disputes that the arbitration clauses contained in the lease agreements have any force or effect as they are not initialed by any of the parties. Spaulding disputes that the alleged California Civil Code section 1542 waiver of rights bars the claims made in this lawsuit.

**b. York's Disputed Legal Issues**.

York disputes the legal standing of the various plaintiffs to maintain the action based on the settlement reached in prior litigation. York further disputes its liability under the applicable law, and York further contends that any liability is properly that of the land owners, prior or subsequent business operators and/or the equipment manufacturers and installers.

**c. Martin's Disputed Legal Issues**.

Martin disputes any legal liability. Martin was not the franchisor for any meaningful time regarding this matter. Martin has no relevant facts. Legal obligations, if any, on behalf of any franchisor would be that of Cooper. Any attempt at liability of Martin should be subject matter of Cooper's indemnity obligation to Martin.

### 4. Motions

**a. Spaulding's Dispositive Motion Statement**:

Spaulding intends to file a Motion for Preliminary and Permanent Injunction

against Defendants, a Motion for Summary Judgment or for partial Summary Judgment, and will likely move to summarily remove various affirmative defense raised by Defendants. Spaulding requests leave to bring more than one summary judgment motion in this matter related to various affirmative defenses and related to liability of the current defendants and future defendants which may be served or added in this matter.

**b.     York's Dispositive Motion Statement**:

York intends to file a dispositive motion relating to the prior settlement of litigation between the parties. York may also move for summary judgment or adjudication on various legal theories asserted by Spaulding and various items of damages.

**c.     Martin's Dispositive Motion Statement**:

Martin needs to conduct discovery to help assist at dispositive motions regarding (1) no legal liability; and (2) summary judgment against Cooper regarding its indemnity obligation.

**5.     Amendment of Pleadings**

The parties anticipate that pleadings may need to be amended after some initial discovery to add additional parties. In such case the parties will meet and confer regarding a stipulation to amend the pleadings.

**6.     Evidence Preservation**

The facts of this case span into the 1960s. The parties will diligently attempt to preserve evidence relevant to the issues reasonably evident in this action.

**7.     Disclosures**

Spaulding, York, and Martin will serve their initial disclosures on May 9, 2008 pursuant to the court's Order Setting Initial Case Management Conference and ADR Deadlines.

/ / /

**8.    Discovery**

No discovery has been taken to date. Spaulding believes that based on the number of parties, the number of witnesses which may need to be called, and the extensive factual history related to this matter, the default limitation imposed by the Federal Rules on discovery are not appropriate. York disagrees. As a compromise and pursuant to Fed. R. Civ. P. 26(f), the parties request that the initial discovery limitations be set, unless modified by the parties in writing or by order of this Court, as follows:

a.   <u>Depositions</u>: Depositions of fact and expert witnesses will be limited to one seven hour day. No other limitation on depositions shall apply.

b.   <u>Interrogatories</u>: Interrogatories shall be limited to 50 interrogatories.

c.   <u>Request for Admissions</u>: There shall be no limitation on the number of requests for admissions. The parties may agree to issue one set of request for admissions for multiple parties represented by the same counsel.

d.   <u>Request for Inspection and Documents</u>. There shall be no limitation on the number of requests for inspection and documents.

**9.    Related Cases**

David Victor Lewis's answer and counterclaim identifies a previous dispute between some of the parties: *Lynn Spaulding v. David Lewis and Barnard Lewis,* Case No. CIV994752 (Marin County Superior Court). The case was resolved and is no longer pending.

**10.   Relief**

The complaint, counterclaim, cross-claims, and third-party complaint seek damages for costs of investigation and cleanup, injunctive relief, contribution, indemnity and declaratory relief. The cost of investigation and cleanup is unknown at this time.

**11.   Settlement and ADR**

The parties have agreed and stipulated to attempt to resolve this matter by

mediation. The court has ordered that mediation is to be completed before July 25, 2008.

**12.    Consent to Magistrate Judge for All Purposes**

The parties request that this case not be assigned to a U.S. Magistrate.

**13.    Narrowing of Issues**

It is anticipated that many facts can be stipulated to such as time frame of ownership and operation of dry cleaning business, use of PCE, types of dry cleaning equipment used, and others through stipulated facts. The parties do not anticipate that bifurcation of issues, claims, or defenses will be necessary.

**14.    Expedited Schedule**

Based on the amount of discovery that will be necessary and the technical nature of an environmental case, this case cannot be handled on an expedited basis.

**15.    Scheduling**

The parties suggest the following dates:

| | |
|---|---|
| Cut-off date for Amending Pleading | September 29, 2008 |
| General Discovery Cutoff | February 2, 2009 |
| Expert Designation | March 2, 2009 |
| Supplemental Expert Designation | March 16, 2009 |
| Dispositive Motions Heard By | April 3, 2009 |
| Expert Discovery Cutoff | April 13, 2009 |
| Motion *In Limine* | April 27, 2009 |
| Response to *Motion In Limine* | May 4, 2009 |
| Trial Date | May 11, 2009 |

**16.    Trial**

The parties estimate that the jury trial in this case will take approximately three to four weeks.

**17.   Disclosure of Non-Party Interested Entities or Persons**

The parties have or will file the "Certification of Interested Entities or Persons" as required by Civil Local Rule 3-16.

Spaulding perceives that the following non-party may have an interest in this case: (1) The California Regional Water Quality Control Board – San Francisco Bay Region and (2) The Travelers Insurance Company.

DATED: May 8, 2008                    PALADIN LAW GROUP® LLP


By: _____/S/_____
Bret A. Stone
Counsel for Spaulding


DATED: May 8, 2008                    COX, WOOTTON, GRIFFIN, HANSEN & POULOUS LLP


By: _____/S/_____
Gregory W. Poulous
Counsel for David Victor Lewis and York Cleaners, Inc.

DATED: May 8, 2008                    SEDGWICK, DETERT, MORAN & ARNOLD LLP


By: _____/S/_____
Robert N. Berg
Counsel for Martin Franchises, Inc.

CASE MANAGEMENT ORDER

The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order. In addition, the Court orders the following:

DATED: May __, 2008           _____
                              United States District Judge