
1  Bret A. Stone (State Bar No. 190161)
   John R. Till (State Bar No. 178763)
2  PALADIN LAW GROUP® LLP
   3757 State Street, Suite 201
3  Santa Barbara, California  93105
   Telephone:  (805) 898-9700
4  Facsimile:   (805) 880-0499

5  *Counsel for the Spaulding Counter-Defendants*

6  **IN THE UNITED STATES DISTRICT COURT**

7  **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

8

| | |
|---|---|
| ESTATE OF VIOLA B. SPAULDING; FLORENCE SPAULDING, trustee; LYNN SPAULDING, doing business as Spaulding Enterprizes; and TINA SPAULDING WARD, doing business as Spaulding Enterprizes, THE CONSERVATORSHIP OF EILEEN SPAULDING,<br><br>*Plaintiffs,*<br><br>v.<br><br>YORK CLEANERS, INC., *et al.*<br><br>*Defendants.* | Case No. C 08-00672<br><br>COUNTER-DEFENDANT SPAULDING'S ANSWER AND AFFIRMATIVE DEFENSES TO COUNTERCLAIM OF YORK CLEANERS, INC. |
| YORK CLEANERS, INC.,<br><br>*Counter-Claimant*<br><br>v.<br><br>ESTATE OF VIOLA B. SPAULDING; FLORENCE SPAULDING, trustee; LYNN SPAULDING, doing business as Spaulding Enterprizes; and TINA SPAULDING WARD, doing business as Spaulding Enterprizes, THE CONSERVATORSHIP OF EILEEN SPAULDING,<br><br>*Counter-Defendants.* | |

Counter-Defendants, Estate of Viola B. Spaulding, Florence Spaulding, Trustee; Lynn Spaulding, doing business as Spaulding Enterprizes; Tina Spaulding Ward, doing business as Spaulding Enterprizes, and the Conservatorship of Eileen Spaulding (collectively, "Counter-Defendants" or "Spaulding") in response to Counter-Claimant York Cleaners, Inc.'s, Counterclaim against them, answer, deny, and allege as follows:

## DENIAL OF ALLEGATIONS NOT ADMITTED

Except as expressly admitted herein, Counter-Defendants deny each and every allegation in the Counterclaim of York Cleaners, Inc., including any allegations that may be deemed to be contained in any heading or caption in the Counterclaim.

## SPECIFIC RESPONSES

Counter-Defendants respond to the numbered paragraphs of the Counterclaim as follows:

## STATEMENT OF ACTION

1.  Counter-Defendants admit that York Cleaners, Inc. filed the instant Counterclaim.

2.  Counter-Defendants admit the allegations of paragraph 2.

## JURISDICTION AND VENUE

3.  As to paragraph 3, Counter-Defendants admit that this Court has subject matter jurisdiction over York Cleaners, Inc.'s Fifth and Sixth Causes of Action and the state law claims pursuant to 28 U.S.C. section 1367. Counter-Defendants deny the remaining allegations and legal conclusions of paragraph 3.

4.  Counter-Defendants admit the allegations of paragraph 4.

## THE PROPERTY AND THE PARTIES

5.  As to paragraph 5, Counter-Defendants admit that the property at issue is located at 25-37 Miller Avenue, Mill Valley, California. Counter-Defendants are without sufficient knowledge or information to form a belief as to the truth of the

remaining allegations contained in paragraph 5, and, on that basis, deny them.

6. As to paragraph 6, Counter-Defendants admit that Estate of Viola B. Spaulding, Lynn Spaulding, Tina Ward Spaulding, and the Conservatorship of Eileen Spaulding are or were owners of the property. Counter-Defendants deny the remaining allegations of paragraph 6.

7. Counter-Defendants admit the allegations of paragraph 7.

8. As to paragraph 8, Counter-Defendants believe David Victor Lewis was an owner of York Cleaners. Counter-Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations regarding David Victor Lewis's employment status as alleged in paragraph 8 and, on that basis, deny them.

