P. GERHARDT ZACHER (SBN: 043184)
KRISTIN N. REYNA (SBN: 211075)
GORDON & REES LLP
101 W. Broadway
Suite 2000
San Diego, CA 92101
Telephone: (619) 696-6700
Facsimile: (619) 696-7124

Attorneys for Third-Party Defendant
COOPER INDUSTRIES, LTD.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF VIOLA B. SPAULDING; FLORENCE SPAULDING, trustee; LYNN SPAULDING, doing business as Spaulding Enterprises; and TINA SPAULDING WARD, doing business as Spaulding Enterprises, THE CONSERVATORSHIP OF EILEEN SPAULDING<br><br>Plaintiff,<br><br>vs.<br><br>YORK CLEANERS, INC., a dissolved California corporation; ESTATE OF BARNARD LEWIS, DECEASED; DAVID VICTOR LEWIS, an individual; MARTIN FRANCHISES, INC., an Ohio corporation; SETH R. DOLE, an individual; and RUTH DOLE, an individual; and DOES 1 through 100,<br><br>Defendant.<br><br>MARTIN FRANCHISES, INC., an Ohio corporation,<br><br>Third-Party Plaintiff,<br><br>vs.<br><br>COOPER INDUSTRIES, LTD., a Texas corporation,<br><br>Third-Party Defendant. | CASE NO. C 08-00672 CRB<br><br>**AMENDED ANSWER OF COOPER INDUSTRIES, LLC TO THIRD PARTY COMPLAINT OF MARTIN FRANCHISES, INC.** |

-1-

ANSWER OF COOPER INDUSTRIES TO THIRD PARTY COMPLAINT OF MARTIN FRANCHISES

Third Party Defendant Cooper Industries, LLC ("COOPER") amends its answer and responds to the Third Party Complaint of Martin Franchises, Inc. ("Third Party Plaintiff"), as follows:

## JURISDICTION AND VENUE

1. COOPER is without sufficient information or belief to admit or deny the allegations in Paragraph 1 and on that basis denies the allegations of Paragraph 1.

2. COOPER is without sufficient information or belief to admit or deny the allegations in Paragraph 2 and on that basis denies the allegations of Paragraph 2.

## PARTIES

3. COOPER admits the allegations in paragraph 3.

4. COOPER admits that it is a corporation with its principle place of business in Houston, Texas. COOPER denies the remaining allegations of paragraph 4.

## FIRST CAUSE OF ACTION
### [Contractual Indemnity]

5. COOPER incorporates by reference its answers and responses to Paragraphs 1 through 4 above as though fully set forth herein.

6. COOPER denies the allegations in paragraph 6.

7. COOPER denies the allegations in paragraph 7.

8. COOPER admits the allegations in paragraph 8.

9. COOPER admits that it has not accepted Third Party Plaintiff's tender of the claim herein. COOPER denies the remaining allegations in paragraph 9.

10. COOPER denies the allegations in paragraph 10.

///

///

## SECOND CAUSE OF ACTION

### [Declaratory Relief]

11. COOPER incorporates by reference its answers and responses to Paragraphs 1 through 10 above as though fully set forth herein.

12. COOPER denies the allegations in paragraph 12.

13. COOPER denies the allegations in paragraph 13.

14. COOPER is without sufficient information or belief to admit or deny the allegations in Paragraph 14 and on that basis denies the allegations in Paragraph 14.

COOPER further alleges the following affirmative defenses in response to the Third Party Complaint:

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Third Party Complaint fails to state a claim upon which relief can be granted.

### FIRST AFFIRMATIVE DEFENSE

Under the operative agreement(s) which govern the respective liabilities of Third Party Plaintiff and COOPER with respect to One Hour Martinizing franchises, COOPER has no liability for the franchise at issue in this action.

### SECOND AFFIRMATIVE DEFENSE

Under the operative agreement(s) which govern the respective liabilities of Third Party Plaintiff and COOPER with respect to One Hour Martinizing franchises, COOPER has no duty to indemnify Third Party Plaintiff for the claims related to the dry cleaning franchise at issue in this action.

