1  Bret A. Stone (State Bar No. 190161)
   John R. Till (State Bar No. 178763)
2  PALADIN LAW GROUP® LLP
   3757 State Street, Suite 201
3  Santa Barbara, California  93105
   Telephone:  (805) 898-9700
4  Facsimile:   (805) 880-0499

5  *Counsel for Spaulding*

6  Gregory W. Poulos (State Bar No. 131428)
   Courtney M. Crawford (State Bar No. 242567)
7  COX, WOOTTON, GRIFFIN, HANSEN & POULOS LLP
   190 The Embarcadero
8  San Francisco, California  94105
   Telephone:  (415) 438-4600
9  Facsimile:   (415) 438-4601

10 *Counsel for David Victor Lewis and York Cleaners, Inc.*

11
   Robert N. Berg (State Bar No. 99319)
12 SEDGWICK, DETERT, MORAN & ARNOLD LLP
   One Market Plaza
13 Steuart Tower, 8th Floor
   San Francisco, California  94105
14 Telephone:  (415) 781-7900
   Facsimile:   (415) 781-2635
15
16 *Counsel for Martin Franchises, Inc.*

17 P. Gerhardt Zacher (State Bar No. 43184)
   Kristin N. Reyna (State Bar No. 211075)
18 GORDON & REES LLP
   101 W. Broadway, Suite 2000
19 San Diego, California  92101
   Telephone:  (619) 696-6700
20 Facsimile:   (619) 696-7124

21 *Counsel for Cooper Industries, LLC*

22

23

24

25

26

27

28

1

2

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

3

4

| | |
|---|---|
| ESTATE OF VIOLA B. SPAULDING, *et al.*, | Case No. C 08-00672 |
| *Plaintiffs,* | JOINT INITIAL CASE MANAGEMENT CONFERENCE STATEMENT AND [PROPOSED] ORDER |
| *v.* | CMC Date:  August 22, 2008 |
| YORK CLEANERS, INC., *et al.* | CMC Time: 10:00 a.m. Court Rm.:  8 on the 19th Floor |
| *Defendants.* | Jury Trial Demanded Trial Date: None set |
| AND RELATED COUNTERCLAIMS, CROSS-CLAIMS, AND THIRD-PARTY CLAIMS | |

5

6

7

8

9

10

11

12

13    Plaintiffs and Counter-Defendants Estate of Viola B. Spaulding, Florence

14 Spaulding, Trustee; Lynn Spaulding, doing business as Spaulding Enterprizes; Tina

15 Spaulding Ward, doing business as Spaulding Enterprizes, and the Conservatorship of

16 Eileen Spaulding (collectively, "Spaulding"); Defendants and Counter-Claimants David

17 Victor Lewis and York Cleaners, Inc. ("York"); Defendant, Cross-Complainant, and

18 Third-Party Claimant Martin Franchises, Inc. ("Martin"); and Third-Party Defendant

19 Cooper Industries, LLC, as successor-in-interest to McGraw-Edison Company

20 ("Cooper") jointly submit this Initial Case Management Statement and Proposed Order

21 and request the Court to adopt it as its Initial Case Management Order in this case.

22 Where the parties have set forth separate statements related in the below sections the

23 parties do not adopt each others statements in this joint initial case management

24 statement and proposed order.

25

26    **1.    Jurisdiction and Service**

27    Defendants and Cross-Defendants Seth Dole and Ruth Dole have not been served

28 as their whereabouts (if they are still living) are unknown.  Counsel for York heard from

an insurance investigator that the Doles are deceased. If the Doles are indeed deceased, but were insured, service will be made on their insurance carrier pursuant to Probate Code section 550 *et seq*.

There is also a dispute as to whether Estate of Barnard Lewis has been properly served as counsel for York contends service on David Victor Lewis is ineffective because he has not been appointed executor of his father's estate.

Third-Party Defendant Cooper appeared in the case on June 23, 2008. After some initial discovery, Spaulding and York may amend to include Cooper in their pleadings. In addition, discovery may identify additional persons who should be parties to this action. In such case the parties will meet and confer regarding a stipulation to amend the pleadings.