9. As to paragraph 9, Counter-Defendants deny the allegations of paragraph 9 except admit that leases existed with Barnard Lewis and David Victor Lewis and that the leases contained attorneys' fees provisions.

10. As to paragraph 10, Counter-Defendants deny that between May 16, 1977 and September 1999 York Cleaners, Inc. carried out all of the operations of the dry cleaning business located at the property. Counter-Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations and legal conclusions contained in paragraph 10, and, on that basis, deny them.

11. Counter-Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 11 and, on that basis, deny them.

12. As to paragraph 12, Counter-Defendants admit that a dry cleaning business was operated on the property by One Hour Martinizing. Counter-Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations and legal conclusions contained in paragraph 12, and, on that basis, deny them.

13. Counter-Defendants deny the allegations and legal conclusions of paragraph 13.

**GENERAL ALLEGATIONS AND ENVIRONMENTAL CONDITIONS ON THE PROPERTY**

14. Counter-Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 14 and, on that basis, deny them.

15. Counter-Defendants deny the allegations and legal conclusions of paragraph 15.

16. Counter-Defendants deny the allegations and legal conclusions of paragraph 16.

17. As to paragraph 17, Counter-Defendants admit that GPI Environmental Management prepared a Limited Phase I Environmental Site Assessment dated December 30, 1998 and made certain conclusions. Counter-Defendants deny that this report has any validity or meaning and deny the remaining allegations of paragraph 17.

18. Counter-Defendants admit the allegations of paragraph 18.

19. As to paragraph 19, Counter-Defendants admit that AEI Consultants' findings are referenced in the report entitled "Subsurface Investigation Report," which, in full context, speaks for itself. Counter-Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 19 and, on that basis, deny them.

20. As to paragraph 20, Counter-Defendants admit that there was a lawsuit between Lynn Spaulding and David Victor Lewis and Barnard Lewis filed in Marin County Superior Court relating to sub-flooring in the boiler room. Counter-Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 20 and, on that basis, deny them.

COUNTER-DEFENDANT SPAULDING'S ANSWER AND AFFIRMATIVE DEFENSES TO COUNTERCLAIM OF YORK CLEANERS, INC.

21. As to paragraph 21, Counter-Defendants deny the allegations of paragraph 21 except admit that they asserted that David Victor Lewis and Barnard Lewis were responsible for property damage caused in the boiler room.

22. As to paragraph 22, Counter-Defendants admit that the Marin County litigation was resolved by settlement. Counter-Defendants deny the remaining allegations of paragraph 22.

23. As to paragraph 23, Counter-Defendants deny that their claims against David Victor Lewis, Barnard Lewis, and York Cleaners, Inc. are barred. Counter-Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations or legal conclusions contained in paragraph 23 and, on that basis, deny them.

**FIRST CLAIM FOR RELIEF**
**(Alleged Breach of Contract / Lease)**

24. In response to paragraph 24 of the Counterclaim, Counter-Defendants incorporate by reference and restate their answers to the preceding paragraphs of the Counterclaim as if fully set forth herein.

25. As to paragraph 25, Counter-Defendants admit that the leases existed, which, in full context, speak for themselves. Counter-Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 25 and, on that basis, deny them.

26. Counter-Defendants deny the allegations and legal conclusions of paragraph 26.

27. Counter-Defendants deny the allegations and legal conclusions of paragraph 27.

28. Counter-Defendants deny the allegations and legal conclusions of paragraph 28.



1    29.   Counter-Defendants deny the allegations and legal conclusions of paragraph 29.

2    30.   Counter-Defendants deny the allegations and legal conclusions of paragraph 30.

31.   Counter-Defendants deny the allegations and legal conclusions of paragraph 31.

## SECOND CAUSE OF ACTION
**(Alleged Breach of Contract / Settlement Agreement)**

32.   In response to paragraph 32 of the Counterclaim, Counter-Defendants incorporate by reference and restate their answers to the preceding paragraphs of the Counterclaim as if fully set forth herein.