### THIRD AFFIRMATIVE DEFENSE

Under the operative agreement(s) which govern the respective liabilities of Third Party Plaintiff and COOPER with respect to One Hour Martinizing

franchises, liability for the dry cleaning franchise at issue in this case rests with Third Party Plaintiff.

### FOURTH AFFIRMATIVE DEFENSE

There is no agreement or contract or contractual provision between Third Party Plaintiff and COOPER which was entered into on or about 1981 which requires COOPER to provide full written indemnity to Third Party Plaintiff for injuries and/or damages arising out of the operations of the dry cleaning franchise at issue in this action.

### FIFTH AFFIRMATIVE DEFENSE

Third Party Plaintiff's claims are not ripe.

### SIXTH AFFIRMATIVE DEFENSE

If COOPER is judged liable for any damages claimed in this Third Party Complaint, such damage should be apportioned among all parties, proportionate to their degree of fault, and any such judgment against COOPER should be reduced or apportioned according to the principles of complete or partial indemnity.

### SEVENTH AFFIRMATIVE DEFENSE

COOPER alleges that it is not liable to Third Party Plaintiff because of the subsequent and intervening acts of plaintiff, other defendants, Third Party Plaintiff, third parties and/or acts of God, all of which caused the damages, if any, alleged in the Third Party Complaint.

### EIGHTH AFFIRMATIVE DEFENSE

COOPER alleges that to the extent Third Party Plaintiff proves that COOPER conducted any of the activities alleged in the Third Party Complaint, those activities conformed with and were pursuant to statutes, government regulations and industry standards based upon the state of knowledge existing at

the time of the activities.

### NINTH AFFIRMATIVE DEFENSE

COOPER alleges that by virtue of Third Party Plaintiff's unreasonable delay in commencing their claims which delay has caused prejudice to COOPER, certain of the purported causes of action asserted in the Third Party Complaint are barred by the doctrine of laches.

### TENTH AFFIRMATIVE DEFENSE

COOPER alleges that if hazardous substances or hazardous wastes as alleged by Plaintiff and/or Third Party Plaintiff leaked or spilled from the property at issue, such leak or spill was of such a minor, trivial or insignificant amount in view of the circumstances surrounding the alleged contamination at the property that no reasonable person would conclude that COOPER created or caused any of the damages alleged in the Third Party Complaint.

### ELEVENTH AFFIRMATIVE DEFENSE

COOPER alleges that Third Party Plaintiff has failed to join all persons necessary for a full and just adjudication of the purported causes of action asserted in the Third Party Complaint.

### TWELFTH AFFIRMATIVE DEFENSE

COOPER alleges that Third Party Plaintiff's claims are barred by the doctrine of unclean hands.

### THIRTEENTH AFFIRMATIVE DEFENSE

COOPER alleges that Third Party Plaintiff cannot prove any facts showing that the conduct of COOPER contributed to disposal of solid or hazardous wastes or hazardous substances as alleged in the First Amended Complaint or Third Party Complaint.

### FOURTEENTH AFFIRMATIVE DEFENSE

COOPER alleges that it is not jointly and severally liable for any damage alleged in the Third Party Complaint because any effect of any act or omission of

COOPER is divisible and distinct from any compensable damage incurred by Third Party Plaintiff.

### FIFTEENTH AFFIRMATIVE DEFENSE

COOPER alleges that Third Party Plaintiff's claims are barred to the extent its costs, if any, were incurred as the result of their violation of regulatory standards or failure to cooperate with public officials.

### SIXTEENTH AFFIRMATIVE DEFENSE

COOPER alleges that whatever damage, injury, loss, or expense may be, or may have been, incurred by Plaintiff and/or Third Party Plaintiff under the circumstances and events alleged in the First Amended Complaint and/or Third Party Complaint was solely, directly, and proximately caused, or alternatively, contributed to, by the misconduct, negligence, or wrongful conduct of Plaintiff, other defendants, Third Party Plaintiff or third parties. Therefore, COOPER requests that in the event Third Party Plaintiff recovers against COOPER whether by settlement or judgment, an apportionment of fault be made by the court or jury as to all parties. COOPER further requests a judgment and declaration of indemnification and contribution against all those parties or persons in accordance with the apportionment of fault.