The parties stipulate to electronic service of documents not filed electronically with the court (*e.g.*, discovery requests and responses)

**2.     Facts**

This is an environmental case between a landowner and the former owners and operators of a dry cleaning business over who ought to be held responsible for addressing the allegedly contaminated soil and groundwater at and around the property. Plaintiffs allege that Martin operated or franchised a One-Hour Martinizing dry cleaning business at the property in the 1960s. It is believed that Barnard Lewis bought the franchise around 1972 and continued to operate under the Martin mark for a period of time and then changed the name to York Cleaners. Spaulding alleges that during both the Martin and York operations, tetrachlorethylene ("PCE") was used as the industrial solvent in the dry cleaning equipment and that PCE was released into the environment at the site and has been detected in the soil and groundwater. The California Regional Water Quality Control Board – San Francisco Bay Region is requiring Spaulding to investigate and remediate the contamination.   To   date,   Spaulding   has   spent

approximately $100,000 in response costs relating to its investigation of the contamination. Pursuant to the Court's request, since the last case management conference Spaulding has furthered its investigation in an attempt to quantify the extent of the property damage. Spaulding now believes, based on the information available to date, that the investigation and remediation of the contamination can be accomplished for approximately $700,000.

The principal factual issues in dispute will be the source, nature, extent, timing, and cause of the contamination. In addition, York Cleaners, Inc. and David Victor Lewis contend that any contamination occurred as a result of the negligence and breach of lease by Spaulding and/or as a result of products liability related issues with the equipment manufactured and/or installed by Martin and/or Cooper. York and Lewis also contend that a settlement was reached in the prior lawsuit between the Spauldings and the Lewis' pursuant to which all claims were waived and released under California Civil Code section 1542. Spaulding disputes that any of its acts or omissions have adversely impacted the soil or groundwater at the site. Spaulding also disputes that the alleged concrete floor with no impermeable membrane is associated with the dry cleaning equipment or spills of PCE. Spaulding further disputes that it failed to maintain the premises in good condition and repair. Finally, Spaulding disputes that it waived its rights under California Civil Code section 1542 in a previous action filed in Marin County Superior Court. Martin disputes any liability as Cooper, and not Martin, was the franchisor from the 1960s until May 1978. In May 1978, Martin purchased the franchise from Cooper in an asset purchase. Martin cancelled the franchise in 1981. It has no knowledge about information during critical times in 1960s and 1970s and has very few records. Thus, at this time, Martin must contest most facts as simply unknown. Cooper disputes that it has any prospective liability relating to the One Hour Martinizing franchise which it contends appears to have been operated at the premises from

approximately 1968 to 1981, first by Dole, then by Lewis. Cooper contends that based upon the relevant Purchase Agreement documents executed in May 1978, Martin has any such liability, not Cooper. At most, Cooper's predecessor, McGraw, merely sold certain non-defective dry cleaning equipment.

### 3. Legal Issues

**a.    Spaulding's Disputed Legal Issues.**

Spaulding disputes that the arbitration clauses contained in the lease agreements have any force or effect as they are not initialed by any of the parties. Spaulding disputes that the alleged California Civil Code section 1542 waiver of rights bars the claims made in this lawsuit.

**b.    York's Disputed Legal Issues.**

York disputes the legal standing of the various plaintiffs to maintain the action based on the settlement reached in prior litigation. York further disputes its liability under the applicable law, and York further contends that any liability is properly that of the land owners, prior or subsequent business operators and/or the equipment manufacturers and installers.

**c.    Martin's Disputed Legal Issues.**

Martin disputes any legal liability. Martin was not the franchisor for any meaningful time regarding this matter. Legal obligations, if any, on behalf of any franchisor would be that of Cooper. Any attempt at liability of Martin should be subject matter of Cooper's indemnity obligation to Martin.