33.   Counter-Defendants deny the allegations and legal conclusions of paragraph 33.

34.   Counter-Defendants deny the allegations and legal conclusions of paragraph 34.

35.   Counter-Defendants deny the allegations and legal conclusions of paragraph 35.

36.   Counter-Defendants deny the allegations and legal conclusions of paragraph 36.

## THIRD CAUSE OF ACTION
**(Attempt to State a Claim for Negligence)**

37.   In response to paragraph 37 of the Counterclaim, Counter-Defendants incorporate by reference and restate their answers to the preceding paragraphs of the Counterclaim as if fully set forth herein.

38.   Paragraph 38 states a legal conclusion, to which no response is required. To the extent that it may be determined that a response is required to paragraph 38, Counter-Defendants deny the allegations and legal conclusions set forth therein.



39. Counter-Defendants deny the allegations and legal conclusions of paragraph 39.

40. Counter-Defendants deny the allegations and legal conclusions of paragraph 40.

41. Counter-Defendants deny the allegations and legal conclusions of paragraph 41.

## FOURTH CAUSE OF ACTION
### (Attempt to State a Claim for Nuisance and Negligence Per Se)

42. In response to paragraph 42 of the Counterclaim, Counter-Defendants incorporate by reference and restate their answers to the preceding paragraphs of the Counterclaim as if fully set forth herein.

43. Counter-Defendants deny the allegations and legal conclusions of paragraph 43.

44. Paragraph 44 states a legal conclusion, to which no response is required. To the extent that it may be determined that a response is required to paragraph 44, Counter-Defendants deny the allegations and legal conclusions set forth therein.

45. Counter-Defendants deny the allegations and legal conclusions of paragraph 45.

46. Counter-Defendants deny the allegations and legal conclusions of paragraph 46.

47. Counter-Defendants deny the allegations and legal conclusions of paragraph 47.

48. Counter-Defendants deny the allegations and legal conclusions of paragraph 49.

49. Counter-Defendants deny the allegations and legal conclusions of paragraph 49.



**FIFTH CAUSE OF ACTION**
**(Attempt to State a Claim for Contribution**
**Pursuant to CERCLA §§ 107(a); 113(f))**

50. In response to paragraph 50 of the Counterclaim, Counter-Defendants incorporate by reference and restate their answers to the preceding paragraphs of the Counterclaim as if fully set forth herein.

51. Counter-Defendants deny the allegations and legal conclusions of paragraph 51.

52. Counter-Defendants deny the allegations and legal conclusions of paragraph 52.

53. Counter-Defendants deny the allegations and legal conclusions of paragraph 53.

**SIXTH CAUSE OF ACTION**
**(Attempt to State a Claim for Declaratory Relief Under Federal Law Pursuant to CERCLA §113(g), SWDA §1002, and U.S.C. §2201)**

54. In response to paragraph 54 of the Counterclaim, Counter-Defendants incorporate by reference and restate their answers to the preceding paragraphs of the Counterclaim as if fully set forth herein.

55. As to paragraph 55, Counter-Defendants admit that they dispute and contest York Cleaners, Inc.'s claim that Counter-Defendants are obligated to contribute to allegedly necessary response costs and any other costs or attorneys fees' allegedly incurred by York Cleaners, Inc. in allegedly responding to the release of hazardous substances or taking any other removal or remedial action. Counter-Defendants deny the remaining allegations and legal conclusions of paragraph 55.

56. Counter-Defendants deny the allegations and legal conclusions of paragraph 56.

57. Counter-Defendants deny the allegations and legal conclusions of paragraph 57.

58. Counter-Defendants deny the allegations and legal conclusions of paragraph 58.

59. Counter-Defendants deny the allegations and legal conclusions of paragraph 59.

## SEVENTH CAUSE OF ACTION
### (Attempt to State a Claim for Recovery Under the California Hazardous Substances Account Act, California Health and Safety Code Sections 25300 et seq.)