### SEVENTEENTH AFFIRMATIVE DEFENSE

COOPER alleges that any damages sustained by Third Party Plaintiff as a result of the incidents described in the Third Party Complaint were caused solely by the negligence, fault, or lack of care on the part of Third Party Plaintiff and/or its agents and were substantially contributed to by the actions or inactions of Third Party Plaintiff and/or its agents. Thus, Third Party Plaintiff's claims must be barred or reduced proportionally based upon that degree by which their and/or their agents' own actions contributed to the alleged injuries or damages.

### EIGHTEENTH AFFIRMATIVE DEFENSE

COOPER alleges that, to the extent Third Party Plaintiff proves that

Gordon & Rees LLP
101 West Broadway, Suite 2000
San Diego, CA 92101

COOPER conducted any matters alleged in the Third Party Complaint, it exercised due care with respect to all such matters.

### NINETEENTH AFFIRMATIVE DEFENSE

COOPER alleges that third parties for whom this defendant is not responsible and has no control over failed to maintain the alleged product(s) which Third Party Plaintiff alleges it may have liability for, which liability COOPER specifically denies, in accordance with the manufacturer's recommendations, specifications and instructions.

### TWENTIETH AFFIRMATIVE DEFENSE

COOPER alleges that warnings placed on the product(s) or related to the product(s) which Third Party Plaintiff alleges it may have liability for, which liability COOPER specifically denies, are grounds for dismissal of Third Party Plaintiff's claims.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

COOPER alleges that the product(s) which Third Party Plaintiff alleges it may have liability for, which liability COOPER specifically denies, was substantially altered or modified by persons for whom COOPER is not responsible, and such alteration or modification was the sole cause of the damages alleged by Third Party Plaintiff in the Third Party Complaint.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

COOPER upon information and belief alleges that the product(s) which Third Party Plaintiff alleges it may have liability for, which liability COOPER specifically denies, conformed in all respects to the state of the art at the time it was designed and manufactured, and, as a result, the Third Party Plaintiff is barred from recovery.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

COOPER alleges that the product(s) which Third Party Plaintiff alleges it

may have liability for, which liability COOPER specifically denies, was not defective in design, defective by manufacture, or defective due to inadequate or insufficient warnings.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

COOPER alleges that if Third Party Plaintiff was damaged by any product(s) which it claims COOPER may have liability for, which liability COOPER specifically denies, then Third Party Plaintiff's damages were caused by and attributable to the unreasonable, unforeseeable and inappropriate use which was made of said product(s).

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

COOPER alleges that the product(s) that Third Party Plaintiff alleges it may have liability for, which liability COOPER specifically denies, performed as safely as an ordinary consumer would reasonably expect when used in an intended or reasonably foreseeable manner.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

COOPER alleges that it is not a responsible party or liable person as the same is defined under the Comprehensive Environmental Response, Compensation and Liability Act.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

COOPER alleges that it is not a responsible party or liable person as the same is defined under the Resource Conservation and Recovery Act.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

COOPER alleges that it is not a responsible party or liable person as the same is defined under the Hazardous Substance Account Act.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

COOPER asserts any and all defenses available to it under CERCLA, 42 U.S.C. § 9601 et seq.

### THIRTIETH AFFIRMATIVE DEFENSE

COOPER asserts any and all defenses available to it under RCRA, 42 U.S.C. 6901 et seq.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

COOPER asserts any and all defenses available to it under HSAA, Cal. Health & Safety Code section 25363 et seq.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

COOPER asserts all applicable defenses pled by any other defendant to this action, and hereby incorporates the same herein by reference.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

COOPER reserves the right to offer additional defenses which cannot now be articulated due to Third Party Plaintiff's failure to particularize its claims or to COOPER's lack of knowledge of the circumstances surrounding Third Party Plaintiff's claims. Upon further particularization of the claims by Third Party Plaintiff or upon discovery of further information concerning its claims, COOPER reserves the right to assert additional defenses.