**d.    Cooper's Disputed Legal Issues.**

Cooper disputes that it has any prospective liability relating to the One Hour Martinizing franchise. Cooper contends that based upon the relevant Purchase Agreement documents executed in May 1978, Martin has any such liability, not Cooper. Cooper disputes that it has any indemnity obligation to Martin regarding the franchise

1  based on these documents.

2  **4.    Motions**

3  **a.    Spaulding's Dispositive Motion Statement**:

4  Spaulding intends to file a Motion for Preliminary and Permanent Injunction

5  against Defendants, a Motion for Summary Judgment or for partial Summary Judgment,

6  and will likely move to summarily remove various affirmative defense raised by

7  Defendants. Spaulding requests leave to bring more than one summary judgment motion

8  in this matter related to various affirmative defenses and related to liability of the current

9  defendants and future defendants which may be served or added in this matter.

10  **b.    York's Dispositive Motion Statement**:

11  York intends to file a dispositive motion relating to the prior settlement of

12  litigation between the parties. York may also move for summary judgment or

13  adjudication on various legal theories asserted by Spaulding and various items of

14  damages.

15  **c.    Martin's Dispositive Motion Statement**:

16  Martin needs to conduct discovery to help assist at dispositive motions regarding

17  (1) no legal liability; and (2) summary judgment against Cooper regarding its indemnity

18  obligation.

19

20  **d.    Cooper's Dispositive Motion Statement**:

21  Cooper may move for summary judgment or partial summary judgment at the

22  appropriate time: with respect to Martin Franchises, Inc.'s claims of contractual

23  indemnity and declaratory relief, based on the relevant documents concerning liability

24  for the franchise operations; and also generally with respect to the absence of evidence

25  that McGraw equipment caused any of plaintiffs' alleged damages.

26  **5.    Amendment of Pleadings**

27  The parties anticipate that pleadings may need to be amended after some initial

28

discovery to add additional parties. In such case the parties will meet and confer regarding a stipulation to amend the pleadings.

**6.     Evidence Preservation**

The facts of this case span into the 1960s. The parties will diligently attempt to preserve evidence relevant to the issues reasonably evident in this action. Spaulding is concerned that with the passage of time information related to the historical dry cleaning operations will be lost. Indeed, Barnard Lewis passed away shortly before the 90-day pre-suit notice period had run.

**7.     Disclosures**

Spaulding, York, and Martin served their initial disclosures on May 9, 2008 pursuant to the court's Order Setting Initial Case Management Conference and ADR Deadlines. Cooper states that it will serve its initial disclosures on or before August 21, 2008.

**8.     Discovery**

The Court imposed a temporary stay on discovery at the last case management conference and thus no discovery has been taken to date. As discussed in Section 6 above, Spaulding is concerned about the preservation of evidence as many of the witnesses at the site may be elderly. Based on the number of parties, the number of witnesses which may need to be called, and the extensive factual history related to this matter, Spaulding believes that the default limitation imposed by the Federal Rules on discovery are not appropriate. York disagrees. As a compromise and pursuant to Fed. R. Civ. P. 26(f), the parties request that the initial discovery limitations be set, unless modified by the parties in writing or by order of this Court, as follows:

a.     Depositions: Depositions of fact and expert witnesses will be limited to one seven hour day. No other limitation on depositions shall apply.

b.     Interrogatories: Interrogatories shall be limited to 50 interrogatories.

c.    Request for Admissions: There shall be no limitation on the number of requests for admissions.  The parties may agree to issue one set of request for admissions for multiple parties represented by the same counsel.

d.    Request for Inspection and Documents.  There shall be no limitation on the number of requests for inspection and documents.

**9.    Related Cases**

David Victor Lewis's answer and counterclaim identifies a previous dispute between some of the parties: *Lynn Spaulding v. David Lewis and Barnard Lewis,* Case No. CIV994752 (Marin County Superior Court).  The case was resolved and is no longer pending.

**10.    Relief**

The complaint, counterclaim, cross-claims, and third-party complaint seek damages for costs of investigation and cleanup, injunctive relief, contribution, indemnity and declaratory relief.  The cost of investigation and cleanup is unknown at this time.