60. In response to paragraph 60 of the Counterclaim, Counter-Defendants incorporate by reference and restate their answers to the preceding paragraphs of the Counterclaim as if fully set forth herein.

61. Paragraph 61 state legal conclusions, to which no response is required. To the extent that it may be determined that a response is required to paragraph 61, Counter-Defendants deny the allegations and legal conclusions set forth therein.

62. Counter-Defendants deny the allegations and legal conclusions of paragraph 62.

63. Counter-Defendants deny the allegations and legal conclusions of paragraph 63.

64. Counter-Defendants deny the allegations and legal conclusions of paragraph 64.

65. Counter-Defendants deny the allegations and legal conclusions of paragraph 65.

## EIGHTH CAUSE OF ACTION
### (Attempt to State a Claim for Equitable Indemnity)

66. In response to paragraph 66 of the Counterclaim, Counter-Defendants incorporate by reference and restate their answers to the preceding paragraphs of the Counterclaim as if fully set forth herein.

67. Counter-Defendants deny the allegations and legal conclusions of



paragraph 67.

68. Counter-Defendants deny the allegations and legal conclusions of paragraph 68.

69. Counter-Defendants deny the allegations and legal conclusions of paragraph 69.

## NINTH CAUSE OF ACTION
### (Attempt to State a Claim for Declaratory Relief Under State Law Pursuant to California Code of Civil Procedure Section 1060)

70. In response to paragraph 70 of the Counterclaim, Counter-Defendants incorporate by reference and restate their answers to the preceding paragraphs of the Counterclaim as if fully set forth herein.

71. As to paragraph 71, Counter-Defendants admit that they dispute and contest York Cleaners, Inc.'s claim that Counter-Defendants are obligated to indemnify and reimburse any response costs and any other costs allegedly incurred by York Cleaners, Inc. in allegedly removing the hazardous substances and hazardous waste or taking any other removal or remedial action. Counter-Defendants deny the remaining allegations and legal conclusions of paragraph 71.

72. Counter-Defendants deny the allegations and legal conclusions of paragraph 72.

73. Paragraph 73 states a legal conclusion, to which no response is required. To the extent that it may be determined that a response is required to paragraph 73, Counter-Defendants deny the allegations and legal conclusions set forth therein.

/ / /

## REMAINING PARAGRAPHS

The remaining paragraphs of the Counterclaim contain York Cleaners, Inc.'s prayer for relief to which no response is required.

## AFFIRMATIVE DEFENSES

Counter-Defendants further sets forth the following affirmative defenses to York Cleaners, Inc.'s Counterclaim. For their separate and affirmative defenses, Counter-Defendants allege as follows, reserving their right to supplement these separate and affirmative defenses following discovery. In setting forth these separate and affirmative defenses, Counter-Defendant do not concede that they have the burden of production on any of them.

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim Upon Which Relief Can Be Granted)

1. Each of the claims contained in the Counterclaim fails to state a claim against Counter-Defendants for which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Third Party Defense)

2. Counter-Defendants are not liable because the damages or injuries alleged in the Counterclaim were caused solely by the acts or omissions of one or more third parties and Counter-Defendants exercised due care with respect to all matters concerned.

### THIRD AFFIRMATIVE DEFENSE
### (Lack of Standing)

3. Counter-Claimant lacks standing to assert any of the claims alleged in the Counterclaim.

### FOURTH AFFIRMATIVE DEFENSE
### (Intervening Acts)

4. The damages or losses alleged in the Counterclaim, if any, were proximately caused by unforeseeable, independent, intervening or superseding events beyond the control and unrelated to any actions or conduct of Counter-Defendants.

Counter-Defendants' actions and conduct, if any, were superseded by the intervening and superseding conduct of others.