### PRAYER FOR RELIEF

WHEREFORE, COOPER prays for judgment against Third-Party Plaintiff as follows:

1. That Third-Party Plaintiff take nothing by way of this action;

2. That in the event COOPER is held liable to Third-Party Plaintiff in any manner or fashion whatsoever, that such liability be apportioned among all parties proportionate to each party's degree of fault;

3. That COOPER be awarded its costs incurred in this action, including attorney's fees; and

4. That the Court grant such other further relief as it may deem just and proper.

Dated: July 11 2008

GORDON & REES LLP

By: _____
P. Gerhard Zacher
Kristin N. Reyna
Attorneys for Third-Party Defendant
COOPER INDUSTRIES, LLC

Gordon & Rees LLP
101 West Broadway, Suite 2000
San Diego, CA 92101

PROOF OF SERVICE

<u>Estate of Viola B. Spaulding, et al. v. York Cleaners, Inc., et al.</u>

**U.S. Dist. Court (Northern) Case No. C 08-00672 CRB**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is: Gordon & Rees LLP 101 W. Broadway, Suite 2000, San Diego, CA 92101. On July 11, 2008, I served the within documents:

**AMENDED ANSWER OF COOPER INDUSTRIES, LLC TO THIRD PARTY COMPLAINT OF MARTIN FRANCHISES, INC.**

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in United States mail in the State of California at San Diego, addressed as set forth below.

X by ELECTRONIC FILING. I caused all of the pages of the above-entitled document(s) to be electronically filed and served on designated recipients through the Electronic Case Filing system for the above-entitled case. The file transmission was reported as successful and a copy of the Electronic Case Filing Receipt will be maintained with the original document(s) in our office

**SEE ATTACHED SERVICE LIST**

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on July 11, 2008 at San Diego, California.

_____
LaVernie Hayes

PROOF OF SERVICE

**SERVICE LIST**
Estate of Spaulding v. York Cleaners
Case No. 3:08-CV-00672-CRB

| ATTORNEY | PARTY |
|---|---|
| Bret Adam Stone<br>John Richard Till<br>Paladin Law Group, LLP<br>3757 State Street, Sutie 201<br>Santa Barbara, CA 93105<br>Ph: (805) 898-9700<br>Fx: (805) 880-0499<br>Email: bstone@paladinlaw.com<br>jtill@paladinlaw.com | **Plaintiffs, Estate of Viola B. Spaulding, Florence Spaulding, trustee, Lynn Spaulding, dba Spaulding Enterprises, Tina Spaulding Ward, dba Spaulding Enterprises, The Conservatorship of Eileen Spaulding**<br><br>and<br><br>**Counter-Defendant, Estate of Viola B. Spaulding** |
| Courtney Marissa Crawford<br>Gregory William Poulos<br>Cox, Wootton, Griffin, Hansen & Poulos LLP<br>190 The Embarcadero<br>San Francisco, CA 94105<br>Ph: (415) 438-4600<br>Fx: (415) 438-4601<br>Email: ccrawford@cwghp.com<br>gpoulos@cwghp.com | **Defendants, York Cleaners, Inc., Estate of Barnard Lewis, deceased, David Victor Lewis, an individual**<br><br>and<br><br>**Counter-Claimants, David Victor Lewis, an individual, York Cleaners, Inc.**<br><br>and<br><br>**Cross-Complainant, York Cleaners, Inc.** |
| Robert N. Berg<br>Sedwick, Detert, Moran & Arnold LLP<br>One Market Plaza<br>Steuart Tower, 8th Floor<br>San Francisco, CA 94105<br>Ph: (415) 781-7900<br>Fx: (415) 781-2635<br>Email: robert.berg@sdma.com | **Defendant, Counter-claimant and Third-Party Plaintiff, Martin Franchises, Inc.** |