**11.    Settlement and ADR**

The parties have agreed and stipulated to attempt to resolve this matter by mediation.  The parties had an initial telephone conference with court appointed mediator Daniel Bowling on July 29, 2008.  A second conference call with Mr. Bowling is scheduled for August 26, 2008.  Although not involved in the initial telephone conference with Mr. Bowling, Cooper agrees to participate in the mediation process currently underway.  Cooper had a separate telephone conference with Mr. Bowling following the July 29 conference and was apprised of what was discussed on the group call.  Cooper plans to participate in the upcoming August 26, 2008 telephone conference with Mr. Bowling.

**12.    Consent to Magistrate Judge for All Purposes**

The parties request that this case not be assigned to a U.S. Magistrate.

### 13.    Narrowing of Issues

It is anticipated that many facts can be stipulated to such as time frame of ownership and operation of dry cleaning business, use of PCE, types of dry cleaning equipment used, and others through stipulated facts.  For the most part, the parties do not anticipate that bifurcation of issues, claims, or defenses will be necessary; although York suggests that bifurcation of liability and damages may be appropriate as it may be that some parties will be out of the case before the damages phase starts and such bifurcation can help narrow the case.

### 14.    Expedited Schedule

Based on the amount of discovery that will be necessary and the technical nature of an environmental case, this case cannot be handled on an expedited basis.

### 15.    Scheduling

The parties suggest the following dates:

| | |
|---|---|
| Cut-off date for Amending Pleading | December 29, 2008 |
| General Discovery Cutoff | May 4, 2009 |
| Expert Designation | June 1, 2009 |
| Supplemental Expert Designation | June 15, 2009 |
| Dispositive Motions Heard By | July 13, 2009 |
| Expert Discovery Cutoff | July 13, 2009 |
| Motion *In Limine* | July 27, 2009 |
| Response to *Motion In Limine* | August 3, 2009 |
| Trial Date | August 10, 2009 |

Cooper disagrees that this case will be ready for trial as early as August 10, 2009, and suggests that trial be set to commence no earlier than November of 2009.  York also disagrees with these dates on the basis that the environmental assessment and remediation plan has not been submitted to or approved by the RWQCB and that any

action in advance of such approval is premature.  Counsel for York suggests that the Court enter a further stay of proceedings for an additional 90 days and that, if the Court does intend to set certain dates the suggested dates be moved back by 120-180 days.

### 16.    Trial

The parties estimate that the jury trial in this case will take approximately three to four weeks.

### 17.    Disclosure of Non-Party Interested Entities or Persons

The parties have or will file the "Certification of Interested Entities or Persons" as required by Civil Local Rule 3-16.

Spaulding perceives that the following non-party may have an interest in this case: (1) The California Regional Water Quality Control Board – San Francisco Bay Region and (2) The Travelers Insurance Company.

DATED: August 12, 2008                    PALADIN LAW GROUP® LLP


By:_____/S/_____
       Bret A. Stone
       Counsel for Spaulding


DATED: August 12, 2008                    COX,  WOOTTON, GRIFFIN, HANSEN & POULOS LLP


By:_____/S/_____
       Gregory W. Poulos
       Counsel for David Victor Lewis and York Cleaners, Inc.

1    DATED: August 12, 2008              SEDGWICK, DETERT, MORAN & ARNOLD
2                                        LLP

3

4                                        By:_____/S/_____
                                             Robert N. Berg
5                                            Counsel for Martin Franchises, Inc.

6    DATED: August 12, 2008              GORDON & REES LLP

7

8                                        By:_____/S/_____
                                             P. Gerhardt Zacher
9                                            Counsel for Cooper Industries, LLC

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

CASE MANAGEMENT ORDER

2

3    The Case Management Statement and Proposed Order is hereby adopted by the Court

4    as the Case Management Order for the case and the parties are ordered to comply with

5    this Order.  In addition, the Court orders the following:

6

7

8

9    DATED: August __, 2008          _____

10                                   United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28