### FIFTH AFFIRMATIVE DEFENSE
**(Conformance with Statutes, Regulations, and Industry Standards)**

5. All conduct, activities, and omissions of Counter-Defendants conformed with and were conducted pursuant to all statutes, regulations and industry standards, according to the state of knowledge existing at the time of Counter-Defendants' activities, conduct or omissions.

### SIXTH AFFIRMATIVE DEFENSE
**(Mitigation of Damages)**

6. Counter-Claimant is barred from recovery against Counter-Defendants by Counter-Claimant's failure to mitigate, minimize or avoid any of the alleged damages or losses referred to in the Counterclaim. If there is a finding of liability against Counter-Defendants entitling Counter-Claimant to recover under an order requiring Counter-Defendants to pay such damages or losses, which liability Counter-Defendants generally and specifically deny, such recovery must be reduced by the amount attributable to the failure of Counter-Claimant to take action to mitigate the alleged damages or losses referred to in the Counterclaim.

### SEVENTH AFFIRMATIVE DEFENSE
**(Due Care)**

7. At all times relevant hereto and respecting all activities in connection with the real property and infrastructure improvements identified in the Counterclaim, Counter-Defendants acted with due care, complied with all statutory and regulatory requirements, complied with the state of the art, took all required or appropriate precautions and otherwise conducted themselves reasonably under the circumstances, and therefore cannot be held responsible for the harm alleged in the Counterclaim.

/ / /

### EIGHTH AFFIRMATIVE DEFENSE
### (Cause in Fact)

8. Counter-Claimant cannot prove any facts showing that Counter-Defendants' conduct or omissions were the cause in fact of the damages or losses alleged in the Counterclaim.

### NINTH AFFIRMATIVE DEFENSE
### (Proximate Cause Of Harm)

9. Counter-Claimant cannot prove any facts showing that Counter-Defendants' conduct or omissions were the proximate cause of the damages or losses alleged in the Counterclaim.

### TENTH AFFIRMATIVE DEFENSE
### (Contribution and Equitable Indemnification)

10. If Counter-Defendants are liable to Counter-Claimant, which Counter-Defendants generally and specifically deny, the principles of contribution and equitable indemnification should be applied to determine the relative degree of fault among all culpable parties so that no party is called upon to bear more than its equitable share of liability.

### ELEVENTH AFFIRMATIVE DEFENSE
### (*De Minimus* Harm)

11. The contribution to the damages or losses alleged in the Counterclaim by Counter-Defendant, if any, was *de minimus*.

### TWELFTH AFFIRMATIVE DEFENSE
### (Comparative Negligence)

12. Counter-Claimant failed to exercise ordinary care with regard to the damages or losses alleged in the Counterclaim. Therefore, any injuries or damages sustained by Counter-Claimant were proximately caused by the negligence of Counter-Claimant. Counter-Claimant's recovery, if any, from Counter-Defendants must be diminished in proportion to the amount of negligence attributable to Counter-Claimant.

**THIRTEENTH AFFIRMATIVE DEFENSE**
**(No Attorneys' Fees)**

13. Counter-Claimant has not alleged an adequate basis for the recovery of attorneys' fees and is neither entitled to such recovery, nor is any such recovery authorized by law.

**FOURTEENTH AFFIRMATIVE DEFENSE**
**(Costs Inconsistent with the National Contingency Plan)**

14. The response costs which Counter-Claimant seeks to recover, if any, were not incurred in a manner consistent with the National Oil and Hazardous Substance Pollution Contingency Plan, 40 C.F.R., Part 300.

**FIFTEENTH AFFIRMATIVE DEFENSE**
**(Unnecessary Costs of Response)**

15. The response costs which Counter-Claimant seeks to recover, if any, were not necessary.

**SIXTEENTH AFFIRMATIVE DEFENSE**
**(Act of God)**

16. The damages or losses alleged in the Counterclaim, if any, were or may have been proximately caused or contributed to by some independent, unforeseeable and unavoidable natural cause or act of God.

**SEVENTH AFFIRMATIVE DEFENSE**
**(Set Off)**

17. If the Court enters an order requiring Counter-Defendants to pay damages, losses, or costs to Counter-Claimant, then Counter-Defendants are entitled to a setoff or recoupment against Counter-Claimant in an amount reflecting the damages suffered by Counter-Defendants as a result of Counter-Claimant's responsibility for the damages or losses alleged in the Counterclaim.

**EIGHTEENTH AFFIRMATIVE DEFENSE**
**(Promissory Estoppel)**

18. As a result of the acts, conduct, or omissions of Counter-Claimant or his



agents, the Counterclaim and each claim against Counter-Defendants presented therein is barred by the doctrine of promissory estoppel.

### NINETEENTH AFFIRMATIVE DEFENSE
### (Equitable Estoppel)

19. As a result of the acts, conduct, or omissions of Counter-Claimant or his agents, the Counterclaim and each claim against Counter-Defendants presented therein is barred by the doctrine of equitable estoppel.

### TWENTIETH AFFIRMATIVE DEFENSE
### (Waiver)

20. As a result of the acts, conduct, or omissions of Counter-Claimant or his agents, the Counterclaim and each claim against Counter-Defendants presented therein has been waived.

### TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Laches)

21. Counter-Claimant has unreasonably delayed the commencement of this action to the prejudice of Counter-Defendants. the Counterclaim and each claim against Counter-Defendants presented therein is barred by the doctrine of laches.

### TWENTY-SECOND AFFIRMATIVE DEFENSE
### (Unclean Hands)

22. The Counterclaim and each claim for relief presented therein against Counter-Defendants are barred by the doctrine of unclean hands.

### TWENTY-THIRD AFFIRMATIVE DEFENSE
### (Breach of Lease)

23. Counter-Claimant was bound by the provisions of the written leases, which imposed a duty on Counter-Claimant not to commit waste in or around the property, from using, storing, or disposing hazardous substances at the property unless such use and storage complied with all environmental laws, and requiring Counter-Claimant to hold harmless and indemnify and defend Counter-Defendants from any claims resulting



from Counter-Claimant's use or occupation of the property. Any alleged property damage asserted in the Counterclaim is the direct and proximate result of Counter-Claimant's failure to comply with the provisions of the written lease agreements.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE
### (Vagueness and Uncertainty)

24. The Counterclaim does not describe the events, acts, omissions, transactions, losses or damages which allegedly form the basis of Counter-Defendants' alleged liability for the claims contained in the Counterclaim with sufficient particularity to enable Counter-Defendants to determine all defenses that may exist to such allegations. Counter-Defendants, therefore, reserve the right to assert additional defenses which may pertain to Counter-Defendants once the precise nature of such events, acts, omissions, transactions, issues, or damages is ascertained.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE
### (Additional and Unstated Defenses)

25. Counter-Defendants have insufficient knowledge on which to form a belief as to whether Counter-Defendants have additional, as yet unstated, affirmative defenses available. Counter-Defendants hereby reserves their right to assert additional defenses in the event that fuller investigation and discovery indicated that such defenses would be appropriate.

WHEREFORE, Counter-Defendants pray as follows:

1. That the relief sought by way of the prayer for relief in the Counterclaim be denied in its entirety;

2. That Counter-Claimant take nothing by his Counterclaim;

3. That the Counterclaim be dismissed in its entirety;

4. That Counter-Defendants be awarded their costs of suit, including attorneys' fees; and

5. For such other relief as the Court deems just and proper.



-16-
COUNTER-DEFENDANT SPAULDING'S ANSWER AND AFFIRMATIVE DEFENSES TO COUNTERCLAIM OF YORK CLEANERS, INC.

**JURY TRIAL DEMAND**

Counter-Defendants hereby demand trial by jury of any and all issues so triable.

DATED: May 27, 2008                    PALADIN LAW GROUP® LLP

By: _____/S/_____
Bret A. Stone
Counsel for Spaulding